IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

    **Plaintiff,**

v.                                                                           CASE NO. 23-3117-JWL

LAURA KELLY, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Adult Detention Facility in Wichita, Kansas ("SCADF"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 5, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until June 5, 2023, in which to show good cause why his Complaint should not be dismissed.

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that Plaintiff failed to allege that his conviction or sentence has been invalidated. In fact, he claims in his Complaint that his sentence has not been properly calculated to account for his jail credit, and although he "continued to address this issue that has been neglected to be resolved." (Doc. 1, at 2.)

Plaintiff has failed to respond to the MOSC by the Court's deadline. However, on May 22, 2023,[1] Plaintiff filed with this Court a pro se petition for writ of habeas corpus pursuant

---

[1] "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

1

to 28 U.S.C. § 2241. *See O'Quinn v. Easter*, Case No. 23-3128-JWL. The Court entered a Notice and Order to Show Cause in that case, noting that the Kansas Court of Appeals ("KCOA") reversed and remanded the Sedgwick County District Court's denial of Plaintiff's 60-1501 petition, with directions that the jail time credit in question should be credited to Plaintiff's 2016 case and the credit allocated to his 2011 case should be set aside. *Id*. at Doc. 4, at 2–3 (citing *O'Quinn v. State*, 2020 WL 6108419, at *4 (Kan. Ct. App. Oct. 16, 2020)). The Court's Notice and Order to Show Cause in Case No. 23-3128-JWL provides that:

> When the Court considers the information in the current § 2241 petition—some of which, like the existence of the relevant KCOA ruling, was not included in the complaint filed in the civil rights case—it is at least arguable that Petitioner may be able to seek relief under § 1983.
>
> * * * *
>
> [A]lthough Petitioner failed to respond to the MOSC in the civil rights case, the Court is hesitant to dismiss that matter in light of its current understanding of Petitioner's circumstances. Thus, the Court will issue an order in the civil rights case allowing Mr. O'Quinn the opportunity to file an amended complaint in that case which corrects the deficiencies identified in the MOSC and includes additional information regarding the KCOA opinion overturning the jail time credit misallocation, which is necessary to show that he is not barred by *Heck* from bringing a civil rights action.

*Id*. at Doc. 4, at 6–7.

Therefore, the Court will grant Plaintiff an extension of time to respond to the MOSC in this case. Plaintiff is also granted an opportunity to file an amended complaint that cures the deficiencies set forth in the MOSC and includes additional information regarding the KCOA opinion overturning the jail time credit misallocation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 13, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated in the Court's MOSC at Doc. 5.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 13, 2023,** in which to file a proper amended complaint that cures the deficiencies set forth in the Court's MOSC at Doc. 5.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated June 13, 2023, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**