IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Justin T. O'Quinn
　　　　　　Plantiff(s),

v. Laura Kelly,
　　　　　　Defendant(s),
et al Defendants

Case No. 23-3117-JWL

7/6/23

Warden: Joel Hrabe at all times relevant to this action was employed as Warden of Norton Correctional Facility, charged with the custody and care of the plaintiff. Warden Hrabe is the facilities highest authority responsible for the appointment, employment and oversight of facility staff and facility operations generally. And is the final appellate authority over inmate institutional grievances and concerns. At all times relevant to this complaint, Warden Hrabe acted under the color of state law.

On February 2, 2016 I Justin T O'Quinn was arrested for violating the Kansas Offender Registration Act. I was held in custody at the Sedgwick County Detention Facility from 02/02/2016 to 02/01/2017 on case # 16CR194 and a KDOC warrant. I was sentenced to 24 months in the Kansas Department of Corrections. Kansas provides a statutory right to jail time credit. State v. Hopkins, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Under K.S.A. 2019 Supp 21-6615(a), A defendants sentence starting date is computed to allow credit for "The time which the defendant has spent incarcerated pending the disposition of the defendant's case." The Supreme Court has clarified that a defendant is entitled to jail credit for all the time held in custody solely on the charge for which the defendant is being sentenced. State v. Harper, 275 Kan. 888, 890, 69 P.3d 1105 (2003). I was seen by the Kansas Prisoner Review Board on 03/06/2017. Then I was issued a 1 year violation and my 24 month was to commence on 10/01/2018. Post release supervision is suspended when a defendant is incarcerated unless the state revokes that post release supervision. White v. 23 Kan. App. 2d at 455. As a result when a defendant's post release supervision has not been revoked before sentencing on a new charge, Any jail time credit earned on the new charge must be

www.PrintablePaper.net

credited towards the new sentence-Not the older post release period or any undetermined administrative punishment later arising from a potential post release violation. State v. Bray, No. 119,560, 2019 WL 3756205, at *2 (Kan. App. 2019) In the 2015 Journal entry of Judgement it clearly states that I was awarded 365 days of jail credit towards case #11CR194 and if I had recieved credit for these dates in #11CR2794 then I was not eligible for duplicate credit in #11CR194. Post release in the #11CR2794 case was not revoked until 03/06/2017. After my #16CR194 case had already commenced on 02/01/2017. Therefore, my release date should have been calculated as 02/01/2019 excluding any jail or good time credit applied to that sentence. The Kansas Prisoner Review Board lost their jurisdiction when I was sentenced to case #16CR194 Before my post release supervision was revoked in case # 11CR2794. I was entitled to recieve credit for the jail time towards my sentence in the 2016 case. The Kansas Department of corrections incorrectly applied the 365 days against my post release supervision term in the 2011 case. The Kansas Court of Appeals has reversed the district courts order dismissing the K.S.A. 60-1501 petition and ordered the 365 days of jail-time served between 02/02/2016 and 02/01/2017 Be credited towards my sentence in the 2016 case. Due to the improper allocation of jail credit imposed by KDOC, This resulted in my sentence being Invalidated or otherwise called into Question. I believe Warden Hrabe violated my 5th Amendment, I was subjected for the same offense to be twice put in jeopardy of life, limb, I was deprived of life, liberty and property without due process of law. While being housed at Norton Correctional Facility under the custody and care of Warden Joel Hrabe in the Kansas Department Of Corrections.

07/06/23 Justin O'Quinn #104815