On 02/02/2016, I was arrested for violating the Kansas Offender Registration Act Known as #16CR194 in Sedgwick County, Kansas, I was in custody 365 days on the #16CR194 case and a KDOC warrant in the Sedgwick County Adult Detention Facility until 02/01/2017 when I was sentenced to 24 months in the Kansas Department of Corrections, Upon arrival on 03/06/2017 when I was seen by the Kansas Prisoner Review Board, My post release in the 2011 case was revoked for 1 year and was notified that my 2016 would commence on 10/01/2018, K.S.A. 75-5217- Deals with violation of parole, conditional release or post release supervision. This statute allows the Prisoner Review Board to require an inmate to serve a period of confinement, to be determined by the board, which shall not exceed the remaining balance of the post release supervision, So when a person is on Lifetime post release supervision the prisoner review board has authority to require that person to serve the remainder of his/her life in prison. The post release in the 2011 case was not revoked until 03/06/2017, After the

2016 case had already commenced on
02/01/2017, In the 2015 Journal entry of
Judgement it clearly states that I was held
in custody solely on the #116CA194 case and a
KDOC warrant and if I had recieved credit
for these dates in the 2011 case then duplicate
credit is not eligible in the 2016 case.
Post release is suspended when a defendant is
incarcerated, Unless the state revokes the post
the post release supervision, White 23 Kan App 2d at
455, As a result when a defendant's post release
supervision has not been revoked before sentencing
on a new charge, Any jail time credit earned on the
charge must be credited towards the new sentence,
Not the older post release period or any undetermined
administrative punishment later arising from a
potential post release violation. State v. Bray,
No. 119,560 2019 WL 3756205 at *2 (Kan App 2019),
K.S.A. 21-6615(A). A defendant's sentence starting
date is computed to allow credit for "The time which the
defendant has spent incarcerated pending the disposition
of the defendant's case" The Supreme Court has
clarified that a defendant is entitled to Jail credit
for all time held in custody solely on the
charge for which the defendant is being sentenced,

O'Quinn v. Kelly
Case No. 23-3117-JWL

The Supreme Court has noted that the Kansas Legislature clearly intended that post release is a period when the defendant is released into the community, Not a period while incarcerated and occurs after confinement, State v. Gaudina 284 Kan.354,362,160 P.3d 854 (2007), The Gaudina court explained that incarceration is incompatible with time served on post release supervision.

The Kansas Department of Corrections improperly applied the 365 days of Jail credit towards the 2011 case. The Kansas Prisoner Review Board lost their Jurisdiction when I was sentenced to case #16CR194 before my post release was revoked in the 2011 case. Therefore this has resulted in a improper execution of my release date in the #16CR194 case. These acts have been committed by the State of Kansas, et al, Prisoner Review Board, Joel Hrabe Warden of Norton Correctional Facility, while under the custody and care of the Kansas Department of Corrections, All of which at all times relevant to this complaint were acting under the color of State Law. I have been deprived of my 5th, 8th and 9th Amendment rights

PAGE 4

due to the loss of all of my material possessions, The time that has been lost and cannot be recovered, What should and could have been if negligence or Deliberate Indifference was not imposed by these individuals, As I was subject to be a witness to my own criminal case without due process of law or just compensation, I was deprived of life, liberty and was to be twice put in Jeopardy, As well as not given the chance to establish Bail wether excessive or not, While Cruel and Unusual punishments were inflicted and Certain rights were construed, denied as I was belittled in the constitution between 02/01/2017 to 03/10/2020.