On 02/02/2016 I was arrested for violating the Kansas Offender Registration Act, known as case No. 16CR194 in Sedgwick county, KS. I was in custody 365 days in the Sedgwick County Adult Detention Facility until 02/01/2017, when I was sentenced to 24 months in the Kansas Department of Corrections. Upon arrival on 03/06/2017 when I was seen by the Kansas Prisoner Review Board, Post release in the 11CR2794 case was revoked for 1 year. I was then notified that my 2016 case would commence on 10/01/2018.

K.S.A. 75-5217 deals with violation of parole, conditional release or post release supervision. This statute allows the Prisoner Review Board to require an inmate to serve a period of confinement to be determined by the Board, which shall not exceed the remaining balance of the post release supervision. So when a person is on lifetime post release supervision the Prisoner Review Board has authority to require that person to serve the remainder of his/her life in prison. Post release in the 11CR2794 case was not revoked until 03/06/2017. In the 2015 Journal Entry of Judgement it clearly states that I was

held on the 16CR194 case and a KDOC warrant from 02/02/2016 to 02/01/2017 and if i had recieved credit for these dates in the 2011 case then I was not eligible for duplicate credit in the 2016 case.

Post release is suspended when a defendant is incarcerated, Unless the state revokes the post release supervision. White 23, Kan App 2d at 455. As a result when a defendant's post release supervision has not been revoked before sentencing on a new charge must be credited towards the new sentence, Not the older post release period or any undetermined administrative punishment later arising from a potential post release violation. State v. Bray No.119,560 2019 WL 3756205 at *2 (Kan App.2019). A defendant's starting date is computed to allow credit for "The time which the defendant has spent incarcerated pending the disposition of the defendant's case". The Supreme court has noted that the Kansas Legislature clearly intended that post release is a period when the defendant is released into the community, Not a period while incarcerated and occurs after confinement. State v. Guadina 284

Kan 354,362,160 P.3d 854 (2007) The Gaudina court explained that incarceration is incompatible with time served on post release supervision.

Kansas Department of Corrections improperly applied the 365 days of Jail credit towards the 2011 case. The Kansas Prisoner Review Board lost their Jurisdiction when I was sentenced to case No. 16CR194 before the post release was revoked in the 11CR2794 case. Therefore this has resulted in a improper execution of my release date in case No. 16CR194. These acts have been committed by the State of Kansas, et al, Prisoner Review Board and Joel Hrabe Warden of Norton Correctional Facility while under the custody and care of the Kansas Department of Corrections. Between 02/01/2017 to 03/10/2020 All of which at all times relevant to this complaint were acting under the color of State Law. I have been deprived of my 5th, 8th, 9th Amendment rights due to the loss of all of my material possessions. What should and could have been if negligance or

O'Quinn v. Kelly
23-3117-JWL

PAGE 4

08-07-23

Deliberate Indifference wasn't imposed by these individuals listed
I was subject to be twice put in Jeopardy of life, limb as well as a witness to my own criminal case. I was deprived of life, liberty without due process of Law or any just compensation. I was deprived of a chance to establish Bail wether excessive or not while Cruel and Unusual punishments were inflicted, While my rights were construed, denied as I was belittled in the Constitution.