IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

    **Plaintiff,**

    v.                                               CASE NO. 23-3117-JWL

LAURA KELLY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas ("NCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 5, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until June 5, 2023, in which to show good cause why his Complaint should not be dismissed. The deadline was extended to July 13, 2023. (Doc. 6.) This matter is before the Court on Plaintiff's responses (Docs. 10, 11, 12, 13, and 14.) Plaintiff has also filed a motion for extension of time to file an amended complaint (Doc. 15).

Plaintiff alleges that on February 2, 2016, he was arrested for violating the Kansas Offender Registration Act and was sentenced on February 9, 2017, to a 24-month term of incarceration. Plaintiff alleges that upon arriving at the Kansas Department of Corrections ("KDOC") in March 2017, he was "revocated for 1 year and was notified [his] 24 month sentence would commence on October 1, 2018." (Doc. 1, at 2.) Plaintiff claims that in June 2019, he raised an issue about the failure to properly apply jail credit to his sentence, and he has been unable to resolve the issue.

1

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that Plaintiff failed to allege that his conviction or sentence has been invalidated.

Plaintiff failed to respond to the MOSC by the Court's deadline. However, on May 22, 2023,[1] Plaintiff filed with this Court a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See O'Quinn v. Easter*, Case No. 23-3128-JWL. The Court entered a Notice and Order to Show Cause in that case, noting that the Kansas Court of Appeals ("KCOA") reversed and remanded the Sedgwick County District Court's denial of Plaintiff's 60-1501 petition, with directions that the jail time credit in question should be credited to Plaintiff's 2016 case and the credit allocated to his 2011 case should be set aside. *Id*. at Doc. 4, at 2–3 (citing *O'Quinn v. State*, 2020 WL 6108419, at *4 (Kan. Ct. App. Oct. 16, 2020)). The Court's Notice and Order to Show Cause in Case No. 23-3128-JWL provides that:

> When the Court considers the information in the current § 2241 petition—some of which, like the existence of the relevant KCOA ruling, was not included in the complaint filed in the civil rights case—it is at least arguable that Petitioner may be able to seek relief under § 1983.
>
> * * * *
>
> [A]lthough Petitioner failed to respond to the MOSC in the civil rights case, the Court is hesitant to dismiss that matter in light of its current understanding of Petitioner's circumstances. Thus, the Court will issue an order in the civil rights case allowing Mr. O'Quinn the opportunity to file an amended complaint in that case which corrects the deficiencies identified in the MOSC and includes additional information regarding the KCOA opinion

---

[1] "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

> overturning the jail time credit misallocation, which is necessary to show that he is not barred by *Heck* from bringing a civil rights action.

*Id*. at Doc. 4, at 6–7.

Plaintiff has not submitted an amended complaint, but he has filed five responses to the Court's MOSC. Plaintiff alleges that the time he served from February 2, 2016 to February 1, 2017, was not properly credited to his sentence in Case No. 16-cr-194, and instead was credited towards Case No. 11-cr-2794 after his post-release supervision was revoked in that case. This resulted in the service of his 2016 sentence not commencing until October 1, 2018.

The KCOA agreed with Plaintiff's contention that "rather than crediting 365 days of jail time to his term of lifetime postrelease supervision from a prior 2011 criminal case, the Kansas Department of Corrections (KDOC) should have awarded that time as jail credit to his 2016 case." *O'Quinn v. State*, No. 122,236, 2020 WL 6108419, at *1 (Kan. Ct. App. Oct. 16, 2020). Because the jail credit was misapplied, the KCOA reversed the district court's denial of Plaintiff's 60-1501 petition. The KCOA reversed and remanded "with directions that the time O'Quinn was in jail from February 2016 through February 2017 be credited to the 2016 case." *Id*. The KCOA also ordered that any jail time "credited towards O'Quinn's postrelease supervision in the 2011 case for time served during this period be set aside." *Id*. at *4.

The KCOA mandate was issued on November 20, 2020, and on that same date Plaintiff was granted relief in his state 60-1501 petition. *See O'Quinn v. State*, Case No. 2019-cv-20 (District Court of Norton County, Kansas). Plaintiff attaches a May 3, 2023 Order to Amend the 2015 Journal Entry of Judgment from Case No. 2016-cr-194. (Doc. 11, at 4–5.) The order states that the journal entry is corrected "to reflect *by the order of the Court Granting Jail Credit filed on 05/03/23, jail credit of 365 days from 02/02/16 to 02/01/17 shall be applied to this case*

*pursuant to an appeal of a 60-1501 denial.*" *Id*. at 4.  A review of the docket in Case No. 16-cr-194 shows that the order granting jail credit was entered on May 3, 2023, and the order amending the judgment was entered on May 5, 2023.  *See State v. O'Quinn*, Case No. 2016-cr-194 (District Court of Sedgwick County, Kansas).

It is not clear how Plaintiff received credit towards his 2016 case after the KCOA's decision in 2020 or the May 2023 orders in his 2016 case.  It would seem that by these dates he would have already served the 2016 sentence without the credit.  However, it is not clear that Plaintiff actually spent time in custody that he would not have otherwise been required to serve.[2]  Plaintiff is currently incarcerated and it is unclear whether Plaintiff received credit for any time that he allegedly overserved.  *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017).  "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Id*. (citations omitted).  If Plaintiff is not entitled to seek damages related to his detention, then there is no injury that a favorable decision by a federal court may redress.  *See id*. at 918 (where judge ultimately found probable cause and denied bail, plaintiff would not have been entitled to release any sooner, and because her time in custody was later credited to a criminal sentence on another charge, plaintiff could not receive damages for time spent in custody after her arrest); *see also Jackson v. Ash*, 2019 WL 2605490, at *6 (D. Kan. 2019), *adopted* 2019 WL 2240450 (D. Kan. 2019) (stating that court was led to believe plaintiff was receiving credit for time served and "[w]ithout a redressable injury, Plaintiff lacks Article III standing to pursue these claims") (citing *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Ewell*, 853 F.3d at 917–18 (holding plaintiff had no standing to press unlawful detention claim where she received credit for time served); *Bridewell v. Eberle*, 730

---

[2]  It appears that Plaintiff was again charged with violating the offender registration act.  Case No. 2022-cr-1985 was filed on December 30, 2022, showing an offense date of March 1, 2022.  *See State v. O'Quinn*, Case No. 2022-cr-1985 (District Court of Sedgwick County, Kansas).  Plaintiff was sentenced in that case on May 3, 2023.

4

F.3d 672, 676–77 (7th Cir. 2013) (holding plaintiff could not receive damages for time spent in custody on a valid sentence)).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report.  The Report should focus on whether or not Plaintiff received credit toward a valid and lawful sentence for any time he allegedly overserved his 2016 sentence.  Once the Report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A. Plaintiff's request for an extension of time to file an amended complaint is denied without prejudice to refiling after the Report has been submitted and the Court has screened Plaintiff's claims in light of the Report.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for extension of time to file an amended complaint (Doc. 15) is **denied without prejudice.**

**IT IS FURTHER ORDERED THAT:**

(1) The KDOC shall submit the *Martinez* Report by **October 10, 2023.**  Upon the filing of that Report, the Court will screen Plaintiff's Complaint.  If the Complaint survives screening, the Court will enter a separate order serving defendants and setting an answer deadline.

(2) KDOC officials are directed to undertake a review of the subject matter of the Complaint:

      a.    To ascertain the facts and circumstances;

      b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

      c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)      Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)      Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)      No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)      Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated August 11, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**