Robert E. Wasinger, #15352
Legal Counsel, Department of Corrections
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, Kansas 67439
(785)877-6657

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN # 104815   )
       Plaintiff                  )
vs.                                      )
                                       )   Case No. 23-3117-JWL
                                       )
LAURA KELLY, et al.               )
       Defendants            )
_____)

**REPORT IN " MARTINEZ vs. AARON" INVESTIGATION
CIVIL RIGHTS COMPLAINT**

      This is an action brought by Justin O'Quinn, #104815, while confined at the Norton Correctional Facility (NCF), Norton, Kansas. The plaintiff remains confined at NCF as of the date of this report. (Exhibit **A**). Plaintiff's claim centers on a sentence computation issue that involves jail credit.

      The relevant facts in this matter are as follows:

      1.    The Plaintiff was convicted and sentenced in Sedwick County District Court Case No. 2011-CR-2794 for Aggravated Indecent Solicitation of a Child and sentenced to a 32 month sentence with Lifetime Post-release supervision. (Exhibit **B**).

2. After serving the 32-month sentence, the plaintiff on June 26, 2015, was released from prison to Post Release for Life. (Exhibit **C**).

3. While on post release for life in Case No. 2011-CR-2794, the plaintiff was convicted and sentenced in Sedgwick County District Court Case No. 2016-CR-194 for an Offender Registration violation and sentenced to a prison term of 24 months. (Exhibit **D**). The note at the bottom of pg. 3 of Journal Entry (JE) in 2016-CR-194 states:

> Note: From 02/02/2016 to02/01/17 defendant was held on 16CR194 and KDOC warrant. If defendant has received credit for these dates in 11CR2794, then he is not eligible for duplicate credit for these dates in 16CR194. (Exhibit D pg.3).

Below said "note" the JE indicates the sentence will be consecutive to Case No. 2011-CR-2794 to comply with K.S.A. 21-6606(c) that mandates the sentence in 2016-CR-194 be consecutive to the 2011-CR-2794 sentence, where in (c) states:

> (c) Any person who is convicted and sentenced for a crime while on probation, assigned to a community correctional services program, on parole, on conditional release or on post release supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release.

4. This is the point where the issue in the matter arises given the 2016 sentence must by statute run consecutive to the 2011 sentence, while the plaintiff was in jail from 2/2/2016, to 2/1/2017 (365 days) he either receives credit on the 2011 case or on the 2016, but he would not be eligible to receive credit on both sentences. The KDOC award the period of time between 2/2/2016 to 2/1/2017 as credit on the 2011 case.

Justin O'Quinn #104815 v Laura Kelly et al.  
Case No. 23-3117-JWL

MARTINEZ REPORT - Page 2

5.  K.S.A. 75-5217(c) states:

> (c) If the violation results from a conviction for a new felony, upon revocation, the inmate shall serve a period of confinement, to be determined by the prisoner review board, which shall not exceed the remaining balance of the period of post release supervision, even if the new conviction did not result in the imposition of a new term of imprisonment.

6.  So when the plaintiff is received back into the custody of the KDOC in February, 2017 the Inmate Data Summary under Summary comments: "2/9/2017 – off. must see PRB and be paroled to the new case 16-CR-194" (Exhibit **E**).

7.  On March 21, 2017, the Prison Review Board (PRB) revokes the plaintiff's post release that he is serving on the 2011 case to April of 2018. (Exhibit **F**).

8.  Then about a year later on March 6, 2018, the PRB grants the plaintiff parole to the determinate sentence on or after October 1, 2018. Note that the new determinate sentence is the 24 month sentence in 16-CR-194. (Exhibit **G**).

9.  The plaintiff then filed a habeas corpus petition pursuant to K.S.A. 60-1501 in Norton County District Court Case No. 2019-CV-20 challenging the KDOC calculation of his sentence in 16-CR-194 and the life time post release supervision in 11-CR-2794. The Norton County District Court denied his requested relief finding the KDOC computation was correct. (Exhibit **H**).

