EXHIBIT ___A___
PAGE ___1___ OF ___5___

## Names

| Name Type | Name |
|-----------|------|
| Conviction | OQUINN, JUSTIN T |
| True | OQUINN, JUSTIN TYLER |
| Alias | O QUINN, JUSTIN T |
| Alias | O'QUINN, |
| Alias | QUINN, JUSTIN O |
| Alias | OQUINN, JUSTIN |



(/kasper/search/image?
kdocNumber=0104815&imageNumber=1)

**OQUINN, JUSTIN T**

**Approx Picture Date**

2020-03-04

## Identification

| KDOC # | SID Num | FBI Num |
|--------|---------|---------|
| 0104815 | 938654 | 716821MD5 |

## Birthdates

| Birthdate Type | Birthdate | Age |
|----------------|-----------|-----|
| True | May 14, 1989 | 34 |

## Demographics

| Eye Color | Hair Color | Height | Weight | Gender | Race |
|-----------|------------|--------|--------|--------|------|
| Brown | Black | 5'-11" | 240 | Male | White |

## Current Status reported by Dept. of Corrections

Work or Program Participation  Working in a job

Earliest Possible Release Date (1)

Current Status  Incarcerated

11/9/23, 10:54 AM                                    Kansas Department of Corrections

**Admission Date** | May 31, 2023

EXHIBIT ___A___
PAGE ___2___ OF ___5___

**Current Location (2)** | **Norton CF-Central (http://www.doc.ks.gov/facilities/ncf)**

**Custody Level** | LMD Low Medium

**(1) This date could be affected by a parole board decision or good time and/or program credit.**
**(2) Click on Location for the Facility web site.**

## Convictions

| County | Case Number (I) | Offense Date | Sentencing Date | ACS | Criminal Conviction Description | Counts | Crime Severity Level | Case Status (II) | State |
|--------|-----------------|--------------|-----------------|-----|-------------------------------|--------|---------------------|------------------|-------|
| Sedgwick | 11CR2794 | Aug 31, 2010 | Jan 15, 2013 | N/A | Aggravated Indecent Solicitation of a child | 1 | Non Drug-Grid Severity Level 5 | Active | KS |
| Sedgwick | 11CR2794 | Aug 31, 2010 | Jan 15, 2013 | N/A | Aggravated Indecent Solicitation of a child | 1 | Non Drug-Grid Severity Level 5 | Active | KS |
| Sedgwick | 16CR194 | Dec 01, 2015 | Feb 01, 2017 | N/A | Violtn of the KS Offndr Registration Act 1st cnv | 1 | Non Drug-Grid Severity Level 6 | Active | KS |
| Sedgwick | 22CR1985 | Mar 01, 2022 | May 03, 2023 | N/A | Violtn of the KS Offndr Registration Act 2nd cnv | 1 | Non Drug-Grid Severity Level 5 | Active | KS |

(I) If Number includes  JV  : Extended juvenile jurisdiction adjudications with adult prison sentences stayed, then imposed.
(II) If Status includes * : Denotes Active for Post Release Supervision Only.

## KDOC Physical Location History(s)

| Location | Movement Date | Movement Reason |
|----------|---------------|-----------------|
| Norton CF-Central | Jul 03, 2023 | Inter-Facility Movement |
| El Dorado CF-RDU | May 31, 2023 | Parole Viol. New Sentence |
| Sedgwick County | Dec 30, 2022 | DOC Warrant Issued |

| Location | Movement Date | Movement Reason |
|---|---|---|
| Sedgwick County | Dec 29, 2022 | DOC Warrant Issued |
| Unknown or N/A | Jan 17, 2022 | Absconded |
| Sedgwick County | Jan 04, 2022 | DOC War. Wthdrwn Supervsn I/S |
| Sedgwick County | Jan 04, 2022 | Intra-parole/CR |
| Sedgwick County | Dec 21, 2021 | DOC Warrant Issued |
| Unknown or N/A | Dec 03, 2021 | Absconded |
| Sedgwick County | Oct 19, 2021 | DOC War. Wthdrwn Supervsn I/S |
| Sedgwick County | Oct 19, 2021 | Intra-parole/CR |
| Sedgwick County | Sep 22, 2021 | DOC Warrant Issued |
| Sedgwick County | Sep 22, 2021 | DOC Warrant Issued |
| Sedgwick County | Mar 10, 2020 | In-State Post Release |
| Norton CF-Central | Jul 11, 2017 | Inter-Facility Movement |
| Hutchinson CF-Central | Jun 01, 2017 | Inter-Facility Movement |
| Hutchinson CF-East | Apr 26, 2017 | Inter-Facility Movement |
| Hutchinson CF-Central | Apr 24, 2017 | Inter-Facility Movement |
| El Dorado CF-RDU | Feb 08, 2017 | Parole Viol. New Sentence |
| Sedgwick County | Feb 02, 2016 | DOC Warrant Issued |
| Unknown or N/A | Oct 23, 2015 | Absconded |
| Sedgwick County | Jun 26, 2015 | In-State Post Release |
| Lansing CF-Central | Jun 10, 2015 | Inter-Facility Movement |
| Lansing CF-East | Mar 12, 2015 | Inter-Facility Movement |
| Lansing CF-Central | Mar 11, 2015 | Inter-Facility Movement |
| Lansing CF-East | Feb 13, 2015 | Inter-Facility Movement |
| Lansing CF-Central | Feb 12, 2015 | Inter-Facility Movement |
| Lansing CF-East | Sep 08, 2014 | Inter-Facility Movement |
| Lansing CF-Central | Sep 07, 2014 | Inter-Facility Movement |
| Lansing CF-East | Nov 05, 2013 | Inter-Facility Movement |

11/9/23, 10:54 AM                                     Kansas Department of Corrections

EXHIBIT A
PAGE 4 OF 5

| Location | Movement Date | Movement Reason |
|---|---|---|
| Larned Correctional Mental Health Facility | Mar 14, 2013 | Inter-Facility Movement |
| Hutchinson CF-Central | Mar 11, 2013 | Inter-Facility Movement |
| El Dorado CF-RDU | Jan 30, 2013 | New Court Commitment |

# KDOC Disciplinary Report(s) since January 1996

| Date | Class | Location | Type of report |
|---|---|---|---|
| Jul 31, 2023 | 2 | Norton Correctional Facility - Central | Unauthorized Dealing or Trade |
| Oct 06, 2019 | 1 | Norton Correctional Facility - Central | Theft |
| Oct 06, 2019 | 1 | Norton Correctional Facility - Central | Dangerous Contraband |
| Sep 24, 2019 | 2 | Norton Correctional Facility - Central | Less Dangerous Contraband |
| Sep 16, 2019 | 2 | Norton Correctional Facility - Central | Lying |
| Sep 16, 2019 | 2 | Norton Correctional Facility - Central | Restr Area/Unauth Presence |
| May 05, 2019 | 2 | Norton Correctional Facility - Central | Less Dangerous Contraband |
| Feb 18, 2019 | 2 | Norton Correctional Facility - Central | Less Dangerous Contraband |
| Dec 20, 2018 | 3 | Norton Correctional Facility - Central | Violation of Published Orders |
| Oct 18, 2018 | 1 | Norton Correctional Facility - Central | Tobacco Contraband Possession |
| Oct 18, 2018 | 2 | Norton Correctional Facility - Central | Less Dangerous Contraband |
| Oct 17, 2018 | 1 | Norton Correctional Facility - Central | Dangerous Contraband |
| Oct 17, 2018 | 2 | Norton Correctional Facility - Central | Less Dangerous Contraband |
| Oct 17, 2018 | 1 | Norton Correctional Facility - Central | Disobeying Orders |
| Oct 17, 2018 | 1 | Norton Correctional Facility - Central | Threaten or Intim Any Person |
| Apr 30, 2018 | 2 | Norton Correctional Facility - Central | Work Performance |
| Nov 17, 2017 | 2 | Norton Correctional Facility - Central | Unauthorized Dealing or Trade |
| Mar 13, 2015 | 1 | Lansing Correctional Facility - East | Disobeying Orders |
| Feb 24, 2015 | 2 | Lansing Correctional Facility - Central | Work Performance |
| Feb 15, 2015 | 3 | Lansing Correctional Facility - East | Rest Area/Unauth Presence |

Kansas Department of Corrections

EXHIBIT
PAGE _____ A
5 OF 5

| Date | Class | Location | Type of report |
|------|-------|----------|----------------|
| Dec 21, 2014 | 2 | Lansing Correctional Facility - East | Restr Area/Unauth Presence |
| Dec 04, 2014 | 1 | Lansing Correctional Facility - East | Disobeying Orders |
| Dec 04, 2014 | 1 | Lansing Correctional Facility - East | Tobacco Contraband Possession |
| Oct 16, 2014 | 2 | Lansing Correctional Facility - East | Restr Area/Unauth Presence |
| Aug 08, 2014 | 1 | Lansing Correctional Facility - East | Disobeying Orders |
| Aug 08, 2014 | 2 | Lansing Correctional Facility - East | Restr Area/Unauth Presence |
| Aug 05, 2014 | 1 | Lansing Correctional Facility - East | Theft |
| Mar 04, 2014 | 1 | Lansing Correctional Facility - East | Tobacco Contraband Possession |
| Sep 21, 2013 | 2 | Larned Correctional Mental Health Fac. | Restr Area/Unauth Presence |
| Aug 27, 2013 | 1 | Larned Correctional Mental Health Fac. | Theft |
| Aug 27, 2013 | 2 | Larned Correctional Mental Health Fac. | Work Performance |
| Aug 13, 2013 | 3 | Larned Correctional Mental Health Fac. | Answering Calls or Passes |
| Jul 25, 2013 | 2 | Larned Correctional Mental Health Fac. | Lying |
| Jul 01, 2013 | 2 | Larned Correctional Mental Health Fac. | Taking W/O Permission |
| May 24, 2013 | 2 | Larned Correctional Mental Health Fac. | Less Dangerous Contraband |
| May 20, 2013 | 2 | Larned Correctional Mental Health Fac. | Work Performance |

SRW/kjs

EXHIBIT _B_
PAGE _1_ OF _4_
SECRETARY OF CORRECTIONS

# IN THE EIGHTEENTH JUDICIAL DISTRICT COURT
## SEDGWICK COUNTY, KANSAS

FILED JAN 8 0 2013

APP DOCKET NO. _____

### 2010 JOURNAL ENTRY OF JUDGMENT

2013 JAN 23 P 4: 07

CLERK OF DISTRICT COURT
SEDGWICK COUNTY, KA...

| SECTION I.  CASE IDENTIFYING INFORMATION | | Transaction Number: A3087F1185111 | |
|---|---|---|---|

| STATE v.  JUSTIN T. O'QUINN  ☒ Male  SSN:  XXX-XX-5617  ADDRESS:   2218 North Amarado Court  Wichita, KS 67205 | | Court O.R.I. Number  KS087025G | K.B.I. Number  938654 |
|---|---|---|---|

| County  SEDGWICK | Court Case Number  11CR2794 | Sentencing Judge  GREGORY L. WALLER | Sentencing Date  01/15/13 |
|---|---|---|---|

| Defense Counsel: | ☒ Appointed | Counsel Name:  Monique K. Centeno |
|---|---|---|

**Type of Proceeding:**   ☒ Nolo Contendere Plea

**Date of Conviction:**   11/29/12

**Pre-Trial Status of Offender:**   ☒ Released on Bond

## SECTION II.  CRIMINAL HISTORY CLASSIFICATION

**Offender's Overall Criminal History Classification as Found by the Court:**   ☒ I

**Objections to Criminal History?**   ☒ No

## SECTION III.  CURRENT CONVICTION INFORMATION

**Name of PRIMARY Offense of Conviction:**

AGGRAVATED INDECENT SOLICITATION OF A CHILD

Count No.: _1_          Date Of Offense: _Between 06/01/10 and 08/31/10_

**K.S.A. Title, Section, Subsection(s):**   21-3511 (a)

**Grade of Offense:**   ☒ Felony, Severity Level _5_     ☒ Person

**Offense Category:**   ☒ Nondrug

**Presumptive Sentencing Range:**

Mid _32_          High _34_          Low _31_          ☒ Border Box

**SENTENCE IMPOSED:**

**Guideline Range Imposed:**   ☒ Mid

**Prison Term:**   KDOC   _32_ months   ☒ Prison sentence imposed.

State vs. Justin T. O'quinn
Case No. 11CR2794
- Page - 2 -

| Postrelease Supervision Term: | ☒ Lifetime Postrelease |
|---|---|

**Name of ADDITIONAL Offense of Conviction:**

AGGRAVATED INDECENT SOLICITATION OF A CHILD

Count No.: ___2___          Date Of Offense: __Between 06/01/10 and 08/31/10__

| Sentences Concurrent or Consecutive: | ☒ Concurrent to Count(s): ___1___ |
|---|---|

| K.S.A. Title, Section, Subsection(s): | 21-3511 (a) |
|---|---|

| Grade of Offense: | ☒ Felony, Severity Level ___5___ | ☒ Person |
|---|---|---|

| Offense Category: | ☒ Nondrug |
|---|---|

**Presumptive Sentencing Range:** (Use Criminal History Classification "I" for non-primary convictions.)

Mid ___32___   High ___34___   Low ___31___   ☒ Border Box

**SENTENCE IMPOSED:**

| Guideline Range Imposed: | ☒ Mid |
|---|---|

| Prison Term:    KDOC    ___32___ months | ☒ Prison sentence imposed. |
|---|---|

| Postrelease Supervision Term: | ☒ Lifetime Postrelease |
|---|---|

## SECTION V. OTHER CONDITIONS

**Costs Ordered:**

| | | |
|---|---|---|
| Court Costs | $ | 197.00 |
| DNA Database Fee | $ | 200.00 |
| Witness Fees | $ | 20.00 |
| BIDS Attorney Fees | $ | Waived |
| BIDS Application Fee | $ | 100.00 |
| Booking/Fingerprint Fee | $ | 33.00 |

## SECTION VI. RECAP OF SENTENCE

**Sentence Imposed:**

Total Prison Term (if sentence imposed is to prison): ___32___ months

**Good Time Credit:**
☒   For each count, the Court pronounced the complete sentence, including the maximum potential good time percentage.
[K.S.A. 2010 Supp. 21-4704(e)(2) and 21-4705(c)(2)]
☒ 15%

| Postrelease Supervision Term: | ☒ Lifetime Postrelease |
|---|---|

**Jail Credit:**

| Location | | Dates in Custody | Number of Days | Awarded/Not Awarded |
|---|---|---|---|---|
| __J__ | Sedgwick County Jail | 09/23/11 to 10/26/11 | 34 | ☒ A |

Sentencing Date: __01/15/11__ - Total Number of Days of Jail Credit Actually Awarded __34__ = Sentence Begins Date: __12/12/12__

State vs. Justin T. O'quinn
Case No. 11CR2794
Page - 3 -

EXHIBIT _B_
PAGE _3_ OF _4_

**Miscellaneous Provisions:**

☒ Defendant informed of right to appeal within 14 days of this date. K.S.A. 22-3608.

