IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

    **Plaintiff,**

v.            CASE NO. 23-3117-JWL

LAURA KELLY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas ("NCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 11, 2023, the Court entered a Memorandum and Order (Doc. 16) ("M&O"), finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the KDOC officials to prepare and file a *Martinez* Report. The M&O provided that "[o]nce the Report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 16, at 5.) The *Martinez* Report (Doc. 19) (the "Report") has now been filed. The Court's screening standards are set forth in the Court's Memorandum and Order to Show Cause at Doc. 5.

**I. Nature of the Matter Before the Court**

Plaintiff's claim centers on a sentence computation issue that involves jail credit. Plaintiff alleges that on February 2, 2016, he was arrested for violating the Kansas Offender Registration Act and was sentenced on February 9, 2017, to a 24-month term of incarceration. Plaintiff alleges that upon arriving at the Kansas Department of Corrections ("KDOC") in

1

March 2017, he was "revocated for 1 year and was notified [his] 24 month sentence would commence on October 1, 2018." (Doc. 1, at 2.) Plaintiff claims that in June 2019, he raised an issue about the failure to properly apply jail credit to his sentence, and he has been unable to resolve the issue.

Plaintiff alleges that the failure to properly credit his jail time resulted in him being held beyond his proper release date. Plaintiff claims his wrongful incarceration is in violation of his constitutional rights and seeks compensatory damages.

The procedural background for this case is set forth in this Court's Order in Plaintiff's § 2241 habeas action filed in this Court. *See O'Quinn v. Easter*, Case No. 23-3128-JWL, 2023 WL 3979289 (D. Kan. June 13, 2023). The Order notes that Plaintiff's claims relate to two criminal cases against Plaintiff in the district court of Sedgwick County, Kansas,[1] and provides that:

> In case number 11CR2794, which is hereinafter referred to as "the 2011 case," Petitioner pled guilty to two counts of aggravated indecent solicitation of a child and was sentenced to 32 months in prison with lifetime postrelease supervision. *O'Quinn v. State*, 2020 WL 6108419, *1 (Kan. Ct. App. Oct. 16, 2020) (unpublished). Petitioner served his prison sentence and, in June 2015, he was released on postrelease supervision. *Id.*
>
> In February 2016, Petitioner was arrested for violating the Kansas Offender Registration Act. He was held in Sedgwick County jail on this charge, which was filed under case number 16CR194, which is hereinafter referred to as "the 2016 case." *Id.* In February 2017, the district court sentenced him to 24 months in prison in the 2016 case and the 365 days of jail time credit to which Petitioner was entitled was applied to the 2011 case. *Id.* After the sentencing, the Kansas Prisoner Review Board (KPRB) revoked Petitioner's postrelease supervision in the 2011 case. *Id.*

---

[1] The Court noted that Plaintiff appears to be currently incarcerated under a sentence imposed in a third criminal case out of Sedgwick County, but Plaintiff is not making a claim regarding the conviction and sentence in that case. It appears that Plaintiff was again charged with violating the offender registration act. Case No. 2022-cr-1985 was filed on December 30, 2022, showing an offense date of March 1, 2022. *See State v. O'Quinn*, Case No. 2022-cr-1985 (District Court of Sedgwick County, Kansas). Plaintiff was sentenced in that case on May 3, 2023.

> According to Petitioner, the sentence in the 2016 case did not begin until October 2018, at which point he was informed that his release date would be October 2020, excluding any jail credit or good time credit. (Doc. 1, p. 9.) This is supported by the Kansas Court of Appeals' (KCOA) later statement that "[t]he KPRB granted [Petitioner] parole [*sic*] to his 24-month sentence in the 2016 case effective October 1, 2018." *O'Quinn*, 2020 WL 6108419, at *1. In June 2019, Petitioner began challenging the allocation of the jail time credit to his 2011 case, arguing that it should have been applied to his 2016 case. *Id.* After exhausting administrative remedies, he filed a state habeas petition under K.S.A. 60-1501 seeking correction of the jail time credit allocation. *Id.*
>
> The Sedgwick County District Court denied the 60-1501 petition on October 25, 2019. *See* Online Records of the Kansas Appellate Courts, Case No. 122,236. Petitioner appealed and, on October 16, 2020, the KCOA reversed and remanded with directions that the jail time credit in question should be credited to the 2016 case and the credit allocated to the 2011 case should be set aside.[2] *O'Quinn*, 2020 WL 6108419, at *4. According to the petition now before this Court, however, Petitioner by that time had completed the sentence in the 2016 case and was no longer in the custody of the Kansas Department of Corrections pursuant to that sentence. (Doc. 1, p. 9.)

*O'Quinn v. Easter*, Case No. 23-3128-JWL, 2023 WL 3979289, at *1–2 (D. Kan. June 13, 2023).

The Court directed the KDOC to submit a *Martinez* Report in Plaintiff's current civil rights case and provided that "[t]he Report should focus on whether or not Plaintiff received credit toward a valid and lawful sentence for any time he allegedly overserved his 2016 sentence." (Doc. 16, at 5.)

