Justin Tyler O'Quinn, KDOC# 104815
Norton Correctional Facility
PO Box 546
Norton, Kansas 67654 - 0546


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN #104815 )
        Plaintiff, )
                  )
vs.                )    Case No.    23-3117-JWL
                  )
                  )
LAURA KELLY, et al.,     )
        Defendant(s). )


PLAINTIFFS COUNTER - CLAIM TO THE KDOC REPORT IN
" MARTINEZ vs. AARON" INVESTIGATION CIVIL RIGHTS COMPLAINT

    This is an action brought by Justin O'Quinn, KDOC# 104815, while confined
at the Norton Correctional Facility (NCF), Norton, Kansas. Pursuant to D. Kan.
R. 7.1 (c), the plaintiff provides his counter - claim and opposition in response
to the defendant(s) Document #19, Martinez Report within the time provided in
D. Kan. R. 6.1 (d)(2), so this Court will not determine this matter as an uncontested
motion, the plaintiff states the following in support:

1.  ¶¶ 1 and 2. Admit.


2.  ¶ 3, Objection. Plaintiff makes an objection to the specified note at the
    bottom of page 3 of Journal Entry £JE· in 2016-CR-194, which states:

    NOTE: From 02/02/2016 to 02/01/2017 defendant was held on 16CR194 and
    KDOC warrant. If defendant has recieved credit for these dates in
    11CR2794, then he is not eligible for duplicate credit for these dates
    in 16CR194 ( Exhibit D, pg. 3 ).

    This as the Court should take judicial notice of the term used " **warrant** "
was specifically used in this note above within the ( Exhibit D, pg. 3 ), this

is not considered any application for any duplicate credit to be applied, because a " **warrant** " is not lawfully considered a " **revocation** " of <u>Case No. 11CR2794</u>, in which are mutually exclusive sentencing concepts and cannot be satisfied at the same time as <u>Case No. 16CR194</u>, so the inmate's <u>Case No. 11CR2794</u> was suspended until the final disposition of the new <u>Case No. 16CR194</u> and could not be serving an " unrevoked term of postrelease " for <u>Case No. 11CR2794</u>, while he was incarcerated on the subsequent offense in <u>Case No. 16CR194</u>. " We reasoned that incarceration and postrelease supervision are mutually exclusive sentencing concepts and cannot be satisfied at the same time, thus, " an inmate cannot logically remain on postrelease supervision if that inmate is incarcerated. "" <u>White v. Bruce, 23 Kan.App.2d 449, 453, 932 P.2d 48, rev. denied 262 Kan. 969</u> ( Kan. 1999 ). And, as to the Special Rule #9 ( K.S.A.2016 Supp.21-6606 ) mandated that <u>16CR194</u> be run consecutive to the 11CR2794, but, the Court had found in <u>White v. Bruce</u> that an individual shall continue to serve the new sentence first and the postrelease supervision status will be suspended until the new sentence is completed. See <u>White, 23 Kan.App.2d at 55</u>.In this instance the rule of " lenity " would apply in favor of the accused, because the holding in <u>White v. Bruce</u> authorizes an alternative for serving that type of sentence.

3. ¶ 4, Objection. Plaintiff makes an objection because the Kansas Court of Appeals had already and exactly overruled this exact argument and determination made by KDOC which would be barred by res judicata and collateral estoppel in <u>Case No. 2016-CR-000194</u> because KDOC had already misapplied the jail credit to the <u>2011-CR-002794</u>, which has already been litigated and had a final determination on the merits of these issue's. " The Tenth Circuit has, at times, used the phrase " res judicata " to refer generally to both claim and issue preclusion. See <u>Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1139 ( 10th Cir. 2006 )</u>; <u>Park Lake Res. Ltd. Co. v. U.S. Dep't of Agric., 378 F.3d 1132, 1135</u> ( " Res judicata doctrine encompasses two distinct barriers to repeat litigation; claim preclusion and issue preclusion. " ). In this claim the plaintiff is entitled to compensation, because the issue's were already litigated and awarded and the comparative fault of the KDOC to negate the application, just because he would not have been discharged until later is unlawful in it's self.

4. ¶ 5, Admit.

5. ¶ 6, Objection. Plaintiff makes an objection that even if the <u>K.S.A.§ 75-5217(c)</u>

applied to this case, the KDOC would still be required to follow the holding in
<u>White v. Bruce</u>, because it has never been overruled on these types of issue's
and would not have lawful jurisdiction over the plaintiff, until he completed
his new sentence in <u>2016-CR-000194</u>, because that applies to the postrelease
part of the sentence and not the current <u>Case No. 2016-CR-000194</u>.