10. The plaintiff appealed the 1501 decision in 19-CV-20 to the Court of Appeals (KCOA) which reversed and remanded with directions to the Norton County District Court. (Exhibit **I**). Although the KCOA decision credited the 365 days the plaintiff was confined in the Sedgwick County Jail to the 16-CR-194 case, they also ordered that any jail time

credited towards the plaintiff's post release supervise in the 16-CR-2794 case be set aside. The plaintiff was not to receive credit on both the 16-CR194 case and the 11-CR-2794 case for the period of 2/2/2016 to 2/1/2017- in other words – no duplicate credit for that period of time.  On remand, the Norton District Court ordered the 365 days of jail credit to 16-CR-194 and set aside that same period of time that had been awarded to the 11-CR-2794 case. (Exhibit **J**).

11. The KCOA decision was released on October 11, 2020 and the Norton District Court's order upon remand was issued November 30, 2020; however by then, the plaintiff had already been released from prison since March 10, 2020. (Exhibit **K**).

12. Which brings us to the crux of this matter, in that even if the decision of KCOA had occurred prior to his release, it would not have changed his March 10, 2020, release date, because there was only an exchange or shuffling of jail credit between the 11-CR-2794 case and the 16-CR-194 case.

13. Presently, the plaintiff is again incarcerated on another registration violation conviction setting the stage for the same scenario.  However, the last legislative session an amendment to K.S.A. 22-3722 was introduced and passed; directing that the jail credit in cases like the plaintiff's will be awarded to post release case rather than to the case involving the new charge(s).  (Exhibit **L**).

In conclusion, the plaintiff did not "overserve" his sentences because by statute his 16-CR-194 is consecutive to his 11-CR-2794 case, so this period of time was merely shuffled between the new sentence and the life time post release on the earlier sentence. Other cases like the plaintiff's have occurred and the issue has been addressed by amendment to K.S.A. 22-3722.

Respectfully submitted,

Date: November 9, 2023

/s/ Robert E. Wasinger
Robert E. Wasinger, #15352
Legal Counsel
Department of Corrections
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, KS  67439
(785)877-6657
Limited Appearance for
"Martinez Report"

Justin O'Quinn #104815 v Laura Kelly et al.
Case No. 23-3117-JWL

MARTINEZ REPORT - Page 5

Case No. 23-3117-JWL

Robert E. Wasinger, #15352
Legal Counsel, Department of Corrections
Ellsworth Correctional Facility
P.O. Box 107
Ellsworth, Kansas 67439
(785)877-6657

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN TYLER O'QUINN # 104815 )<br>          Plaintiff          )<br>vs.                               )<br>                                  )    Case No. 23-3117-JWL<br>                                  )<br>LAURA KELLY, et al.           )<br>          Defendants          )<br>_____)| |

## EXHIBIT LIST

A. KASPER for Justin O'Quinn # 104815
B. Journal Entry Sedgwick County District Court Case No. 2011-CR-2794
C. Prison Review Board (PRB) Certificate of Release 6/26/2015
D. Journal Entry Sedgwick County District Court Case No. 2016-CR-194
E. Inmate Data Summary 2/27/2017
F. PRB Violation Hearing Action Notice 3/4/2017
G. PRB Action Notice 3/16/2018
H. 10/25/2019 Order From Norton County District Court Case No. 2019-CV-20
I. Kansas Court of Appeals Case No. 122, 236 10/16/2020
J. 11/30/2020 Order from Norton County District Court Case No. 2019-CV-20
K. PRB Certificate of Release 3/10/2020
L. Amendment to K.S.A. 22-3722

I, Robert E. Wasinger, certify that the attached are true and correct copies of records kept in normal course of business by the Kansas Department of Corrections and the published Kansas State Annotated; Kansas Administrative Regulation and Kansas Department of Corrections Internal Management Policy and Procedure.

Robert E. Wasinger, Legal Counsel
Ellsworth Correctional Facility

State of Kansas
County of Ellsworth

Subscribed and sworn before me on this 9th day of November, 2023.

Vickie L. Haun, Notary

My commission expires on September 20, 2026

NOTARY PUBLIC - State of Kansas
VICKIE L. HAUN
My Appt. Expires 9-20-26

Exhibit List, pg. 2