☒ Defendant informed of potential rights of expungement under K.S.A. 2010 Supp. 21-4619(g).

☒ Defendant informed of the prohibition against carrying a firearm pursuant to K.S.A. 21-4204 and amendments thereto.

☒ Defendant informed of duty to register as an offender pursuant to the Kansas Offender Registration Act, K.S.A. 22-4901 et seq. K.S.A. 22-4905(b)(2).

    **OFFENDER REGISTRATION SUPPLEMENT INFORMATION:**

    _5_   Enter age of victim [K.S.A. 2011 Supp. 22-4904 (a)(4)]

    Section A: Registration Requirement: K.S.A. 2011 Supp. 22-4902(a)

    ☒    Offender required to register due to **SEX OFFENDER** status as indicated by any of the following:
        *Conviction of any of the following sexually violent crimes or adjudication as a juvenile offender for an act which if committed by an adult would constitute a sexually violent crime, <u>UNLESS the court finds on the record that the act involved non-forcible sexual conduct, the victim was at least 14, and the offender not more than 4 years older than the victim:</u>*
        ☒ Aggravated Indecent Solicitation of a Child - K.S.A. 2011 Supp. 21-5508

    Section B: Registration Terms: K.S.A. 2011 Supp. 22-4906

    **Offender is subject to LIFETIME registration due to any of the following:**
    ☒ Conviction of any of the following crimes:
        ☒ Aggravated Indecent Solicitation of a Child - K.S.A. 2011 Supp. 21-5508

☒ Defendant must submit specimens of blood or an oral or other biological sample pursuant to K.S.A. 21-2511, if not previously submitted. K.S.A. 21-2511(c)

☒ Defendant has been processed, fingerprinted and palmprinted. K.S.A. 2010 Supp. 21-2501(b).

☒ Court remands defendant to custody of Sheriff to await transportation to the custody of the Secretary of Corrections.

☒ Defendant's financial resources and burden imposed by BIDS application and attorney fees considered by the court pursuant to K.S.A. 22-4513 and State v. Robinson, 281 Kan. 538, 132 P.3d 934 (2006).

**Additional Comments:**

Count 1 is amended from Aggravated Criminal Sodomy, Off-grid Felony; to, Aggravated Indecent Solicitation Of A Child, Severity Level 5 Felony.

Count 2 is amended from Rape, Off-grid Felony; to, Aggravated Indecent Solicitation Of A Child, Severity Level 5 Felony.

Counts 3, 4, and 5 are dismissed.

**SECTION VII. SIGNATURES** Clerk of the District Court. The above

is on file or at record in this court.
Dated this _23_ day of _January_, _2013_
CLERK OF THE DISTRICT COURT
18th JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS
By _____

**GREGORY L. WALLER**

GREGORY L. WALLER
JUDGE OF THE DISTRICT COURT

DATE

DISTRICT COURT
SEAL
SEDGWICK COUNTY KANSAS

State vs. Justin T. O'quinn
Case No. 11CR2794
Page - 4 -

| | |
|---|---|
| **SHANNON R. WILSON, #19353**<br>**Assistant District Attorney**<br><br>Address:   Sedgwick County Courthouse<br>         535 North Main<br>         Wichita, Kansas  67203<br><br>Phone No.:   (316) 660-3600 | **MONIQUE K. CENTENO, #22082**<br>**Attorney For Defendant**<br><br>Address:   604 N. Main, Suite D<br>         Wichita, Kansas  67203<br><br>Phone No.:   (316) 264-8700 |

EXHIBIT __C__
PAGE __1__ OF __2__

# KANSAS PRISONER REVIEW BOARD



## CERTIFICATE OF RELEASE

### Post Release

Offender Name: OQUINN,JUSTIN,T    Number: 0104815

Post Release
Pursuant to 1992 Session Laws of Kansas, Chapter 239, Section 22, the above-named offender is entitled to release after application of earned and retained good time credits on 06/26/2015. UPON RELEASE, the above-named inmate shall be under the jurisdiction of the Kansas Prisoner Review Board and the Secretary of Corrections until expiration of the period of post release supervision, plus the amount of good time and program credits earned and retained by the inmate pursuant to K.S.A. 22-3717 and K.S.A. 21-6821 and amendments thereto, to wit: **99/99/9999**

FOR ALL RELEASEES: The releasee is expected to demonstrate capacity and willingness to fulfill obligations of a law-abiding citizen. If conditions of release are violated, he or she may be taken into custody on a warrant issued by the Secretary of Corrections and reimprisoned pending a hearing to determine if release should be revoked pursuant to K.S.A. 75-5217. It is also to be understood that this certificate in no way prevents delivery of the releasee to authorities otherwise entitled to custody, and if released to a detainer, the Secretary of Corrections should be notified when a disposition of the case has been made.

Given this 12th day of June, 2015                    KANSAS PRISONER REVIEW BOARD

By _____
                                                              Administrator

DEPARTMENT OF CORRECTIONS/Division of Community Correctional Services

The above inmate was released on 06/26/2015 at 09:00:00 AM. You shall report within 4 hours of your release to the following parole office/officer:
   TAYLOR ASHPOLE  WICHITA PAROLE/RE-ENTRY OFFICE  212 South Market  Wichita  Kansas  67202
                                    316-262-5127

Special Instructions: None

_____                    _____
      (Inmate Signature)                              Witness (Institutional Official)

HOMELESS WICHITA, KANSAS

(Address on Release)

EXHIBIT ___C___
PAGE ___2___ OF _2_

## Conditions of Release for Parole and Post-Incarceration Supervision

I acknowledge that I have been ordered and directed to:

**1. Reporting, Travel, and Residence:**
- Report as directed to the assigned parole officer upon release from the institution or detainer and thereafter, report on a regular basis as directed by my parole officer.
- Reside only at my approved plan upon release from the institution and keep my residence there until given permission by my parole officer to relocate.
- Keep my parole officer continuously informed of my residence and employment.
- Obtain advanced permission from my parole officer to travel outside of my assigned parole district or the state of Kansas.

**2. Laws:**
- Obey all federal and state laws, municipal or county ordinances, including the Kansas Offender Registration Act and the DNA Collections Act.
- Notify my parole officer at the earliest opportunity, if I have any law enforcement contact for any reason.

**3. Weapons:**
- Not own, possess or constructively possess, purchase, receive, sell or transport any firearms, ammunition or explosive device, any device designed to expel or hurl a projectile capable of causing injury to persons or property, any instrument or tool used with the intent to cause harm, any weapon prohibited by law. Limitations include knives which can be automatically opened by the user, knives which are disguised as common items, or any knife with a blade longer than two inches in length. Exceptions to the restrictions are knives related to employment, which may be used and carried only in connection with employment, and kitchen knives when used as intended for food preparation or consumption.

**4. Personal Conduct:**
- Not engage in assaultive activities, violence, or threats of violence of any kind, threatening or intimidating behaviors, or lewd and lascivious behaviors.

**5. Narcotics/Alcohol:**
- Not possess, use, or traffic in any controlled substances or other drugs as defined by law and not prescribed for me by a licensed medical practitioner.
- Not consume any mind-altering substances, including, but not limited to alcoholic beverages, wine, beer, glue, or paint.
- Consent to submit to a blood, Breathalyzer or urine test at the direction of the parole officer.
- Not tamper, falsify or dilute such a test.

**6. Association:**
- Not associate with persons actively engaged in illegal activity.
- Obtain written permission from the parole officer and institutional administrator to visit or correspond with inmates of any correctional institution.

**7. Employment:**
- Secure and maintain reasonable, steady employment within 45 days of my release from prison or residential treatment unless excused for medical reasons or an extension of time is given by my parole officer.
- Notify my employer of my current and prior (non-expunged) adult felony convictions and status as an offender.

**8. Education:**
- Make progress toward or successfully complete the equivalent of a secondary education (GED certificate) if I have not completed such by the time of my release and I am capable, as directed by my parole officer.

**9. Costs:**
- Pay restitution, court costs, supervision fees, and other costs as directed by my parole officer.

**10. Treatment, Programs and Placement:**
- Follow any directives given by my parole officer regarding assessment, referral, and placement for treatment, programs, or housing.
- Comply with all aftercare recommendations and my relapse prevention plan.
- Submit to polygraph examinations as directed by my parole officer and/or treatment provider.

**11. Victim:**
- No contact with the victim(s) in my case(s) or the victim's family by any means including, but not limited to, in person, by phone, via computer, in writing or through a third party without the advance permission of my parole officer.

**12. Search:**
- Be subjected to a search of my person, residence, and any other property under my control by parole officers, any authorized parole staff, and department of corrections enforcement, apprehension and investigation officers with or without a search warrant and with or without cause.
- Be subjected to a search of my person, residence, and any other property under my control by any law enforcement officer based on reasonable suspicion of violation of conditions of post-incarceration supervision, or reasonable suspicion of criminal activity.

Special Conditions are determined in accordance with case management strategies with an emphasis on criminogenic risk reduction activities.

**Special Conditions:** I acknowledge that I have been ordered and directed to abide by the Kansas Prisoner Review Board (PRB) special conditions set forth below, and any additional special conditions imposed by my parole officer at any time during the duration of my post-incarceration supervision.

I acknowledge that I have been ordered and directed not to have contact with minor children without advanced permission from my parole officer and after consulting with the treatment provider.

I acknowledge that I have been ordered and directed to enter, participate in and successfully complete the assessed level of the sex offender treatment program and follow all recommendations unless the Sex Offender Override Panel exempts me from this requirement.

I acknowledge that I have been ordered and directed not to possess any pornographic materials. Pornographic materials are defined as any obscene material or performance depicting sexual conduct, sexual contact or a sexual performance; and any visual depiction of sexually explicit conduct. For the purpose of this special condition: "Sexually Explicit Conduct" means actual or simulated; exhibition in the nude; sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex; masturbation; sado-masochistic abuse with the intent of sexual stimulation; or lewd exhibition of the genitals, female breasts or pubic area of any person. "Performance" means any film, photograph, negative, slide, book, magazine or other printed or visual medium, any audio tape recording or any photocopy, video tape, video laser disk, computer hardware, software, floppy disk or any other computer related equipment or computer generated image that contains or incorporates in any manner any film, photograph, negative, photocopy, video tape or video laser disk or any or other live presentation; and "Visual Depiction" means any photograph, film, video picture, digital or computer-generated image or picture, whether made or produced by electronic, mechanical or other means. As required by your parole officer, you shall also be responsible for complying with all applicable provisions of the KDOC Sex Offender Handbook promulgated by IMPP 11-115.

I agree to comply with the recommendations for placement in treatment or aftercare per my substance abuse evaluation as directed by my parole officer.

I understand that if I have been granted parole and I then reach my conditional release date, my status will automatically be that of a conditional release and that all conditions of parole will continue to apply to me. I understand that pursuant to K.S.A. 2001 Supp. 21-4619, as amended by L. 2002 Ch. 163, Sec 2, I may be eligible to have this conviction expunged subsequent to discharge.

I have read, or had read to me, the above conditions of my release. I fully understand them and will abide by them to the best of my ability. I realize that if I violate them, I may be arrested on a warrant issued by the Secretary of Corrections and reimprisoned pending a hearing before the Kansas Prisoner Review Board to determine if my release should be revoked. I understand that I will be afforded a preliminary hearing whenever necessary, to determine if I have violated any conditions, unless I choose to waive this hearing or the court determines a violation by due process of law. I also agree that if I leave the state of Kansas without permission or am ordered to return from Kansas to another state, I will not contest any effort to be returned. I hereby waive any right to extradition in connection with my return to Kansas for disposition of any charge of violation of parole or post release supervision conditions. If I am placed in a treatment program while under supervision I agree to authorize the release of any information pertinent to my case from the staff of the treatment facility to my parole officer, Secretary, or Kansas Prisoner Review Board. I also agree to make myself available for disposition of the charges contained in any detainer that I may have lodged against me at the time of my release.

_____
Inmate Signature

WITNESS: _____
Institutional Official

Number: 0104815

Date: 6-16-15

Offender Name: OQUINN,JUSTIN,T Number: 0104815

06/12/2015

*SOC*

**ELECTRONICALLY FILED**
2017 Feb 03 AM 8:29
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2016-CR-000194-FE

EXHIBIT __D__
PAGE __1__ OF __4__





| | |
|---|---|
| **Court:** | Sedgwick County District Court |
| **Case Number:** | 2016-CR-000194-FE |
| **Case Title:** | State of Kansas vs. Justin T O'Quinn |
| **Type:** | 2015 Journal Entry of Judgment |

SO ORDERED.