## II. The Report

The Report provides that the Journal Entry in Plaintiff's 2016 case indicates that the

---

[2] The KCOA found that because Plaintiff's "postrelease supervision was not revoked until after he was sentenced, [his] postrelease supervision was suspended during the time he was in jail" and therefore "any jail time credit earned on the new charge must be credited towards the new sentence—not the older postrelease period or any undetermined administrative punishment later arising from a potential postrelease violation." *O'Quinn*, 2020 WL 6108419, at *2.

sentence in that case will be consecutive to the 2011 case to comply with K.S.A. 21-6606(c), which provides that:

> (c) Any person who is convicted and sentenced for a crime while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release.

(Doc. 19, at 2) (citing K.S.A. 21-6606(c) and Exhibit D to the Report).  The Report provides that because of this statute requiring consecutive sentences, Plaintiff "either receives credit on the 2011 case or on the 2016 [case], but he would not be eligible to receive credit on both sentences." *Id*.

Plaintiff was received back into the custody of the KDOC in February 2017, with the Inmate Data Summary providing under summary comments that "2/9/2017 – Off. must see PRB and be paroled to the new case 16CR194." *Id*. at 3; Exhibit E.  On March 21, 2017, the PRB revoked Plaintiff's postrelease that he was serving on the 2011 case to April 2018.[3] *Id*.; Exhibit F.  Then on March 6, 2018, the PRB granted Plaintiff parole to the determinate sentence (the 24-month sentence in the 2016 case) on or after October 1, 2018.  *Id*.; Exhibit G.

The KDOC awarded the jail credit to the 2011 case and the Norton County District Court agreed with that computation in denying Plaintiff's state petition under K.S.A. 60-1501. *Id*.; Exhibit H.  The Kansas Court of Appeals reversed and remanded with directions to the Norton County District Court. *Id*.; Exhibit I.  Although the KCOA decision credited the 365 days Plaintiff was confined in the Sedgwick County Jail to the 2016 case, they also ordered that any

---

[3] The Report cites K.S.A. 75-5217(c), which states:

(c) If the violation results from a conviction for a new felony, upon revocation, the inmate shall serve a period of confinement, to be determined by the prisoner review board, which shall not exceed the remaining balance of the period of postrelease supervision, even if the new conviction did not result in the imposition of a new term of imprisonment.

jail time credited towards Plaintiff's postrelease supervision in the 2011 case be set aside. *Id*. at 3–4; Exhibit I. *See also O'Quinn*, 2020 WL 6108419, at *4. On remand, the Norton County District Court ordered the 365 days of jail credit to be credited to the 2016 case and set aside the same period of time that had been awarded to the 2011 case. (Doc. 19, at 4; Exhibit J.)

The KCOA decision was filed on October 16, 2020, and the Norton County District Court's order upon remand was issued on November 30, 2020; however by then, Plaintiff had already been released from prison since March 10, 2020. *Id*. at 4; Exhibit K.

The Report provides that "even if the decision of [the] KCOA had occurred prior to his release, it would not have changed his March 10, 2020 release date, because there was only an exchange or shuffling of jail credit between the [2011] case and the [2016] case." *Id*. The Report states that in "the last legislative session an amendment to K.S.A. 22-3722 was introduced and passed; directing that the jail credit in cases like the plaintiff's will be awarded to post release case rather than to the case involving the new charge(s)." *Id*.; Exhibit L.

The Report provides that Plaintiff did not "overserve" his sentences because by statute his 2016 case is to run consecutive to his 2011 case, so this period of time was merely shuffled between the new sentence and the life time postrelease on the earlier sentence. *Id*. at 5. The Report states that "[o]ther cases like the plaintiff's have occurred and the issue has been addressed by amendment to K.S.A. 22-3722." *Id*.

### III. Discussion

The Court sympathizes and understands Plaintiff's concern and confusion around the computation of his sentences and the proper award of his jail time credit. This type of situation apparently warranted legislative action to clear up the confusion.

However, the Court finds that Plaintiff did not overserve his sentence because he was not

5

entitled to apply his jail credit to both his 2016 case and the sentence imposed for his post-release violation in his 2011 case. Although the state court decisions shuffled the credit from his 2011 case to his 2016 case, because he was not entitled to duplicate credit, either way he would have served the same amount of time. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Id*. (citations omitted). If Plaintiff is not entitled to seek damages related to his detention, then there is no injury that a favorable decision by a federal court may redress. *See id*. at 918 (where judge ultimately found probable cause and denied bail, plaintiff would not have been entitled to release any sooner, and because her time in custody was later credited to a criminal sentence on another charge, plaintiff could not receive damages for time spent in custody after her arrest); *see also Jackson v. Ash*, 2019 WL 2605490, at *6 (D. Kan. 2019), *adopted* 2019 WL 2240450 (D. Kan. 2019) (stating that court was led to believe plaintiff was receiving credit for time served and "[w]ithout a redressable injury, Plaintiff lacks Article III standing to pursue these claims") (citing *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Ewell*, 853 F.3d at 917–18 (holding plaintiff had no standing to press unlawful detention claim where she received credit for time served); *Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013) (holding plaintiff could not receive damages for time spent in custody on a valid sentence)).

The Court will grant Plaintiff an opportunity to respond to the Report and to show good cause why this matter should not be dismissed for the reasons stated in this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall have until **December 15, 2023,** in which to respond to the Report at Doc. 19 and to show good cause why

this matter should not be dismissed for the reasons set forth in this Memorandum and Order. Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS SO ORDERED**.

**Dated November 16, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**