6.  ¶¶ 7 and 8, Admit.

7.  ¶ 9, Objection. I filed a <u>K.S.A.§ 60-1501</u> in <u>16CR194</u>, and argued that the award
of <u>365 days</u> of jail credit was not applied to my 2016 case. The plaintiff would
be entitled to invoke " res judicata " and " collateral estoppel " against the
defendants and still be entitled for the relief of compensatory damage award
requested herein.

8.  ¶ 10, Objection. Plaintiff makes an objection because the KDOC makes the clear
uncontested fact and admission that the Court credited the award of <u>365 days</u> to
the <u>16CR194</u> case, but, had clearly elected to disregard the mandated order from
the Court to apply the credit towards the case <u>2016-CR-000194</u>, which constitutes
a contempt of court. The Court Order does not mandate any duplicate credit that
is complained about in this <u>42 U.S.C.§ 1983</u>, the dispute is for compensation for
serving <u>365 days</u> more than his sentence imposed from KDOC's failure to apply
the court ordered jail time credit that they had elected not to apply to the
<u>16CR194</u> case.

9.  ¶ 11, Admit.

10.  ¶ 12, Objection. In ¶ 12, KDOC clearly makes the admission to Court that the
decision occurred prior to his release, they also attempt to re-direct the court
to justify the reasons they had amittedly did not apply the <u>365 days</u> to his
<u>16CR194</u> case, which was allegedly because it would not have changed his release
date of March 10, 2020. That did not mean they were not ordered to apply the
mandated credit though. The plaintiff would still be entitled to compensation
as a matter of right to his liberty interest for the compensation of money
damages because of their failure of KDOC to follow the mandate, which had caused
him to over serve his sentence in this instance.  This displays a clear contempt
to intentionally deprive the plaintiff of his Due Process Clause rights to the
award of liberty interest of his person under the Fourteenth Amendment to the
United States Constitution. The statute do not allow a shuffling of jail credit
either as contemplated by KDOC.

11.  ¶ 13, Objection. In ¶ 13, KDOC clearly makes the admission that they have
     placed the plaintiff in the same situation in his new Case No.2022-CR-001985
     that warrants this Court to take action to correct an illegal sentence by the
     KDOC at anytime pursuant to supplemental jurisdiction 28 U.S.C.§ 1367 and
     K.S.A.§ 22-3504 et seq. to correct the intolerable conduct that seems to be
     a continuing action by KDOC Sentence Computation Unit. Additionally, they
     KDOC contemplate that the last legislative session of amendment to the Kansas
     Statute K.S.A.§ 22-3722 that does not affect his current case in Case No.
     2022-CR-001985 because it was not approved until after his sentence, and even
     if it was, it does not apply after his legal sentence was pronounced from the
     bench. In [a]ll three cases 2011-CR-002794, 2016-CR-000194, and 2022-CR-001985
     the holding in White v. Bruce would still control, it has not been overruled
     or superceded by any case law or Kansas statute that would subrigate or
     obviate this Courts holding to control in favor of the plaintiff in White v.
     Bruce, and the legislative session [ Not being a retroactive legislation ]
     as contemplated by KDOC, and even if retroavtive, would require the Sedgwick
     County District Court to remand to correct an illegal sentence because of the
     change in the legislative session towards the plaintiff's sentences, and the
     fact that it was enacted after [a]ll three sentences were legal pronounced
     from the bench because the Court loses jurisdiction over the sentence once it
     is pronounced from the bench to modify that sentence absent statutory language
     that would allow a modification to those sentences.


PLAINTIFFS COUNTER - CLAIMS TO THE MEMORANDUM AND OREDR


I. NATURE OF THE MATTER BEFORE THE COURT


12.  Line 1 at page 1. Admit.


13.  Lines 2 - 4 at page 1 and Lines 1 - 4 at pages 2. Objection.
     On February 2, 2016 the plaintiff, was arrested for violating the Kansas
     Offender Registration Act in Case No.2016-CR-000194 on Febraury 1, 2017, and
     not February 9, 2017 as KDOC stated. See 2015 Journal Entry of Judgment (JE),
     Sentencing Date: 02/01/2017. And was sentenced to 24 months prison term, in
     which began to run on 02/01/2017 immediately upon sentencing. The postrelease
     supervision for Case No.2011-CR-002794 became suspended upon his re-incarceration