/s/ Honorable, Ben Burgess, District Judge

Electronically signed on 2017-02-03 08:29:13    page 1 of 4

STATE OF KANSAS
SEDGWICK COUNTY
I hereby certify that the foregoing is a true
and correct copy of the original instrument
on file in this court. Dated: 2/3/17
Clerk of the District Court
By _____ #21

SEAL
DISTRICT COURT
SEDGWICK COUNTY KANSAS

RRS/kjs

EXHIBIT ___D___
PAGE __2__ OF __4__
FEB 0 8 2017

# IN THE EIGHTEENTH JUDICIAL DISTRICT COURT
## SEDGWICK COUNTY, KANSAS

## 2015 JOURNAL ENTRY OF JUDGMENT

| SECTION I.  CASE IDENTIFYING INFORMATION | Transaction Number:  3087G1629006 |
|---|---|

| STATE v.  JUSTIN T. O'QUINN  ☒ Male | Court O.R.I. Number | K.B.I. Number |
|---|---|---|
| SSN: XXX-XX-5617<br>ADDRESS:   2218 North Amarado Court<br>Wichita, KS 67205    ID4815 | KS087025G | 938654 |

| County | Court Case Number | Sentencing Judge | Sentencing Date |
|---|---|---|---|
| SEDGWICK | 16CR194 | BENJAMIN L. BURGESS | 02/01/17 |

| | |
|---|---|
| Defense Counsel:    ☒ Retained | Counsel Name:  David P. Leon |

Type of Proceeding:    ☒ Guilty Plea

Date of Conviction:    12/29/16

Pre-Trial Status of Offender:    ☒ In Custody

## SECTION II.  CRIMINAL HISTORY CLASSIFICATION

Offender's Overall Criminal History Classification as Found by the Court:    ☒ D

Objections to Criminal History?    ☒ No

## SECTION III.  CURRENT CONVICTION INFORMATION

Name of PRIMARY Offense of Conviction:

OFFENDER REGISTRATION VIOLATION

Count No.:   1          Date Of Offense:   12/01/15

K.S.A. Title, Section, Subsection(s):      22-4903 (a)(c)(1)(A) and 22-4905 (b)(1)

Grade of Offense:    ☒ Felony, Severity Level   6          ☒ Person

Offense Category:    ☒ Nondrug

Presumptive Sentencing Range:

Mid   34          High   36          Low   32          ☒ Presumptive Prison
☒ Special Rule Applies

SPECIAL RULE APPLICABLE:    ☒ Yes
☒ 46.  Offender Registration Act Violation

**THIS FORM MUST BE ACCOMPANIED BY A COPY OF THE PRESENTENCE INVESTIGATION FORM PURSUANT TO K.S.A. 22-3439 AND A DOCUMENT CONTAINING INFORMATION REQUIRED BY K.S.A 22-3426.**

EXHIBIT __D__
PAGE __3__ OF __4__

**SENTENCE IMPOSED:**

Guideline Range Imposed:    ☒ Departure

Prison Term:   KDOC ___24___ months          ☒ Prison sentence imposed.

Postrelease Supervision Term:   ☒ 24 months

## SECTION IV.  DEPARTURE INFORMATION

Type of Departure:    ☒ Downward Durational

*Reasons Cited As Basis for Departure:*

- Defendant is already on Lifetime Postrelease.
- *Defendant has family support in community.*
- This crime is non-violent in nature and no one in the community was harmed.

## SECTION V.  OTHER CONDITIONS

Costs Ordered:

| | | |
|---|---|---|
| Court Costs | $ | 195.00 |
| DNA Database Fee | $ | 200.00 |
| BIDS Application Fee | $ | 100.00 |
| Booking/Fingerprint Fee | $ | 33.00 |

## SECTION VI.  RECAP OF SENTENCE

Sentence Imposed:

   Total Prison Term (if sentence imposed is to prison):  ___24___ months

Good Time Credit:

☒   For each count, the Court pronounced the complete sentence, including the maximum potential good time percentage.
    [K.S.A. 21-6804(e)(2) and 21-6805(c)(2)]
          ☒ 15%

Postrelease Supervision Term:   ☒ 24 months

Incarceration Credit:

| Location | Dates in Custody | Number of Days | Awarded/Not Awarded |
|---|---|---|---|
| J   Sedgwick County Jail | 02/02/16 to 02/01/17 | 365 | ☒ A |

Note: From 02/02/16 to 02/01/17 defendant was held on 16CR194 and KDOC warrant.  If defendant has received credit for these dates in 11CR2794 then he is not eligible for duplicate credit for these dates in 16CR194.

Sentencing Date: _02/01/17_ - Total Number of Days of Jail Credit Actually Awarded _365_ = Sentence Begins Date: _02/02/16_

**Prior Case(s) to Which the Current Sentence is to Run Concurrent or Consecutive:**

Case No. ___11CR2794___    County __Sedgwick County__    Sentence __32 months__          ☒ Consecutive

State vs.  Justin T. O'Quinn                Page 3 of 4                Case No. 16CR194

EXHIBIT_____D
PAGE___4_OF_4

**Miscellaneous Provisions:**

☒ Defendant informed of right to appeal within 14 days of this date. K.S.A. 22-3608(c).

☒ Defendant informed of potential rights of expungement. K.S.A. 2012 Supp. 21-6614e.

☒ Defendant informed of the prohibition against possessing a weapon (firearm or knife). K.S.A. 21-6304.

☒ Defendant must submit specimens of blood or an oral or other biological sample, if not previously submitted, pursuant to K.S.A. 21-2511(c)

☒ Defendant has been processed, fingerprinted and palmprinted. K.S.A. 21-2501(b).

☒ Court remands defendant to custody of Sheriff to await transportation to the custody of the Secretary of Corrections.

## SECTION VII.  SIGNATURES

The Judge's electronic signature approving this journal entry is affixed on page 1 of this document.

| | |
|---|---|
| Robert R. Short, II      February 2, 2017<br>**ROBERT R. SHORT, II, #20763**    Date<br>**Assistant District Attorney**<br><br>Address:    Sedgwick County Courthouse<br>            535 North Main<br>            Wichita, Kansas  67203<br><br>Phone No.:  (316) 660-3600 | Approved via email 02/02/17 by    February 2, 2017<br>**DAVID P. LEON, #15221**      Date<br>**Attorney For Defendant**<br><br>Address:    1540 N. Broadway, Suite 101<br>            Wichita, Kansas  67214<br><br>Phone No.:  (316) 264-2154 |

2



KANSAS DEPARTMENT OF CORRECTIONS                                        Page.   1
INMATE DATA SUMMARY

Admitting Facility: El Dorado Correctional Fac. - RDU          Report date:  2/27/2017
Type of admission: Guidelines viol - new sentence             Date admitted:  2/ 8/2017
-----------------------------------------------------------------------------------------

                            COMMITMENT DATA

Commitment Name (LAST, First, Middle, Suffix)      KDOC Number:              0104815
OQUIN,JUSTIN,T
True Name (LAST, First, Middle, Suffix)            KBI No.:                 00938654
OQUINN,JUSTIN TYLER                                FBI No.:               716821MD5
Alias(es) (LAST, First, Middle, Suffix)            Date of Birth:          05/14/1989
OQUINN,                                            Place of Birth:
                                                   KANSAS CITY                  MO US
-----------------------------------------------------------------------------------------
                            SENTENCE DATA

Guidelines Indicator: A                            Guidelines Mos to Serve:    24
Months Due Prior Sent:                             Days Due Prior Sent:
Total Months to Serve:        24                   Total Days to Serve:
Total Off-Grid Term:                                                    Yrs Mos Dys

                                                   KPB Penalty:

Summary comments
5/17/15: File review of sentence computation complete. -AS
2/9/17- Off. must see PRB and be paroled to new case 16CR194. MLB




------------------------------Primary Determinate Data Items------------------------------
                       Mo Da Year                                      Mo Da Year
Sentence Begins Dt:                               Earliest Release Date:
Projected Release Dt:                             Latest Release Date:
Current Release Date:                             Earliest Sent Dsg Dt:    99 99 9999
Projected Sent Dsg Dt:    99 99 9999              Latest Sent Dsg Date:    99 99 9999
Current Sent Dsg Dt:      99 99 9999                                        Yrs Mos Dys
      Earliest PCRD:       8     1                Delinquent Time:
      Projected PCRD:      8     1                Escape Time:
         Current PCRD:                            Days of Jail Credit:


-----------------------------------------------------------------------------------------
VICTIM NOTIFICATION REQUIRED: Yes                    ....................
DETAINER:
COMMENTS:


                                                          Photo


                                                    ....................



                            (Continued)

KANSAS DEPARTMENT OF CORRECTIONS                    Page    2
INMATE DATA SUMMARY

Admitting Facility: El Dorado Correctional Fac. - RDU          Report date:  2/27/2017
Type of admission: Guidelines viol - new sentence            Date admitted:  2/ 8/2017

Commitment Name (LAST, First, Middle, Suffix)        KDOC Number:              0104815
OQUINN,JUSTIN,T

-------------------------------------Indeterminate-------------------------------------

|  | Mo Da Year | Mo Da Year |  | Yrs Mos Dys |
|---|---|---|---|---|
| Sent Begins - Min: | Max: |  | Jail Credit Minimum: |  |
| Controlling - Min: | Max: |  | Jail Credit Maximum: |  |
| Cond Rel Dt - Prj: | Cur: |  | Prior Penal Credit: |  |
| Parole Elig - Cur: | Lst: |  | Escape Time: |  |
| Parole Elig - Prj: | Ear: |  | Del Time on Rel: |  |
|  |  |  | Forfeited Good Time: |  |
|  |  |  | Maximum Sent Credit: |  |

Cont ID - Min:   Max:      IGT/MGT Earned:    Contr Term - Min:    Max:
------------------------------------------------------------------------------------

CONVICTION DATA

|  | Offense | Att/Con/Sol/ Description | Offense Date | Cts | CS/ CC | ID | Sentence Min | Max |
|---|---|---|---|---|---|---|---|---|
| Fel | Case No.: 11CR2794    County: Sedgwick |  |  |  |  |  |  |  |
| | 21 3511       a 1 | Enticing or solicit a child less than 14 yoa to commit or submit to unlawful sex act | 08/31/2010 |  | CC | A | 32 Months | |
| Fel | 21 3511       a 1 | Enticing or solicit a child less than 14 yoa to commit or submit to unlawful sex act | 08/31/2010 |  | CC | B | 32 Months | |
| Fel | Case No.: 16CR194    County: Sedgwick |  |  |  |  |  |  |  |
| | 22 4903       c 1 A | Violation of the Kansas Offender Registration Act 1st Conviction | 12/01/2015 |  | CC | C | 24 Months | |

------------------------------------------------------------------------------------
IDENTIFYING INFORMATION

Race: White                              Build: Medium
Sex: Male                                Complexion: Average
Religion: Catholic                       Hair Color: Brown
Marital Status: Single, never married    Eye Color: Brown
Height: 5' 11"    Weight: 205            Last grade completed: 10th
Last address prior to incarceration:     Occupation:
  2218 N AMARADO CT
  WICHITA                    KS    67205-0000

Identifying Marks/Tatoos
  Body Part    Location                    Detail
  Torso        UPPER BACK                  "OQUINN"
  Torso        RIGHT CHEST                 BULL
  Torso        TATTOO/SCAR INVENTORY UPDATED    RDU 2-8-17
------------------------------------------------------------------------------------

(Continued)

KANSAS DEPARTMENT OF CORRECTIONS

INMATE DATA SUMMARY

Admitting Facility: El Dorado Correctional Fac. - RDU         Report date: 2/27/2017
Type of admission: Guidelines viol - new sentence         Date admitted: 2/ 8/2017

Commitment Name (LAST, First, Middle, Suffix)      KDOC Number:       0104815
OQUINN,JUSTIN,T

FAMILY HISTORY

Family History:
   Relationship            Name/Address
   Natural Mother         O'QUINN,SHELLY RENEE
                    2218 N AMARADO CT        WICHITA            KS
   Natural Mother         OQUINN,JOSHUA
                    2218 N AMARADO CR        WICHITA            KS
--------------------------------------------------------------------------------

DETAINER INFORMATION

--------------------------------------------------------------------------------

ESCAPE INFORMATION

--------------------------------------------------------------------------------

EXHIBIT ___F___

PAGE ___1___ OF ___2___

**Kansas Department of Corrections**
**Prisoner Review Board**
**Violation Hearing Action Notice**

**To:** OQUINN,JUSTIN,T   0104815

**Date of Hearing:** 03/21/2017                              **Violation Hearing**

**Location of Hearing:** EL DORADO CORRECTIONAL FAC. - RDU

**Others Present:** Ashley Maxwell, Sarah Southwick, Naquela Pack, Kirbie Shearburn

**You were given a hearing by the Board on the above date on charges of violating your Parole supervision as listed below.**

| Charge | Plea | Finding |
|---|---|---|
| Violation Of Release Condition: I acknowledge that I have been ordered and directed to enter, participate in and successfully complete the assessed level of the sex offender treatment program and follow all recommendations unless the Sex Offender Override Panel exempts me from this requirement. | Admit | Guilty |

Violation On Or About Date: 10/20/2015

Violation Due To: No-showing SOTP on 10/20/15.

Violation Particulars: Oquinn did not show for SOTP on 10/20/15 and absence was unexcused. Due to this, Oquinn is in violation of Release Condition - Treatment Program Related to Sexual Offense (Sex Offender).

| | | |
|---|---|---|
| Violation Of Release Condition: I agree to comply with the recommendations for placement in treatment or aftercare per my substance abuse evaluation as directed by my parole officer. | Admit | Guilty |

Violation On Or About Date: 10/21/2015

Violation Due To: Mr. Oquinn failing to report to treatment as directed.

Violation Particulars: On 10/22/15 PO Hathaway called OPTIONS and spoke with Jes who reported that the offender has failed to show up at all for treatment. Jes reported that the offender was admitted on 10/5/15 and has no showed on: 10/13/15, 10/14/15 and 10/21/15. Jes reported that the offender has until 10/31/15 to report until he will be unsuccessfully discharged.

Mr. Oquinn has been unsuccessfully discharged from OPTIONS on 10/31/15 for failure to attend as directed.

| | | |
|---|---|---|
| Violation Of Release Condition: 1 - Reporting Travel and Residence | Admit | Guilty |

Violation On Or About Date: 10/21/2015

Violation Due To: By failing to keep PO continuously informed of residence at all times.