in Case No.2016-CR-000194. Upon his arrival to the Kansas Department of Corrections ("KDOC") in March of 2017. He was "revoked" for 1 year on his postrelease supervision case. KDOC had stopped him serving his currently new sentence once it was pronounced from the bench in Case No.2016-CR-000194 and did not allow him start serving his sentence Case No.2011-CR-002794 before his sentence in Case No.2016-CR-000194 was completed, and are now doing the same thing to his new Case No.2022-CR-001985, and has tolled [a]ll of his time served in prison to the " suspended post-release " in Case No.2011-CR--2794 which constituted the intolerable conduct, and stated to the plaintiff that [a]ll of this prison time served would be sentence computated as " dead time." Plaintiff asks this Court to take judicial notice that the KDOC in the " Martinez Report " makes an " admission " that they did not allow plaintiff to start his new sentence in Case No.2016-CR-000194 even though Court Ordered until October 1, 2018. This action is unlawful and inconsistent with the holding in White v. Bruce, 23 Kan.App.2d 449, 452-455, 932 P.2d 48, rev. denied 262 KAn. 969 (1999). Plaintiff admits that June 2019, he raised an issue about the failure to properly apply jail credit to his sentence, and he has been unable to resolve the issue.

14.   Lines 5 - 7 at page 2.Admit. All remaining claims in page 2 are Admitted.

15.   page 3.Admit.


II. THE REPORT

16.   Line 1 - 18 at page 4. Objection.
      KDOC provides that the sentence for 2016-CR-000194 was run " consecutive " to 2011-CR-002794 case to comply with K.S.A.§ 21-6606(c) ( Special Rule# 9 ), and KDOC contemplates in the report that he was recieved back into the custody of the KDOC in February 2017 with the Inmate Data Summary providing under summary   comments that" 2/9/2017-Off. must see PRB and be paroled to the new case 16CR194." id at 3; Exhibit E. The plaintiff would like to point out that this should not of stopped his new case in 2016-CR-000194 or 2022-CR-001985, which has now happened in both cases. Plaintiff contends that the Supreme Court noted that the Kansas legislature clearly intended that the plaintiffs postrelease in 2016-CR-000194 is a period when the plaintiff [ defendant ] is

released to the community and not a period while incarcerated and occurs after confinement not during confinement. See State v. Guadina, 284 Kan. 354, 362, 160 P.3d 854 (2007); White v. Bruce, 23 Kan.App.2d 449, 453, 932 P.2d 48, rev. denied 262 Kan. 969 (1999). KDOC could not stop running the 2016-CR-000194 after the legal sentence was pronounced from the bench by Order of the Sedgwick County District Court to wait for the determination of the PRB to re-parole the plaintiff to Case No.2016-CR-000194 and 2022-CR-001985 which is what they did. Additionally, any time that was determined to serve by the PRB to have the plaintiff re-paroled would not be effective until the complettion of the new sentnece was served, then any sanction imposed by the PRB to serve on his parole could be initiated. See White, 23 Kan.App.2d at 455.

17. Lines 19 - 23 at page 4 and Lines 1 - 4 at page 5. Admit.

18. Lines 5 - 7 at page 5. Admit.

19. Lines 8 - 13 at page 5. Objection. In Exhibit I, the KCOA granted the plaintiff 365 days, which also entitles the plaintiff to an additional 15% good time while in prison ( 55 days ) credits had KDOC originally applied the jail time credit properly to Case No.2016-CR-000194 which deprived the plaintiff of his liberty interest of being unlawfully seized under the Fourth Amendment to the United States Constitution. Which could not have legally been applied to any case after the 2016-CR-000194 was terminated by serving his lawful sentence portion of the case, but, the KDOC made the contemplation that they could not apply this credit because he had already left. Yet somehow they managed to say they applied it. Where the plaintiff is unsure ?? Therefore, KDOC causing the constitutional deprivation of applicating the liberty interest of jail time credit now entitles the plaintiff to an amount of ( 365 days + 15% ( 55 days ) = 420 days ), plus any other awards from this Court if applicable. KDOC stated that even if the decision of the KCOA had occurred prior to his release, it would not have changed his March 10, 2020 release date. This is a " FALSE STATEMENT " constituing " Fraud Upon the Courts " ( 28 U.S.C.§ 1367; K.S.A.§ 60-260(b)(4) ), because it would have immediately released him to parole, still with an overserved sentence which was caused from the fault of KDOC not applying his award of jail time credit properly to begin with. The delay on the mandate was the comparative fault and negligence of the defendants actions from deprivating his jail time credit awards adequately. Finally, the report talks about a legislative amendment to K.S.A.§ 22-3722, which is inapplicable to plaintiffs case because he was sentenced before the issued amendment on July 1, 2023, and