Violation Particulars: On 10/22/15 PO Hathaway called the Union Rescue Mission (URM) located at 2800 N. Hillside, which is Mr. Oquinn's approved residence. PO Hathaway spoke with staff who reported that Mr. Oquinn has never checked in once at the URM.

| | | |
|---|---|---|
| Violation Of Release Condition: 5 - Narcotics/Alcohol | Admit | Guilty |

Violation On Or About Date: 1/30/2016

Violation Due To: By using marijuana on 01/30/2016, as evidenced by own admission and signing an admission of usage form.

Violation Particulars: During a jail contact with PO Kloth on 02/03/16, O'Quinn admitted to using marijuana on 01/30/16. He signed an admission of usage form.

| | | |
|---|---|---|
| Violation Of Release Condition: 2 - Laws | Admit | Guilty |

Violation On Or About Date: 12/3/2015

EXHIBIT ___F___
PAGE __2__ OF __2__

Violation Due To:  By violating, city, county, state or federal law(s).

Violation Particulars:  On 12/03/2015, O'Quinn failed to register with the Offender Registration Unit as required for the month of November. Deputy Graham attempted to reach O'Quinn in attempt to get him to register but was unsuccessful. O'Quinn is required to register any change in phone number and address within three days of the change. O'Quinn still has not registered as of 01/11/2016, which is two months past his required month.

On 02/03/2016, O'Quinn was charged in the Sedgwick County District Court with felony Offender Registration Violation, case number 16CR194. His preliminary hearing was held on 01/18/16.

Hearing result for Criminal Sentencing held on 02/01/2017: Sentence Imposed 24 months KDOC for case number. 16CR194

_____

(New conviction and sentence does not require entering a plea by the inmate, merely an acknowledgement that the sentence was imposed by the court.)

## Evidence relied upon
☑ Waiver of Final Revocation Hearing    ☒ OMIS Face Sheet ☒ KASPER Printout

PO Reports
- ☒ Violation Report
- ☒ Statement of Charges
- ☐ Summary of Preliminary Hearing
- ☐ Closing Summary
- ☒ Other PO Report (describe):  signed admission of Usage

Police Reports
- ☐ Incident or Investigation Report
- ☐ Standard Offense Report
- ☐ Standard Arrest Report

- ☐ Other Police Report (describe):

- ☐ Offender Testimony
- ☐ Treatment Report (describe):
- ☐ Witness Testimony (ID witness):
- ☒ Other Evidence (describe):  Journal Entry of Sentencing
- ☒ New Felony Conviction
- ☐ New Misdemeanor Conviction

If Absconder, Delinquent Time Assessed? ● Yes ○ No

**Decision:**  Parole or Post Release Revoked. Pass to April 2018

**Recommendations:**  SAP

_____
Offender Signature
_____
Witness Signature

_3/30/17_
Date Received

PRISONER REVIEW BOARD

By:
Ashley Maxwell, Administrator

EXHIBIT ___G___
PAGE __1__ OF __2__

### Kansas Department of Corrections
### Prisoner Review Board
### Action Notice

**To:** OQUINN,JUSTIN,T   0104815
**Date of Hearing:** 03/06/2018                            **Regular Hearing**
**Location of Hearing:** NORTON CORRECTIONAL FACILITY - CENTRAL

Others Present: _____

**After considering all statutory factors, the decision of the Prisoner Review Board is:**

**Decision:** Parole Granted to determinate sentence on or after October 1, 2018

**Recommendations:** GED
SAP

**Special Conditions for Release:** I acknowledge that I have been ordered and directed to attend Treatment, if it is required, specifically related to my sexual offense, and to comply with all recommendations and my individualized treatment plan.
I acknowledge that I have been ordered and directed that as stated in Kansas Statute Annotated 22-3717, I shall not possess any pornographic materials. Pornographic materials are defined as any obscene material or performance depicting sexual conduct, sexual contact or a sexual performance; and any visual depiction of sexually explicit conduct.  For the purpose of this special condition: "Sexually Explicit Conduct" means actual or simulated: exhibition in the nude; sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex; masturbation; sado-masochistic abuse with the intent of sexual stimulation; or lewd exhibition of the genitals, female breasts or pubic area of any person. "Performance" means any film, photograph, negative, slide, book, magazine or other printed or visual medium, any audio tape recording or any photocopy, video tape, video laser disk, computer hardware, software, floppy disk or any other computer related equipment or computer generated image that contains or incorporates in any manner any film, photograph, negative, photocopy, video tape or video laser disk or any play or other live presentation; and "Visual Depiction" means any photograph, film, video picture, digital or computer-generated image or picture, whether made or produced by electronic, mechanical or other means
I agree to work with my supervising parole officer to develop and follow-through with a plan of treatment, aftercare and support focusing on my substance addiction issues.
Other --Unsupervised contact with immediate minor family members allowed.  No contact with other minor children without advanced permission from my Parole Officer and after consulting with the treatment provider.

_____
If you have been granted parole, your release will take place on or after the effective date set by the Prisoner Review Board a order is conditioned upon your maintaining a satisfactory institution record until released.

EXHIBIT___G___

PAGE___2__OF__2__

3-13-18

Offender Signature

Witness Signature

Date Received

PRISONER REVIEW BOARD

By:

Ashley Maxwell, Administrator

ELECTRONICALLY FILED
2019 Oct 25 PM 1:28
CLERK OF THE NORTON COUNTY DISTRICT COURT
CASE NUMBER:  2019-CV-000020

EXHIBIT___*H*___

PAGE___*I*___OF_*6*_



**Court:**          Norton County District Court

**Case Number:**   2019-CV-000020

**Case Title:**    Justin T O'Quinn vs. State of Kansas, et al.

**Type:**          Order Denying Petitioner's Request for Relief

SO ORDERED.

/s/ Honorable Preston A. Pratt, Chief District Judge

Electronically signed on 2019-10-25 13:28:51    page 1 of 6

EXHIBIT____H___

PAGE____2_OF_6___

## IN THE DISTRICT COURT OF NORTON COUNTY, KANSAS

JUSTIN T. O'QUINN #104815    )
              Petitioner   )
vs.                          )       Case No. 2019-CV-20
                          )
STATE OF KANSAS, et al.,      )
PRISON REVIEW BOARD, and   )
JOEL HRABE, Warden         )
Norton Correctional Facility,     )
            Respondents )

## ORDER DENYING PETITIONER'S REQUEST FOR RELIEF

This Order is effective as of the date and time shown on the electronic file stamp.

This case comes before the Court, in chambers, on O'Quinn's request that DOC recalculate his release date.   O'Quinn, who is a self-represented inmate at the Norton Correctional Facility, argues that he should be awarded jail credit of 365 days toward his sentence in Sedgwick County Case #2016-CR-194 and that DOC should recalculate his release date based upon the additional jail credit.   Respondents, who are represented by their attorney Robert Wasinger, argue the jail credit was appropriately applied to Sedgwick County Case #2011-CR-2794.  The Court agrees with Respondents.

O'Quinn has raised two issues: first, the sentence of life-time postrelease supervision in Case #2011-CR-2794 is cruel and unusual therefore it should be removed; second, DOC has improperly calculated his release date in Case #2016-CR-194 by failing to apply the jail credit. The first issue was dismissed on 8/26/2019 because it is an attack upon the sentence which must be made with the court that imposed the sentence. *K.S.A. 60-1507; see also Safarik v. Bruce, 20 Kan. App. 2d 61 (1994)* (A 60-1507 petition is properly filed in the sentencing court, while a 60-1501 petition is properly filed in the county of confinement.)

Regarding the second issue, application of jail credit, on 8/26/2019 the Court determined

O'Quinn may be entitled to relief therefore the writ was issued directing Respondents to answer

within 30 days after being served.  Respondents timely filed their "Motion to Dismiss" in lieu of

an answer.  Under K.S.A. 60-1505(a), after the answer is filed then the judge proceeds in a

summary way to hear and determine the case.  If the plaintiff is an inmate in the custody of the

secretary of corrections and the motion and files and records of the case conclusively show that

the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate.  The Court

has now reviewed the motions and files and records of the case and determines O'Quinn is

entitled to no relief.


**FINDINGS OF FACT:**

1.      On 1/15/2013 O'Quinn was sentenced in Sedgwick County Case #2011-CR-2794

to 32 months prison and life-time postrelease supervision.

2.      O'Quinn served approximately 29 months in DOC custody and was released on or

about 6/26/2015.

3.      On 2/2/2016 a DOC warrant was issued due to alleged violations of life-time

postrelease.

4.      On 12/29/2016 O'Quinn was convicted in Case #2016-CR-194 of failing to

register and on 2/1/2017 the sentence was imposed consecutive to Case #2011-CR-2794.

5.      In case #2016-CR-194, O'Quinn was awarded 365 days of jail credit for time he

spent in jail from 2/2/2016 to 2/1/2017, however the order stated, "From 02/02/2016 to

02/01/2017 defendant was held on 16CR194 and KDOC warrant.  If defendant has received

2

credit for these dates in 11CR2794 then he is not eligible for duplicate credit for these dates in 16CR194."

6.     On 3/6/2018, in Case #2011-CR-2794, the Prisoner Review Board granted O'Quinn parole to his determinate sentence on or after 10/1/2018.

7.     DOC has calculated O'Quinn's sentence beginning date in Case #2016-CR-194 as 10/1/2018 with the time O'Quinn was confined from 2/2/2016 to 10/1/2018 applied to Case #2011-CR-2794.

8.     O'Quinn has exhausted his administrative remedies and timely filed this case.


**CONCLUSIONS OF LAW**:

O'Quinn argues it is impossible to apply all of the 365 days of jail credit to Case #2011-CR-2794 because the total sentence was 32 months and he had already served about 29 months, therefore only about 3 months of the jail credit could be applied to Case #2011-CR-2794 and the balance of the 365 days should be credited to Case #2016-CR-194.   Respondents argue that because O'Quinn was on life-time postrelease supervision in Case #2011-CR-2794 the Prisoner Review Board can require he serve more than his underlying sentence of 32 months.   The Court agrees with Respondents.

K.S.A. 75-5217 deals with violation of parole, conditional release, or postrelease supervision.   This statute allows the Prisoner Review Board to require an inmate to serve a period of confinement, to be determined by the board, which shall not exceed the remaining balance of the **period of postrelease supervision**.   So, when a person is on life-time postrelease

supervision the Prisoner Review Board has authority to require that person serve the remainder of his/her life in prison.

Even though O'Quinn had already served about 29 months of his 32-month sentence, the Prisoner Review Board had authority to, and actually did, require him to serve until 10/1/2018 on Case #2011-CR-2794.   O'Quinn's sentence in Case #2016-CR-194 is consecutive to Case #2011-CR-2794 so he is not entitled to duplicate credit.  The 365 days he served from 2/2/2016 to 2/1/2017 was properly credited to Case #2011-CR-2794, he is not entitled to jail credit in Case #2016-CR-194.

This Court finds the motion and files and records of the case conclusively show there is no genuine issue as to any material fact, O'Quinn is entitled to no relief, and Respondents are entitled to judgment as a matter of law.


IT IS THEREFORE ORDERED as follows:

1.    O'Quinn's request for relief is denied;

2.    Costs are assessed to O'Quinn (which have previously been paid.)

3.    If O'Quinn desires to file an appeal, his appeal should be docketed *in forma pauperis*, as allowed by Kansas Supreme Court Rule 2.04(d)(2).

IT IS SO ORDERED.

Hon. Preston A. Pratt, Chief Judge
17th Judicial District

4

EXHIBIT_____H_____
PAGE_____6___OF_6_____

## CERTIFICATE OF SERVICE

I do hereby certify that on 10/25/2019 a true and correct copy of the above and foregoing

ORDER was served upon the parties as follows:

> Justin T. O'Quinn #104815
> NCF
> P.O. Box 546
> Norton KS 67654
> (by first class mail)
>
> Robert Wasinger
> Attorney at Law
> (notice by electronic filing)

and the original was electronically filed with the Clerk of the District Court.

> Preston A. Pratt, Chief Judge
> 17th Judicial District Court

EXHIBIT___I___

PAGE___1___OF_8_

NOT DESIGNATED FOR PUBLICATION

No. 122,236

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN T. O'QUINN,
*Appellant,*

v.

STATE OF KANSAS; PRISON REVIEW BOARD; and JOEL HRABE, WARDEN, NORTON
CORRECTIONAL FACILITY,
*Appellees.*

MEMORANDUM OPINION

Appeal from Norton District Court; PRESTON PRATT, judge. Opinion filed October 16, 2020.
Reversed and remanded with directions.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellees.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: Justin T. O'Quinn appeals the district court's denial of his K.S.A.
60-1501 petition, which requested that additional jail credit be applied to his prison
sentence in a 2016 criminal case. O'Quinn contends, rather than crediting 365 days of jail
time to his term of lifetime postrelease supervision from a prior 2011 criminal case, the
Kansas Department of Corrections (KDOC) should have awarded that time as jail credit
to his 2016 case. We agree. Accordingly, we reverse and remand with directions that the
time O'Quinn was in jail from February 2016 through February 2017 be credited to the
2016 case.

1

FACTUAL AND PROCEDURAL BACKGROUND

In Sedgwick County case No. 11CR2794 (2011 case), O'Quinn pled guilty to two counts of aggravated indecent solicitation of a child. He received a controlling sentence of 32 months in prison and a lifetime period of postrelease supervision. O'Quinn satisfied the prison portion of his sentence and was released on postrelease supervision in June 2015.

On February 2, 2016, O'Quinn was arrested and placed in custody for violating the Kansas Offender Registration Act in Sedgwick County case No. 16CR194 (2016 case). O'Quinn was held in the county jail for 365 days until he was sentenced on February 1, 2017. The district court sentenced O'Quinn to 24 months in prison for the offender registration violation. O'Quinn was awarded 365 days of jail credit, but the journal entry of sentencing noted that "[f]rom 02/02/16 to 02/01/17 defendant was held on 16CR194 and KDOC warrant. If defendant has received credit for these dates in 11CR2794 then he is not eligible for duplicate credit for these dates in 16CR194."