the contemplation of " absconder status " was legally terminated upon his arrest
on 02/02/2016, and the legislative session only affects the time while in the
community on an " absconder status." The amendment on July 1, 2023 is several
years after the the plaintiff was sentenced in the 2016-CR-000194 after the
plaintiff was sentenced. The plaintiff also states that the KDOC continiously
allocates that the Court is merely " shuffling " or " exchanging " jail time
credit without any pertinent authority, the plain language of the jail time
credit statute's in Kansas never cite or read " shuffling " or " exchange "
jail time credit, which does clearly indicate that was what KDOC was intentionally
doing to the plaintiff in these instances. These actions constituted an
" invited error " by the KDOC which was more than harmless error, because it
caused the plaintiff a deprivation of his liberty interest and caused him to
overserve a sentnece in consistent with the Kansas state laws.

20.  Line 14 - 18 at page 5. Objection. The report provides that plaintiff clearly
overserved his sentence by an amount of ( 365 days + 15% ( 55 days ) = 420 days ),
because the 2016 case was continuing to run upon the sentencing of the Court
and the 2011 case postrelease supervision was lawfully suspended until the
2016 case was completed. All other claims are denied.

## III. DISCUSSION

21.  Lines 19 - 22 at apge 5, and Lines 1 - 18 at page 6. Objection. The plaintiff
contends that he is not confused about the issue's around his sentence
computation,He does however recognize that KDOC does notice it's fault in not
properly applying jail credit and then attempts to re-direct the court on
fault of the plaintiff.Defendant's were the government officials who were
responsible for the delay in the plaintiff overserving his sentence by 420
days,Caused by the defendant's original action in misapplicating his award
of jail time credit.This subsequently caused this complaint to be filed.
Additionally,The Legislative session again is inapplicable to clear up any of
these issue's,Because the plaintiff was incarcerated and not on any "absconder
status".The plaintiff contends that the KDOC adequately applied the award of
365 days as indicated in his Journal Entry.The plaintiff with 15% good time
would have been released 420 days earlier then March 10th, 2020.The plaintiff
would not have been delayed by filing numerous actions such as K.S.A.§ 60-1501
(Habeas Corpus),Then once the court of appeals overturned KDOC's unlawful

decisions,He then finally filed a 42 U.S.C.§ 1983,then a 28 U.S.C.§ 2241.
KDOC complains that the plaintiff is not entitled to relief.In fact KDOC had
blamed the court for shuffling of the jail time credit awarded from the
11CR2794 to the 16CR194,And then because of the court of appeals mandate the
KDOC shifts the blame on the court of shuffling his jail time credit around
in which "would have" released him 420 days early.The KDOC cite
Ewell v. Toney, 853 F.3d 911,917 (7th cir.2017),("[A] Section 1983 plaintiff
may not recieve damages for time spent in custody,If that time was credited to
a valid and lawful sentence".,The plaintiff contends that it originally was,
But,Because of KDOC shuffling the jail time credit around,It delayed the full
lawful application to the lawful sentence caused from fault of defendant's
Which caused him to overserve his sentence 420 days,Which does entitle him
to recieve damages from overserving his sentence.Defendant's unpublished
opinion is inapplicable to the circumstances and is hereby denied as to draw a
reasonable belief upon those circumstances relating to the current issue's
before this court.He might have been awarded the jail time credit,But, Because
KDOC failed to adequately apply the court ordered award of jail time credit
as mandated before his release,resulted in him overserving his sentence by
420 days,Entitling him to damages.KDOC invited error and then complained about
it later,Which does not entitle them to relief.(Invited Error Doctrine).

REQUESTED DISPOSITION

    In conclusion, the Plaintiff did " overserve " his sentence in Case No.
2016-CR-000194 by **420 days**, because Case No. 2016-CR-000194 was controlling until
it was completed, while Case No. 2011-CR-002794 was legally suspended until the
2016 case was completed. The defendant(s) invited the error and then later had
complained that it was the Court's fault because they " shuffled " his jail
credit, and a party who invite's an error cannot later complain about it. This
Court grant the plaintiff relief upon the request for compensatory damages and
punish the defendant(s) with an award of punitive damages for inviting the
deprivation of the Plaintiff's well-established Fourth and Fourteenth Amendment
rights to the United States Constitution in this case.

Respectfully Submitted,
Date: 12/04        , 20 23 .

/s/

Justin Tyler O'Quinn, # 104815
Norton Correctional Facility
PO Box 546
Norton, Kansas 67654 - 0546