After O'Quinn was sentenced in the 2016 case, the Kansas Prisoner Review Board (KPRB), in March 2017, revoked his postrelease supervision in the 2011 case The KPRB granted O'Quinn parole to his 24-month sentence in the 2016 case effective October 1, 2018. While in prison, O'Quinn submitted requests which asked the KDOC to apply his 365 days of jail credit to the 2016 case. The KDOC declined and applied the jail credit to the 2011 case because O'Quinn was on postrelease supervision.

O'Quinn timely exhausted his administrative remedies and in June 2019 filed a K.S.A. 60-1501 petition, arguing that his 365 days of jail credit should apply to his 2016 case and his lifetime postrelease supervision was cruel and unusual punishment in violation of the United States and Kansas Constitutions. The district court summarily dismissed the cruel and unusual punishment claim but ordered the State, the KPRB, and

the warden of the Norton Correctional Facility (collectively Respondents) to answer the jail credit issue. After Respondents moved to dismiss the K.S.A. 60-1501 petition, the district court ruled that the 365 days of jail time were properly credited to the 2011 case and O'Quinn was entitled to no jail credit for the 2016 case. O'Quinn filed a timely appeal.

ANALYSIS

O'Quinn contends the 365 days of jail time he served between February 2, 2016, and February 1, 2017, should have been credited to his 2016 case because his postrelease supervision had not been revoked before he was sentenced in that later case.

Preliminarily, O'Quinn does not challenge the district court's dismissal of his cruel and unusual punishment claim and, therefore, he has abandoned that issue. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (An issue not briefed is deemed waived or abandoned.).

We begin the analysis with a brief summary of Kansas law relating to K.S.A. 60-1501 petitions, our standards of review, and statutory principles of awarding jail credit. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a).

We exercise unlimited review over a district court's summary dismissal of a K.S.A. 60-1501 petition. 289 Kan. at 649. Moreover, our review of the district court's jail

3

credit determination requires us to interpret the revised Kansas Sentencing Guidelines Act. Interpretation of sentencing statutes is a question of law over which we exercise unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018).

Kansas provides a statutory right to jail time credit. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Under K.S.A. 2019 Supp. 21-6615(a), a defendant's sentence starting date is computed to allow credit for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Our Supreme Court has clarified that a defendant is entitled to jail credit for all time held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003).

Of particular importance to this appeal, our court has repeatedly held that a defendant may not receive jail credit towards an unrevoked term of postrelease supervision for time spent incarcerated on a new charge which results in a conviction and sentence. *White v. Bruce*, 23 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448 (1997); *State v. McLemore*, No. 116,119, 2017 WL 6625552, at *2 (Kan. App. 2017) (unpublished opinion) (listing cases). Instead, postrelease supervision is suspended when a defendant is incarcerated, unless the State revokes that postrelease supervision. *White*, 23 Kan. App. 2d at 455. As a result, when a defendant's postrelease supervision has not been revoked before sentencing on a new charge, any jail time credit earned on the new charge must be credited towards the new sentence—*not* the older postrelease period or any undetermined administrative punishment later arising from a potential postrelease violation. *State v. Bray*, No. 119,560, 2019 WL 3756205, at *2 (Kan. App. 2019) (unpublished opinion).

O'Quinn was held in custody for 365 days between February 2, 2016, and February 1, 2017, on the offender registration violation charge in the 2016 case. Because his postrelease supervision was not revoked until after he was sentenced, O'Quinn's postrelease supervision was suspended during the time he was in jail. As a result, under

4

*White* and the plethora of unpublished cases that faithfully adhere to that opinion, the district court erred by finding that the 365 days of jail time was properly credited towards the 2011 case.

While acknowledging the caselaw contrary to their position, Respondents maintain the KDOC correctly credited the 365 days of jail time towards the term of postrelease supervision in the 2011 case. They claim that, contrary to the reasoning in *White*, "'postrelease supervision' is not a location in the community that automatically tolls if the offender is confined. Rather 'postrelease supervision' is a specific time period comprising a sentence obligation that follow[s] upon the expiration of the specific sentence obligation consisting of the 'prison portion' of the sentence." In support of their legal contention, Respondents point to K.S.A. 2019 Supp. 22-3717, K.S.A. 2019 Supp. 22-3722, and K.S.A. 75-5217, which address aspects of postrelease supervision.

Postrelease supervision is defined as "the release of a prisoner to the community after having served a period of imprisonment." K.S.A. 2019 Supp. 21-6803(p). Inmates are released on postrelease supervision after the prison portion of their sentences is terminated and "[t]ime served while on postrelease supervision will vest." K.S.A. 2019 Supp. 21-3717(q). Another reference to vesting of the time served while on postrelease supervision is found in K.S.A. 2019 Supp. 22-3722, which addresses the service and discharge of postrelease supervision. This statute provides that "[t]he period served on postrelease supervision shall vest in and be subject to the provisions contained in K.S.A. 75-5217, and amendments thereto, relating to an inmate who is a fugitive from or has fled from justice." K.S.A. 2019 Supp. 22-3722.

As suggested in K.S.A. 2019 Supp. 22-3722, time served on postrelease supervision is subject to K.S.A. 75-5217(f), which is a lengthy provision explaining that a released inmate receives no credit towards his or her sentence from the date an arrest

EXHIBIT _____I_____

PAGE __6__ OF __8__

warrant for violating conditions of release is issued and another time depending on the circumstances. The subsection states, in part:

> "If the secretary of corrections issues a warrant for the arrest of a released inmate for violation of any of the conditions of release and the released inmate is subsequently arrested in the state of Kansas, either pursuant to the warrant issued by the secretary of corrections or for any other reason, the released inmate's sentence shall not be credited with the period of time from the date of the issuance of the secretary's warrant to the date of the released inmate's arrest, except as provided by subsection (i).
>
> "If a released inmate for whom a warrant has been issued by the secretary of corrections for violation of the conditions of release is subsequently arrested in another state, and the released inmate has been authorized as a condition of such inmate's release to reside in or travel to the state in which the released inmate was arrested, and the released inmate has not absconded from supervision, the released inmate's sentence shall not be credited with the period of time from the date of the issuance of the warrant to the date of the released inmate's arrest, except as provided by subsection (i). If the released inmate for whom a warrant has been issued by the secretary of corrections for violation of the conditions of release is subsequently arrested in another state for reasons other than the secretary's warrant and the released inmate does not have authorization to be in the other state or if authorized to be in the other state has been charged by the secretary with having absconded from supervision, the released inmate's sentence shall not be credited with the period of time from the date of the issuance of the warrant by the secretary to the date the released inmate is first available to be returned to the state of Kansas, except as provided by subsection (i). If the released inmate for whom a warrant has been issued by the secretary of corrections for violation of a condition of release is subsequently arrested in another state pursuant only to the secretary's warrant, the released inmate's sentence shall not be credited with the period of time from the date of the issuance of the secretary's warrant to the date of the released inmate's arrest, regardless of whether the released inmate's presence in the other state was authorized or the released inmate had absconded from supervision, except as provided by subsection (i)." K.S.A. 75-5217(f).

K.S.A. 75-5217(f) sets out four situations where a warrant for violating conditions of release was issued against a released inmate. When the released inmate is arrested in

Kansas, as occurred in this case, then K.S.A. 75-5217(f) provides that no time is credited to the released inmate's sentence for the period between the warrant's issuance and the date of the inmate's arrest. Respondents argue that, under K.S.A. 2019 Supp. 22-3722 and K.S.A. 75-5217(f), only this period between the warrant's issuance and the arrest was not credited towards O'Quinn's postrelease supervision; at all other times—including between O'Quinn's arrest and his sentencing in the 2016 case—the time was credited to the term of postrelease supervision. However, our court rejected this same argument in *White*. 23 Kan. App. 2d at 451-52.

Ultimately, Respondents' argument assumes that O'Quinn remained on postrelease supervision during the 365 days at issue despite his incarceration. But contrary to Respondents' contentions, our Supreme Court has noted that the Kansas Legislature clearly intended that "postrelease supervision is a period when the defendant is released into the community—not a period while incarcerated—and occurs after confinement— not during confinement." *State v. Gaudina*, 284 Kan. 354, 362, 160 P.3d 854 (2007). The *Gaudina* court explained that incarceration is incompatible with time served on postrelease supervision:

> "Substantively, while confined, a defendant is removed from society and severely restricted in activities and conduct for the primary purposes of penalizing the defendant while protecting society. While on postrelease supervision, the defendant is in the community and the parole board is empowered to impose conditions targeted toward facilitating rehabilitation, restitution, and safe reintegration into society. 284 Kan. at 359.

Resolving Respondents' statutory argument with our Supreme Court's interpretation of postrelease supervision, a defendant serves time on postrelease supervision when the defendant is released in the community after confinement. Since a defendant is not in the community when subsequently incarcerated, the defendant is not serving time on postrelease supervision while confined. The provisions in K.S.A. 75-5217(f) explain situations where time spent in the community, which would otherwise

7

count towards postrelease supervision, is not credited towards a defendant's sentence. And the time spent serving postrelease supervision before the issuance of a warrant or incarceration is vested. K.S.A. 2019 Supp. 22-3717(q).

Because postrelease supervision requires the defendant to be released into the community—not incarcerated—the 365 days of jail time was improperly credited towards O'Quinn's lifetime postrelease supervision in the 2011 case. Since O'Quinn was not serving his postrelease supervision term, he was incarcerated from February 2, 2016, until February 1, 2017, solely on the offender registration violation conviction in the 2016 case. Accordingly, O'Quinn was entitled to receive credit for that jail time towards his sentence in the 2016 case. The KDOC incorrectly credited the 365 days against O'Quinn's lifetime postrelease supervision term in the 2011 case, and the district court erred by ruling that O'Quinn was not entitled to have that jail credit applied to his 2016 case.

We reverse the district court's order dismissing O'Quinn's K.S.A. 60-1501 petition and order that the 365 days of jail time served between February 2, 2016, and February 1, 2017, be credited towards O'Quinn's sentence in the 2016 case. We also order that any jail time be credited towards O'Quinn's postrelease supervision in the 2011 case for time served during this period be set aside. See *State v. Blazier*, No. 116,148, 2017 WL 3575656, at *2 (Kan. App. 2017) (unpublished opinion) ("When [the] potential for double credit arises, a court may correct the amount of jail time credit after sentencing."); see also *State v. Storer*, 53 Kan. App. 2d 1, 5, 382 P.3d 467 (2016) (reasoning that K.S.A. 22-3504[2] allows a court to correct clerical mistakes, such as most jail credit determinations, at any time).

Reversed and remanded with directions.

ELECTRONICALLY FILED
2020 Nov 30 AM 11:31
CLERK OF THE NORTON COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000020

EXHIBIT _____J_____

PAGE __1__ OF _3_



| | |
|---|---|
| **Court:** | Norton County District Court |
| **Case Number:** | 2019-CV-000020 |
| **Case Title:** | Justin T O'Quinn vs. State of Kansas, et al. |
| **Type:** | Order Granting Petitioner's Request for Relief |

SO ORDERED.

/s/ Honorable Preston A. Pratt, Chief District Judge

EXHIBIT ___J___
PAGE __2_OF_3__

# IN THE DISTRICT COURT OF NORTON COUNTY, KANSAS

JUSTIN T. O'QUINN #104815    )
                  Petitioner    )
vs.                          )      Case No. 2019-CV-20
                          )
STATE OF KANSAS, et al.,    )
PRISON REVIEW BOARD, and    )
JOEL HRABE, Warden        )
Norton Correctional Facility,    )
              Respondents  )

## ORDER GRANTING PETITIONER'S REQUEST FOR RELIEF

This Order is effective as of the date and time shown on the electronic file stamp.

This case comes before the Court, in chambers, on remand from the Kansas Court of Appeals. At the time the petition was filed, O'Quinn was a self-represented inmate at the Norton Correctional Facility. He is represented on appeal by Bradley Steen, Ellsworth, Kansas. Respondents are represented by Robert Wasinger, Hays, Kansas.

On 6/6/2019 O'Quinn filed his petition requesting that DOC recalculate his release date. He argued that he should be awarded jail credit of 365 days toward his sentence in Sedgwick County Case #2016-CR-194 and that DOC should recalculate his release date based upon the additional jail credit. On 9/25/2019 Respondents filed their motion to dismiss, arguing the jail credit was appropriately applied to Sedgwick County Case #2011-CR-2794. On 10/25/2019 this Court entered an order agreeing with Respondents and denying O'Quinn's request for relief. On 11/4/2019 O'Quinn appealed and on 10/16/2020 the Kansas Court of Appeals issued its Memorandum Opinion reversing the district court's finding and ordering that the 365 days O'Quinn served between 2/2/2016 to 2/1/2017 be credited to Sedgwick County Case #2016-CR-194, and that any jail time credited toward O'Quinn's postrelease supervision in Sedgwick

1

EXHIBIT_____J_____
PAGE___3___OF__3__

County Case #2011-CR-2794 between 2/2/2016 to 2/1/2017 be set aside.  On 11/24/2020 the

Clerk of the Appellate Courts issued the Mandate, which was received by the Clerk of the

District Court on 11/30/2020.

Consistent with the Mandate from the Kansas Court of Appeals, IT IS ORDERED as

follows:

1.      The "Order Denying Petitioner's Request for Relief" filed 10/25/2019 is reversed.

2.      The Respondents are to credit 365 days of jail time served between 2/2/2016 and

2/1/2017 toward Sedgwick County Case #2016-CR-194.

3.      The Respondents are to set aside any jail time credited towards O'Quinn's

postrelease supervision in Sedgwick County Case #2011-CR-2794 for the period between

2/2/2016 to 2/1/2017.

IT IS SO ORDERED.

Hon. Preston A. Pratt, Chief Judge
17th Judicial District


## CERTIFICATE OF SERVICE

I do hereby certify that on the date and time shown on the electronic file stamp, a true and
correct copy of the above and foregoing ORDER was electronically served upon the parties as
follows:

Bradley Steen                          Robert Wasinger
Attorney for Petitioner                Attorney for Respondents

and the original was electronically filed with the Clerk of the District Court.

Preston A. Pratt, Chief Judge
17th Judicial District Court

2

EXHIBIT __K__
PAGE __1__ OF __8__

9B70B6BA6370E8868625851B006B13E7

# KANSAS PRISONER REVIEW BOARD



# CERTIFICATE OF RELEASE

## Post Release

Offender Name: **OQUINN,JUSTIN,T**    Number: **0104815**

Post Release
Pursuant to 1992 Session Laws of Kansas, Chapter 239, Section 22, the above-named offender is entitled
*to release after application of earned and retained good time credits on 03/10/2020.*  UPON RELEASE,
the above-named inmate shall be under the jurisdiction of the Kansas Prisoner Review Board and the
Secretary of Corrections until expiration of the period of post release supervision, plus the amount of good
time and program credits earned and retained by the inmate pursuant to K.S.A. 22-3717 and K.S.A.
21-6821 and amendments thereto, to wit:  **99/99/9999**

**FOR ALL RELEASEES:** The releasee is expected to demonstrate capacity and willingness to fulfill
obligations of a law-abiding citizen.  If conditions of release are violated, he or she may be taken into custody
on a warrant issued by the Secretary of Corrections and reimprisoned pending a hearing to determine if
release should be revoked pursuant to K.S.A. 75-5217.  It is also to be understood that this certificate in no
way prevents delivery of the releasee to authorities otherwise entitled to custody, and if released to a
detainer, the Secretary of Corrections should be notified when a disposition of the case has been made.

Given this 27th day of February, 2020          KANSAS PRISONER REVIEW BOARD

By _____

Administrator

DEPARTMENT OF CORRECTIONS/Division of Community Correctional Services

The above inmate was released on **03/10/2020** at **09:00:00 AM**.  You shall report within --- hours of your
release to the following parole office/officer:
**ALYSSA HURDE  WICHITA PAROLE/RE-ENTRY OFFICE  212 South Market  Wichita  Kansas  67202**
316-262-5127
**Report to the Wichita Parole Office immediately upon release.**

Special Instructions:  None

_____          _____
(Inmate Signature)                          Witness (Institutional Official)

702 Ellis St. Wichita, KANSAS 67211  (316)252-9794-Home

(Address on Release)

EXHIBIT ___K___

PAGE ___2___ OF ___8___

Conditions of Release for Parole and Post-Incarceration Supervision

I acknowledge that I have been ordered and directed to:

**1. Obligations & Accountability:**
- Keep scheduled contacts with my Parole Officer as directed.
- Reside only at my approved residence and keep my residence there until given permission by my parole officer to relocate. I will notify my parole officer within 24 hours of any changes in my residential status if there is an emergency need to relocate.
- Will participate in the development and implementation of my individualized plan. This plan may require me to obtain employment, secondary education and attend and pay fees for treatment or other classes as directed.
- Obtain advanced permission from my parole officer to travel outside of my assigned parole district or the state of Kansas
- Pay restitution, court costs, supervision fees, and other costs as directed by my parole officer.

**2. Laws & Personal Conduct:**
- Obey all federal and state laws, municipal or county ordinances, including the Kansas Offender Registration Act.
- Notify my parole officer within 36 hours, if I have any law enforcement contact.
- Not engage in assaultive activities, violence, or threats of violence of any kind, threatening or intimidating behaviors, or lewd and lascivious behaviors.
- Comply with any order given by a Law Enforcement Officer

**3. Weapons:**
- Not own, possess or constructively possess, purchase, receive, sell or transport any firearms, ammunition or explosive device, any device designed to expel or hurl a projectile capable of causing injury to persons or property, any instrument or tool used with the intent to cause harm, or any weapon prohibited by law. Limitations include knives which can be automatically opened by the use of knives which are disguised as common items. A "knife" means a dagger, dirk, switchblade, stiletto, straight-edged razor or any other dangerous or deadly cutting instrument of like character. Exceptions to the restrictions are knives related to employment, which may be used and carried only in connection with employment, and kitchen knives when used as intended for food preparation or consumption.

**4. Narcotics/Alcohol:**
- Not possess, use, or traffic in any controlled substances or other drugs as defined by law and not prescribed for me by a licensed medical practitioner.
- Not consume any mind-altering substances, including, but not limited to alcoholic beverages, wine, beer, glue, or paint.
- Consent to submit to a blood, breathalyzer, saliva or urine test at the direction of the parole officer.
- Not tamper, falsify or dilute such a test.

**5. Victim:**
- No contact with the victim(s) in my case(s) or the victim's family by any means including, but not limited to, in person, by phone, via computer, in writing or through a third party without the advance permission of my parole officer.

**6. Search:**
- Be subjected to a search of my person and my effects, vehicle, residence, and any other property under my control by parole officers, any authorized parole staff, and Department of Corrections Enforcement, Apprehension and Investigation officers with or without a search warrant and with or without cause.
- Be subjected to a search of my person and my effects, vehicle, residence, and any other property under my control by any law enforcement officer based on reasonable suspicion of violation of conditions of post-incarceration supervision, or reasonable suspicion of criminal activity.

Special Conditions are determined in accordance with case management strategies with an emphasis on criminogenic risk reduction activities.

Special Conditions: I acknowledge that I have been ordered and directed to abide by the Kansas Prisoner Review Board (PRB) special conditions set forth below, and any additional special conditions imposed by my parole officer at any time during the duration of my post-incarceration supervision.

I acknowledge that I have been ordered and directed to attend Treatment, if it is required, specifically related to my sexual offense, and to comply with all recommendations and my individualized treatment plan.

I acknowledge that I have been ordered and directed that as stated in Kansas Statute Annotated 22-3717, I shall not possess any pornographic materials. Pornographic materials are defined as being any obscene material or performance depicting sexual conduct, sexual contact or a sexual performance; and any visual depiction of sexually explicit conduct. For the purpose of this special condition: "Sexually Explicit Conduct" means actual or simulated: exhibition in the nude; sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital or oral-anal contact, whether between persons of the same or opposite sex; masturbation; sado-masochistic abuse with the intent of sexual stimulation; or lewd exhibition of the genitals, female breasts or pubic area of any person. "Performance" means any film, photograph, negative, slide, book, magazine or other printed or visual medium, any audio tape recording or any photocopy, video tape, video laser disk, computer hardware, software, floppy disk or any other computer related equipment or computer generated image that contains or incorporates in any manner any film, photograph, negative, photocopy, video tape or video laser disk or any play or other live presentation; and "Visual Depiction" means any photograph, film, video picture, digital or computer-generated image or picture, whether made or produced by electronic, mechanical or other means

I agree to work with my supervising parole officer to develop and follow-through with a plan of treatment, aftercare and support focusing on my substance addiction issues. Other –Unsupervised contact with immediate minor family members allowed. No contact with other minor children without advanced permission from my Parole Officer and after consulting with the treatment provider.

I understand that if I have been granted parole and I then reach my conditional release date, my status will automatically be that of a conditional release and that all conditions of parole will continue to apply to me. I understand that pursuant to K.S.A. 2001 Supp. 21-4619, as amended by L. 2002 Ch. 163, Sec 2, I may be eligible to have this conviction expunged subsequent to discharge.

I have read, or had read to me, the above conditions of my release. I fully understand them and will abide by them to the best of my ability. I realize that if I violate them, I may be arrested on a warrant issued by the Secretary of Corrections and reimprisoned pending a hearing before the Kansas Prisoner Review Board to determine if my release should be revoked. I understand that I will be afforded a preliminary hearing whenever necessary, to determine if I have violated any conditions, unless I choose to waive this hearing or the court determines a violation by due process of law. I also agree that if I leave the state of Kansas without permission or am ordered to return from Kansas to another state, I will not contest any effort to be returned. I hereby waive any right to extradition in connection with my return to Kansas for disposition of any charge of violation of parole or post release supervision conditions. If I am placed in a treatment program while under supervision I agree to authorize the release of any information pertinent to my case from the staff of the treatment facility to the parole officer, Secretary, or Kansas Prisoner Review Board. I also agree to make myself available for disposition of the charges contained in any detainer that I may have lodged against me at the time of my release.

_____
Inmate Signature

WITNESS: _____
Institutional Official

**0104815**
Number

3/3/2020
Date

**Kansas Department of Corrections**
**714 SW Jackson, Suite 300**
**Topeka, KS 66603**
**(785) 296-3317**

ACKNOWLEDGMENT OF RECIEPT OF EXPUNGEMENT INFORMATION

I _Justin O'quinn #104815_ understand and acknowledge I have been advised that pursuant to K.S.A. 21-6614 I may petition my sentencing court for an expungement of my conviction(s).

I understand and acknowledge that I may contact Legal Services for Prisoners, Inc., at the facility where I am incarcerated or my own attorney for further information and assistance.

I also understand that K.S.A. 21-6614 is easily accessible and can be located at most public and law libraries, or, with the assistance of my parole officer, online on the internet at http://www.kslegislature.org/li/statute

I acknowledge I have been proved with information concerning how to access K.S.A. 21-6614. A copy of this Acknowledgment has also been provided to me.

Inmate: _____

Facility Witness: _Tamera Maddy___ Date: _3/3/20_

Printed Name: _Justin O'Quinn_

EXHIBIT K
PAGE 4 OF 8

# KANSAS OFFENDER REGISTRATION FORM

| | | |
|---|---|---|
| INITIAL REGISTRATION | ☐ | Birth month MAY |
| REGISTRATION UPDATE | ✓ | 2nd Req Visit AUG |
| DUAL REGISTRATION | ☐ | 3rd Req Visit NOV |
| | | 4th Req Visit FEB |

## OFFENDER INFORMATION

| REGISTERING AGENCY NAME | AGENCY ORI NUMBER | REGISTRATION DATE |
|---|---|---|
| NORTON CORRECTIONAL FACILITY | KS069015C | 03/03/2020 |

| RO NUMBER | KBI NUMBER | FBI NUMBER | COURT DETERMINED SEXUAL PREDATOR |
|---|---|---|---|
| RO021377 | 938654 | 716821MD5 | YES ☐   NO ✓ |

| NAME OF OFFENDER | LAST | SFX | FIRST | MIDDLE | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| | OQUINN | | JUSTIN | TYLER | 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 |

| ALIAS NAME | LAST | SFX | FIRST | MIDDLE | DATE OF BIRTH | CITY AND STATE OF BIRTH |
|---|---|---|---|---|---|---|
| | | | | | 05/14/1989 | KANSAS CITY MO |

| PASSPORT NUMBER | IMMIGRATION NUMBER |
|---|---|
| | |

| RACE | SEX | ETHNICITY | SKIN TONE | HEIGHT |
|---|---|---|---|---|
| WHITE | M | NON-HISPANIC | UNKNOWN | 6' |

| WEIGHT | EYE COLOR | HAIR COLOR | BLOOD TYPE | DOC NUMBER |
|---|---|---|---|---|
| 202 LBS | BROWN | BROWN | | 104815 |

SCARS/MARKS/TATTOOS (LOCATION - DESCRIPTION)
EAR, LEFT - PIERCED

SCARS/MARKS/TATTOOS (LOCATION - DESCRIPTION)
CHEST - (RIGHT) BULL
BACK - "O'QUINN"

MENTAL HEALTH TREATMENT: PLEASE EXPLAIN ANY TREATMENT RECEIVED FOR MENTAL ABNORMALITY OR PERSONALITY DISORDER
CARE PROVIDED BY CORRECT CARE SOLUTIONS

## VEHICLE INFORMATION

| DRIVERS LICENSE/ID NUMBER | STATE | EXP. DATE | LICENSE PLATE NUMBER | STATE REGISTERED | LICENSE PLATE TYPE | LICENSE PLATE EXP DATE |
|---|---|---|---|---|---|---|
| K01837240 | KS | 05/14/2017 | | | | |

| VEHICLE IDENTIFICATION NUMBER | VEHICLE TYPE | VEHICLE YEAR | VEHICLE MAKE |
|---|---|---|---|
| | | | |

| VEHICLE MODEL | VEHICLE STYLE | VEHICLE COLOR | VEHICLE USE |
|---|---|---|---|
| | | | |

GENERAL PARKING LOCATIONS

| AIRCRAFT/WATERCRAFT LICENSE PLATE NUMBER | STATE REGISTERED | LICENSE PLATE TYPE | LICENSE PLATE EXP DATE |
|---|---|---|---|
| | | | |

| VEHICLE IDENTIFICATION NUMBER | VEHICLE TYPE | VEHICLE YEAR | VEHICLE MAKE |
|---|---|---|---|
| | | | |

| VEHICLE MODEL | VEHICLE STYLE | VEHICLE COLOR | VEHICLE USE |
|---|---|---|---|
| | | | |

GENERAL PARKING LOCATIONS

## ADDRESS INFORMATION

| CURRENT PHYSICAL RESIDENCE | STREET | APT# | CITY | COUNTY | STATE | ZIP | PHONE NUMBER |
|---|---|---|---|---|---|---|---|
| NORTON CORRECTIONAL FACILITY - E HWY 36 11130 ROAD E4 | | | NORTON | NORTON | KS | | |

| LOCATION START DATE | LOCATION END DATE | ALTERNATE PHONE NUMBER(S) |
|---|---|---|
| 07/11/2017 | 03/10/2020 | |

| MAILING ADDRESS | STREET | APT# | CITY | COUNTY | STATE | ZIP | PHONE NUMBER |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| LOCATION START DATE | LOCATION END DATE |
|---|---|
| | |

| ANTICIPATED ADDRESS | STREET | APT# | CITY | COUNTY | STATE | ZIP | PHONE NUMBER |
|---|---|---|---|---|---|---|---|
| 702 ELLIS STREET | | | WICHITA | SEDGWICK | KS | 67211 | 316-252-9794 |

| LOCATION START DATE | LOCATION END DATE |
|---|---|
| 03/10/2020 | |

## EMPLOYMENT INFORMATION

| OCCUPATION / JOB TITLE | CURRENT OR ANTICIPATED PLACE OF EMPLOYMENT | NAME OF SUPERVISOR |
|---|---|---|
| UNEMPLOYED | | |

| WORK ADDRESS   STREET | CITY | COUNTY | STATE | ZIP | PHONE |
|---|---|---|---|---|---|
| | | | | | |

| EMPLOYMENT START DATE | EMPLOYMENT END DATE |
|---|---|
| | |

| PROFESSIONAL LICENSE/CERTIFICATION | LICENSE NUMBER | LICENSE TYPE | ISSUING AGENCY | ISSUING STATE | EXPIRATION DATE |
|---|---|---|---|---|---|
| | | | | | |

## SCHOOL INFORMATION

NAME OF CURRENT OR ANTICIPATED EDUCATIONAL INSTITUTION:

| STREET | CITY | COUNTY | STATE | ZIP | PHONE |
|---|---|---|---|---|---|
| | | | | | |

| ATTENDANCE START DATE | ATTENDANCE END DATE |
|---|---|
| | |

## INTERNET INFORMATION

ALL EMAIL ADDRESSES/ONLINE IDENTITIES/PERSONAL WEB PAGES/SCREEN NAMES/SITE AFFILIATIONS/DESIGNATIONS

JUSTIN OQUINN - JUSTIN OQUINN

## CRIMINAL INFORMATION

| OFFENSE(S) DESCRIPTION | STATUTE NUMBER | DATE OF OFFENSE | DATE OF CONVICTION |
|---|---|---|---|
| AGGRAVATED INDECENT SOLICITATION OF CHILD <14 YOA; TO COMMIT SEX ACT | 21 - 3511 (A) | 08/31/2010 | 11/29/2012 |

| CITY,COUNTY,STATE OF ADJUDICATION/CONVICTION | COURT CASE NUMBER | SEX OF VICTIM | AGE OF VICTIM |
|---|---|---|---|
| WICHITA, SEDGWICK, KANSAS | 11CR2794 | FEMALE | 5 |

| OFFENSE(S) DESCRIPTION | STATUTE NUMBER | DATE OF OFFENSE | DATE OF CONVICTION |
|---|---|---|---|
| AGGRAVATED INDECENT SOLICITATION OF CHILD <14 YOA; TO COMMIT SEX ACT | 21 - 3511 (A) | 06/01/2010 | 11/29/2012 |

| CITY,COUNTY,STATE OF ADJUDICATION/CONVICTION | COURT CASE NUMBER | SEX OF VICTIM | AGE OF VICTIM |
|---|---|---|---|
| WICHITA, SEDGWICK, KANSAS | 11CR2794 | FEMALE | 5 |

| PAROLE OR PROBATION OFFICERS NAME | PHONE |
|---|---|
| ALYSSA HURDE | 316-262-5127 |

| PERSON THAT REGISTERED THE OFFENDER | PHONE |
|---|---|
| MADDY, TAMMY | 7858776650 |

COMMENTS

## ATTENTION! BEFORE SIGNING, READ ACKNOWLEDGMENT OF THE OFFENDER

I have reviewed the Acknowledgement of the Offender and understand these duties under the Kansas Offender Registration Act.

I have provided truthful information which is contained above, I declare, verify and certify under the penalty of perjury that the foregoing is true and correct, executed on ___3/3/2020___(date).

SIGNATURE OF REGISTRANT: _____   DATE 3/3/2020

SIGNATURE OF WITNESS: _____   DATE 3/3/2020

REGISTERING LAW ENFORCEMENT AGENCY: RETAIN THE ORIGINAL FOR YOUR RECORDS AND PROVIDE A COPY TO THE OFFENDER.

Revised 07/2013

| INITIAL BELOW | | ACKNOWLEDGEMENT OF THE OFFENDER |
|---|---|---|
| *STO* | 1. | I have been convicted or adjudicated of a crime that requires registration under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., hereafter referred to as "the Act", and must honor all duties specified by the Act. |
| *STO* | 2. | At the time of conviction or adjudication, the court will complete a notice of duty to register if I am released prior to sentencing. Within three (3) business days, I will report to the registering law enforcement agency in the county or tribal land of conviction or adjudication and to the registering law enforcement agency in any place where I reside, maintain employment or attend school, to complete the registration form. See K.S.A. 22-4904 (a)(1) |
| *STO* | 3. | If in the custody of a correctional facility , I will register with the correctional facility within three business days of initial custody and shall not be required to update such registration until discharged, paroled, furloughed or released on work or school release from a correctional facility. See K.S.A. 22-4905 (d) |
| *STO* | 4. | Within three (3) days of coming into any county or location of jurisdiction where I reside or intend to reside, maintain employment or intend to maintain employment, attend school or intend to attend school, I must register with each registering law enforcement agency in the county or location of jurisdiction. Each time I register, I must be photographed, pay a registration fee of $20, and complete the registration form with all information and updated information required for registration as provided in K.S.A. 22-4907. In addition to the Kansas Offender Registration Act, sex offenders who reside, work or attend school on tribal land shall register pursuant to tribal law. Tribes in the state of Kansas that require registration include the Prairie Band Potawatomi Nation, Iowa Tribe of Kansas and Nebraska and the Kickapoo Tribe in Kansas. Sac and Fox Nation has delegated the registration responsibility to the state of Kansas through the local sheriff's offices, therefore compliance with the Kansas law is sufficient. See K.S.A. 22-4905 |
| *STO* | 5. | I am required to report four times a year in person to the registering law enforcement agency in the county or location of jurisdiction where I reside, maintain employment, or attend school. After initial registration, I must report in the month of my birthday and every third, sixth, and ninth month occurring before and after my birth month.<br>• If my birthday is in January, April, July, or October, I am required to report to the registering law enforcement agency in January, April, July, and October.<br>• If my birthday is in February, May, August, or November, I am required to report to the registering law enforcement agency in February, May, August, and November.<br>• If my birthday is in March, June, September, or December, I am required to report to the registering law enforcement agency in March, June, September, and December. See K.S.A. 22-4905 (b) |
| *STO* | 6. | If I am transient, I must report in person to the registering law enforcement agency of such county or location of jurisdiction in which I am physically present within three business days of arrival in the county or location of jurisdiction. I am required to register in person with the registering law enforcement agency every 30 days, or more often at the discretion of the registering law enforcement agency and provide a list of places where I have slept and otherwise frequented during the period of time since the last date of registration and provide a list of places where I may be contacted and where I intend to sleep and otherwise frequent during the period of time prior to the next required date of registration. See K.S.A. 22-4905 (f) |
| *STO* | 7. | I must register in person upon any commencement, change or termination of residence location, employment status, school attendance or other information within three days of such commencement, change or termination, to the registering law enforcement agency or agencies where I last registered and provide written notice to the Kansas Bureau of Investigation. See K.S.A. 22-4905 (h) |
| *STO* | 8. | If required by out of state law, I will register in any out of state jurisdiction where I reside, maintain employment or attend school. See K.S.A. 22-4905 (g) |
| *STO* | 9. | I am required to immediately renew any Kansas driver's license or state identification card issued to me, and I must annually renew such license or identification card on or before my birthday. The driver's license and identification card shall indicate that I am a registered offender. If maintaining primary residence in Kansas, I must surrender all other driver's licenses and identification cards from other states, territories, and the District of Columbia, except if I am or an immediate family member is maintaining active duty in any branch of the United States military. See K.S.A. 22-4905 (m), (n) |
| *STO* | 10. | If this is my first adult conviction, I must register for fifteen (15) years unless a longer term is specified or present term limits are amended by statute for any of the following: Sexual battery, Adultery if one party is less than 18 years of age, Promoting the Sale of Sexual Relations if all parties are 18 years of age or older, Patronizing a prostitute if one party is less than 18 years of age, Lewd and lascivious behavior if one party is less than 18 years of age, Capital murder, Murder in the first degree, Murder in the second degree, Voluntary manslaughter, Involuntary manslaughter, Criminal restraint if the victim is less than 18 years of age, Any act which has been determined beyond a reasonable doubt to have been sexually motivated, Conviction of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony, Unlawful manufacture or attempting such of any controlled substance or controlled substance analog, Possession of ephedrine, pseudoephedrine, red phosphorus, lithium metal, sodium metal, iodine, anhydrous ammonia, pressurized ammonia or phenylpropanolamine, or their salts, isomers or salts of isomers with intent to use the product to manufacture a controlled substance, Unlawful sale of or distribution of a controlled substance. This time period does not include any time incarcerated in any jail or correctional facility or any period of non-compliance with the requirements of the Act. If I am convicted as an adult of a second or subsequent offense(s) covered by the Act, I will be required to register for life. Any conviction for an attempt, conspiracy or solicitation requires registration for the same term as the underlying offense. See K.S.A. 22-4906 (a)<br>If this is my first adult conviction, I must register for twenty-five (25) years unless a longer term is specified or present term limits are amended by statute for any of the following: Criminal sodomy if victim is 16 or more years of age but less than 18 years of age and a member of the same sex or an animal, Indecent solicitation of a child, Electronic solicitation, Aggravated incest, Indecent liberties with a child, Unlawful sexual relations, Sexual exploitation of a child if the victim is 14 or more years of age but less than 18 years of age, Aggravated sexual battery, Promoting prostitution if the prostitute is 14 or more years of age but less than 18 years of age. This time period does not include any time incarcerated in any jail or correctional facility or any period of non-compliance with the requirements of the Act. If I am convicted as an adult of a second or subsequent offense(s) covered by the Act, I will be required to register for life. Any conviction for an attempt, conspiracy or solicitation requires registration for the same term as the underlying offense. See K.S.A. 22-4906 (b) |

I must register for life if I am convicted of any of the following crimes: Rape, Aggravated indecent solicitation of a child, Aggravated indecent liberties with a child, Criminal sodomy if the victim is 14 or more years of age but less than 16 years of age or animal, Aggravated criminal sodomy, Aggravated human trafficking, Sexual exploitation of a child if the victim is less than 14 years of age, Commercial sexual exploitation of a child, Promoting prostitution if the prostitute is less than 14 years of age, Kidnapping, Aggravated kidnapping, Any person who has been declared a sexually violent predator pursuant to K.S.A. 59-29a01 et seq. Any conviction for an attempt, conspiracy or solicitation requires registration for the same term as the underlying offense. *See K.S.A. 22-4906 (d)*

11. If adjudicated as a juvenile and required to register by law for an act which if committed by an adult would constitute a sexually violent crime set forth in K.S.A. 22-4902(c), and amendments thereto, and such crime is not an off-grid felony or a felony ranked in severity level 1 of the nondrug grid or by court order, I must register until eighteen (18) years of age, or for five (5) years from the date of adjudication or release from confinement, whichever date occurs later. This time period does not include time incarcerated in any jail, juvenile facility or correctional facility or any period of non-compliance with the requirements of the Act. As a juvenile, the court may order that my registration not be an open record displayed on the public website. In such cases, it is my duty to provide a copy of the court order to the sheriff at the time of registration. *See K.S.A. 22-4906 (f)*
    If I am 14 years of age or more and adjudicated as a juvenile of an offense that if committed by an adult would constitute a sexually violent crime set forth in K.S.A. 22-4902(c), and amendments thereto, and such crime is an off-grid felony or a felony ranked in severity level 1 of the non drug grid , I shall be required to register for life. *See K.S.A. 22-4906 (g)*

12. If I reside, maintain employment, or attend school in the state of Kansas on a full-time, part-time, or temporary basis and I have been convicted or adjudicated in an out of state court, or where I was required to register by an out of state law, or if I have been convicted or adjudicated of an offense comparable to a Kansas law that requires registration, I shall register for the same length of time required either by that out of state jurisdiction or by Kansas Offender Registration Act, whichever term is longer. I must register in person with the registering law enforcement agency in the county or location of jurisdiction where I am residing, maintaining employment, or attending school within three (3) days to complete a registration form. *See K.S.A. 22-4906 (k)*

13. If receiving inpatient treatment at any treatment facility, inform the treatment facility of my status as an offender and inform the registering law enforcement agency of the county or location of jurisdiction in which the treatment facility is located of my presence at the treatment facility and the expected duration of the treatment. *See K.S.A. 22-4905 (j)*

14. If I travel outside of the United States, I will report in person to the registering law enforcement agency and provide written notice to the Kansas Bureau of Investigation 21 days prior to any such travel. I will provide an itinerary including, but not limited to, destination, means of transport and duration of travel. *See K.S.A. 22-4905 (p)*

15. If I use the internet, I am required to report to the registering law enforcement agency any and all: email addresses; online identities; information relating to membership in any and all personal web pages or online social networks; and internet screen names. *See K.S.A. 22-4907 (a)(19)*

16. If I fail to register, fail to update my registration, provide any false information or otherwise violate any requirement of the Act, I have committed a violation of the Kansas offender registration Act. A first conviction of a violation of the Kansas offender registration act is a severity level 6 felony; upon a second conviction, a severity level 5 felony; and upon a third or subsequent conviction, a severity level 3 felony. A new and separate offense of non-compliance will occur every 30 days that have elapsed until such time as I comply with the law. Aggravated violation of the Kansas offender registration Act is failing to register for more than 180 consecutive days and is a severity level 3 felony. If I fail to remit payment to the sheriff's office as required in subsection (l) of K.S.A. 22-4905, I have committed a violation of the Kansas offender registration act. A first conviction of a violation of not remitting payment within 15 days of registration is a class A misdemeanor. If I do not remit payment within 15 days of the most recent registration and two or more full payments have not been remitted to the sheriff's office, I have committed a violation of the Kansas offender registration act which is a severity level 9 felony. *See K.S.A. 22-4903*

17. Pursuant to Title 18, United States Code, Section 2250, if a sex offender fails to register or fails to report a change in residence, employment, or student status, and travels in or moves across state lines, the offender can be charged with a federal crime and punished by up to ten (10) years imprisonment.

18. I understand that if I receive an expungement for the crime that required registration, my registration obligation does not terminate. *See K.S.A. 22-4909 (e)*

I hereby sign this statement to attest and agree that the information contained in my registration form has been provided by me and is true and correct. If I have misrepresented myself, falsified any information, left out critical and truthful information required of me, or interfered with official duties of the law enforcement agency who registered me, I will be held accountable for criminal charges against me and will be punished for the offense(s). I have read the application and I have initialed the relevant areas to indicate I understand them. I verify that I have read the above rules and requirements regarding my registration as an offender, and the requirements have been explained to me, and I completely understand them and the consequence(s) for failure to comply. Further, I have been given the opportunity to have any questions answered today reference my requirements.

SIGNATURE OF REGISTRANT: _____  DATE 3-3-20

SIGNATURE OF WITNESS: _____  DATE 3/3/2020

EXHIBIT_____K

PAGE ___8___ OF ___8___

826K
Attachment C
G.O. 25-101
Page 1 of 1
Effective 05-20-96



## NCF                    INMATE CLEARANCE FORM

**DATE:** 3-4-2020

**INMATE:** OQUINN, Justin                    **NUMBER:** 104815    **CH:** A2226

by reason of   Post Release Supervision                    **will be eligible for release from this**

institution at   8:30 AM   time      3-10-2020   **date.**

Form of Transportation:   **Private Ride**

If SUBJECT is wanted, please state by whom:   NA

Approved: _Kellian Dewalt_               Approved: _Hazel M. Peterson_
              Records Clerk                            Hazel M. Peterson, Warden

**Inmate's Funds:** In accordance with the policy of the Norton Correctional Facility, all inmate funds, payroll and Personal Account, will be forwarded to the gaining facility, after accurate computation thereof, and posting to the accounts are made.

**PAROLE:      CR:      COURT ORDERED RELEASE:**

Verification of Inmate Funds and Authorization to release such funds approved by: _____

In order to comply with the Release Procedures, the above inmate will on the day previous to release be escorted when necessary by an officer assigned by the Major, to the Departments in the order listed below.

| LOCATION | TIME ARRIVED | TIME EXIT | INITIAL |
|---|---|---|---|
| RECORDS OFFICE | | | |
| A&D OFFICE | | | |
| BUSINESS OFFICE | | | |
| RETURN TO RECORDS: | | TIME: | |

Received into my custody the above inmate from the Warden of the Norton Correctional Facility, Norton,Ks., and also the sum of  $_____ personal funds of the above named inmate because of the following reason(s): (circle one)

1. For and under the detainer noted in Part 1.
2. Medication  Yes   No  (Indicate whether medication was received by inmate.)
3. Cash Account _____
4. Authorize Gratuity _$50_

Password JTO
NCCER JTO
OSHA JTO
BC copy JTO
SS copy

**DATE:** 3/10/20

Signature: _____          Title: _____

County: _____          State: _____

EXHIBIT ___
PAGE ___ OF ___5



Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas**
Department of Corrections

Jeff Zmuda, Secretary                                                                                      Laura Kelly, Governor

Testimony on HB2069

Submitted To

The Senate Committee on Judiciary

By

Randy  Bowman, Executive Director of Public Affairs
Kansas Department of Corrections

March 9, 2023

The Kansas Department of Corrections (KDOC) appreciates the opportunity to offer a perspective on the proposed changes in House Bill 2069. We are a proponent on the bill as proposed.

In the fall of 2022, the Office of the Kansas Attorney General approached us based upon their interest in the topic of jail credit for certain persons on postrelease supervision to ask if we would collaborate with them to bring it before the Kansas Sentencing Commission for consideration. Based upon our experience, that this topic is a source of some contention in the criminal justice community, we agreed.

The question is if a person should be credited for jail time served on their current postrelease supervision offense or a new conviction. A topic the department proposed to clarify in 2018 HB2603 which was approved by the Kansas House of Representatives by a vote of 117-0 and with no action in the Senate.

        Example:

        John Smith has been convicted of crime "A"; sentenced to prison and after serving the prison portion of his sentence is released to postrelease supervision for a period of 36 months. Shortly, thereafter John Smith is arrested for allegedly committing a new crime "B" and is placed in the county jail to await trial for crime "B". Simultaneously, the department issues a warrant charging Smith with having violated the conditions of his postrelease supervision and provides a copy of that warrant to the Sheriff holding Smith in the county jail. Smith cannot post bond on the department's warrant and therefore may not be released from jail. HB 2069 clarify that Smith would receive credit towards service of his postrelease supervision obligation but he would not receive credit for "jail credit" toward any potential sentence imposed for crime "B"

When the warrant was issued simultaneously to the arrest for allegedly committing a new crime, unless the resident had been in another state when arrested, time in jail is credited toward the postrelease supervision period for crime "A". Some in the criminal justice system are advocates for the person not receiving credit for postrelease supervision in this instance, or toll this time, and instead that time be credited to the new crime "B".

HB2069 would clarify that time can only be tolled in accordance with the current law, a continuation of decades long application by KDOC. And hopefully reduce the number of questions received by KDOC Sentencing Computation staff and the occasional need to testify in sentencing hearings as experts in this process.

EXHIBIT___L___
PAGE___2___OF_5_



Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

# Kansas
### Department of Corrections

Jeff Zmuda, Secretary

Laura Kelly, Governor

Testimony on HB2069

Submitted To

The House Corrections and Juvenile Justice Committee

By

Randy  Bowman, Executive Director of Public Affairs
Kansas Department of Corrections

January 24, 2023

The Kansas Department of Corrections (KDOC) appreciates the opportunity to offer a perspective on the proposed changes in House Bill 2069. We are a proponent on the bill as proposed.

In the fall of 2022, the Office of the Kansas Attorney General approached us based upon their interest in the topic of jail credit for certain persons on postrelease supervision to ask if we would collaborate with them to bring it before the Kansas Sentencing Commission for consideration. Based upon our experience that this topic is a source of some contention in the criminal justice community, we agreed.

The question is if a person should be credited for jail time served on their current postrelease supervision offense or a new conviction. A topic the department proposed to clarify in 2018 HB2603 which was approved by the Kansas House of Representatives by a vote of 117-0 and with no action in the Senate.

> Example:
>
> John Smith has been convicted of crime "A"; sentenced to prison and after serving the prison portion of his sentence is released to postrelease supervision for a period of 36 months. Shortly, thereafter John Smith is arrested for allegedly committing a new crime "B" and is placed in the county jail to await trial for crime "B". Simultaneously, the department issues a warrant charging Smith with having violated the conditions of his postrelease supervision and provides a copy of that warrant to the Sheriff holding Smith in the county jail. Smith cannot post bond on the department's warrant and therefore may not be released from jail. HB 2069 clarify that Smith would receive credit towards service of his postrelease supervision obligation but he would not receive credit for "jail credit" toward any potential sentence imposed for crime "B"

When the warrant was issued simultaneously to the arrest for allegedly committing a new crime, unless the resident had been in another state when arrested, time in jail is credited toward the postrelease supervision period for crime "A". Some in the criminal justice system are advocates for the person not receiving credit for postrelease supervision in this instance, or toll this time, and instead that time be credited to the new crime "B".

HB2069 would clarify that time can only be tolled in accordance with the current law, a continuation of decades long application by KDOC. And hopefully reduce the number of questions received by KDOC Sentencing Computation staff and the occasional need to testify in sentencing hearings as experts in this process.

EXHIBIT __L__
PAGE __3__ C. __5__

Senate Substitue for HOUSE BILL No. 2010—page 17

mentally ill person. At the hearing the court may make any order that a court is empowered to make pursuant to ~~subsections (3), (4) and (5) of~~ K.S.A. 22-3428*(c), (d) and (e)*, and amendments thereto. If the court finds by clear and convincing evidence the committed person is not a mentally ill person, the court shall order the person discharged; otherwise, the person shall remain committed or be conditionally released. The county or district attorney shall provide victim notification regarding the outcome of the hearing.

~~(4)~~*(d)* Costs of a hearing held pursuant to this section shall be assessed against and paid by the county in which the person was originally ordered committed.

Sec. 7.   K.S.A. 2022 Supp. 22-3722 is hereby amended to read as follows: 22-3722. *(a)* The period served on parole or conditional release shall be deemed service of the term of confinement, and, subject to the provisions contained in K.S.A. 75-5217, and amendments thereto, relating to an inmate who is a fugitive from or has fled from justice, the total time served may not exceed the maximum term or sentence. The period served on postrelease supervision shall vest in and be subject to the provisions contained in K.S.A. 75-5217, and amendments thereto, relating to an inmate who is a fugitive from or has fled from justice. *The service of the postrelease supervision period shall not toll except as provided by K.S.A. 75-5217, and amendments thereto.* The total time served shall not exceed the postrelease supervision period established at sentencing.

*(b)* When an inmate on parole or conditional release has performed the obligations of the release for such time as shall satisfy the prisoner review board that final release is not incompatible with the best interest of society and the welfare of the individual, the board may make a final order of discharge and issue a certificate of discharge to the inmate but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto. When an inmate has reached the end of the postrelease supervision period, the board shall issue a certificate of discharge to the releasee. Such discharge, and the discharge of an inmate who has served the inmate's term of imprisonment, shall have the effect of restoring all civil rights lost by operation of law upon commitment, and the certification of discharge shall so state. Nothing herein contained shall be held to impair the power of the governor to grant a pardon or commutation of sentence in any case.

Case 5:23-cv-03117-TC-BGS   Document 19-1   Filed 11/09/23   Page 51 of 52

PAGE ____4___ OF __5__

# KANSAS OFFICE *of*
# REVISOR *of* STATUTES

Home

About Us

Office Staff

FAQs

Contact Us

Statutes

Home >> Statutes >> Back

🖨 Printable Format

Previous | Next

**22-3722. Service on parole, conditional release and postrelease supervision; discharge; restoration of civil rights.** (a) The period served on parole or conditional release shall be deemed service of the term of confinement, and, subject to the provisions contained in K.S.A. 75-5217, and amendments thereto, relating to an inmate who is a fugitive from or has fled from justice, the total time served may not exceed the maximum term or sentence. The period served on postrelease supervision shall vest in and be subject to the provisions contained in K.S.A. 75-5217, and amendments thereto, relating to an inmate who is a fugitive from or has fled from justice. The service of the postrelease supervision period shall not toll except as provided by K.S.A. 75-5217, and amendments thereto. The total time served shall not exceed the postrelease supervision period established at sentencing.

(b) When an inmate on parole or conditional release has performed the obligations of the release for such time as shall satisfy the prisoner review board that final release is not incompatible with the best interest of society and the welfare of the individual, the board may make a final order of discharge and issue a certificate of discharge to the inmate but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto. When an inmate has reached the end of the postrelease supervision period, the board shall issue a certificate of discharge to the releasee. Such discharge, and the discharge of an inmate who has served the inmate's term of imprisonment, shall have the effect of restoring all civil rights lost by operation of law upon commitment, and the certification of discharge shall so state. Nothing herein contained shall be held to impair the power of the governor to grant a pardon or commutation of sentence in any case.

**History:** L. 1970, ch. 129, § 22-3722; L. 1972, ch. 317, § 95; L. 1973, ch. 339, § 68; L. 1990, ch. 309, § 22; L. 1992, ch. 239, § 271; L. 2012, ch. 16, § 19; L. 2023, ch. 93, § 7; July 1.

**Source or Prior Law:**
62-2252.

**Attorney General's Opinions:**

Removal of voters' names from registration lists; basis for removal; conviction of felony; constitutionality. 93-68.

Requirement of persons confined or under court supervision to give blood and saliva specimens for inclusion in FBI's DNA index. 2001-45.

Ex post facto clause discussed and applied regarding bill concerning post incarceration supervision. 2008-14.

## CASE ANNOTATIONS

1. Time spent under supervised probation not required to be credited as time served when probation revoked. State v. Snook, 1 Kan. App. 2d 607, 608, 571 P.2d 78.

2. Cited; jail time credit (K.S.A. 21-4614) while in community corrections facility on probation, authority to commit discussed. State v. Fowler, 238 Kan. 326, 337, 710 P.2d 1268 (1985).

3. Receipt of firearm by convicted felon conviction upheld; civil rights regarding firearms not restored by certificate of discharge. U.S. v. Coffman, 761 F. Supp. 1493, 1495 (1991).

4. Cited; issue concerning inmate's liberty interest in confinement in administrative segregation rendered moot by inmate's release. Shanks v. Nelson, 258 Kan. 688, 692, 907 P.2d 882 (1995).

5. An inmate's time on parole cannot be used to satisfy converted KSGA postrelease supervision period. Faulkner v. State, 22 Kan. App. 2d 80, 83, 911 P.2d 203 (1996).

**LEGISLATIVE COORDINATING COUNCIL**
**RECENT MEETINGS**
**11/09/2023**
Meeting Notice
**08/09/2023**
Meeting Notice   Agen
**06/05/2023**
Meeting Notice   Agen
**04/25/2023**
Meeting Notice   Agen
**POLICY**
LCC Policies

**REVISOR OF STATUTES**
**NEW, AMENDED AND REPEALED**
2023 New, Amended and Repealed by KSA
2023 New, Amended and Repealed by Bill
**EDUCATION**
Chapter 72 Statute Transfer List
Kansas School Equity Enhancement Act
*Gannon v. State*
**2021 SPECIAL SESSION**
Information for Speci Session 2021
**2016 SPECIAL SESSION**
General Info., Legal Analysis & Research
**RECENT SESSIONS**
2022 Amended & Repealed Statutes
2021 Amended & Repealed Statutes
2020 Amended & repealed Statutes
2019 Amended & Repealed Statutes

**USEFUL LINKS**
Session Laws

**OTHER LEGISLATIVE SITE**
Kansas Legislature
Administrative Service
Division of Post Audit
Research Department

22-3722

EXHIBIT ___L___
PAGE___5___ OF __5__

6. Right of individual to receive credit against an unrevoked term of postrelease supervision for time incarcerated on another charge considered. White v. Bruce, 23 Kan. App. 2d 449, 451, 453, 455, 932 P.2d 448 (1997).

7. Cited in discussing sentencing; no credit against postrelease supervision for time served in excess of sentence. State v. Gaudina, 284 Kan. 354, 360, 362, 160 P.3d 854 (2007).

8. Mentioned; once sentence complete, defendant's rights to vote, serve on jury and take public office are automatically restored. U.S. v. Wattree, 544 F. Supp.2d 1262, 1267 (2008).

Previous | Next

Contact Us  |  PDF Help