JUSTIN TYLER O'QUINN #104815
NORTON CORRECTIONAL FACILITY
P.O. BOX 546
NORTON,KANSAS 67654-0546

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN
    Plaintiff
VS.                                               Case No.23-3117-JWL

LAURA KELLY, ET AL.,
    Defendant(s)

PLAINTIFF'S MEMORANDUM AND ORDER IN SUPPORT
OF PLAINTIFF'S COUNTER-CLAIM TO THE KDOC
REPORT IN "MARTINEZ VS. AARON" INVESTIGATION
CIVIL RIGHTS COMPLAINT.

Plaintiff brings this Pro-Se civil rights action under 42 U.S.C.§ 1983.
Plaintiff is incarcerated at he norton correctional facility in norton,ks
(NCF).The court granted the plaintiff leave to proceed in Forma Pauperis.
On August 11, 2023,The court entered a memorandum and order (Doc.16)(M&O),
Finding that the proper processing of plaintiff's claims cannot be achieved
without additional information from appropriate KDOC officials.
See Martinez v. Aaron,570 F.2d 317(10th Cir.1978);See also Hall v. Bellmon,
935 F.2d 1106(10th Cir.1991).Accordingly,The court ordered the KDOC officials
to prepare and file a Martinez report.The M&O provided that "[O]nce the
report has been recieved,The court can properly screen plaintiff's claim's
under 28 U.S.C.§ 1915A (Doc.16, at 5.)The Martinez report Doc.19) the report
was filed on 11/9/2023. The court then issued it's memorandum and order
Doc.[19].Plaintiff was ordered to respond by December 15, 2023.The court's
screening standards are set forth in the court's memorandum and order to show
cause at Doc.[5].

I.Nature of the Matter Before the Court.
1. Plaintiff's claim center's on a sentence computation issue made by the
Kansas Department of Corrections that involves him overserving his sentence

in Sedgwick County District Case No. 2016-CR-000194 by a total of 420 days. (365 days + 15% (55 days)=420 days. Plaintiff on February 2,2016 was arrested for violating the Kansas Offender Registration Act and was sentenced on February 1,2017 to a 24 month term of incarceration,The plaintiff was also on an absconder status warrant until February 2,2016,Which changed the plaintiff to a "In custody Status",Which was subject to provisions K.S.A. 2017 Supp. 22-3722 (a). Upon the arrival at the Kansas Department Of Corrections (KDOC) in March of 2017, The KDOC had stopped Case No.2016-CR-000194,While plaintiff Case No. 2011-CR-002794 was lawfully suspended until the completion of the 2016 case.

2. KDOC had made the plaintiff sit until his revocation for 1 year and then decided to start running [his] 24 month sentence which commenced on october 1, 2018, (Doc.1, at 2). Plaintiff raised the claims in june of 2019 of KDOC's failure to properly apply the awarded jail credit towards his new sentence in Case No.2016-CR-000194,Which caused him to overserve his sentence by 420 days.KDOC invited this error which was more than harmless, and now complains about it being the fault of the court and the plaintiff.

3. Plaintiff alleges that the invited error and failure of KDOC to properly apply the award of jail time credit resulted in him being held 420 days beyond his proper release date. Plaintiff's release date should have been around January of 2019. Plaintiff was wrongfully incarcerated pursuant to the fourth and fourteenth amendments to the united states constitution and seeks compensatory damages pursuant to 28 U.S.C.§ 1367 and K.S.A.§ 60-5004,but not limited thereto.

4. Plaintiff in Case No.2016-CR-000194 was required pursuant to K.S.A.§ 21-6615 to be awarded jail time credit for the time spent in custody awaiting the disposition of the defendant's case.K.S.A. 2018 Supp.21-6615 requires the sentencing court to award the defendant jail time credit for time spent in custody while awaiting the disposition of his or her case. State v. Smith,309 Kan,977,981,441 P.3d 1041 (2019).

"In Kansas, the right to jail time credit is statutory." State v. Fowler, 238 Kan. 326, 336, 710 P.2d 1268 (1985). The KDOC applies a sentencing challenge that is moot, because the Plaintiff was already awarded the jail time credit in dispute, and had already awarded it, but, the KDOC invited the error to misapplicate the award of jail time credit in which they now complain that it was the fault of the Court who " shuffled " the jail time credit, which caused the filing of this suite, and the jail time credit from the fault of KDOC could not be properly applied because the Plaintiff had completed his sentence. KDOC caused the delay. " Applying these principles, Kansas courts have found that sentencing challenges become moot after a sentencing is completed. " State v. Tracy, 311 Kan. 605, 605, 466 P.3d 434 (2020). The plaintiff's post release supervision for Case No. 2011-CR-002794 and his new sentence in Case No. 2016-CR-000194 are bifuricated sentences, and are effectively independent of one another. " A reading of the statutes indicates that, under the Kansas Sentencing Guidelines Act, a defendant is to serve a bifuricated sentence -- incarceration followed by postrelease supervision. Other than the interplay of good time credit, these two parts are effectively independent from one another. The statutes indicate postrelease time is mandatory and comes after a defendant has been released from incarceration. " Phillpot v. Shelton, 19 Kan.App.2d 654, Syl.¶ 8, 875 P.2d 289, rev. denied 255 Kan. 1003 (1994). " an " invited error " prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error. " United State v. Lopez-Medina, 596 F.3d 716, 733 n.10 (10th Cir. 2010)( internal quotation marks omitted ). " Our prior cases make clear that waiver bars a defendant from appealing an invited error. " United States v. Carrasco-Salazar, 494 F.3d 1270, 1272 (10th Cir. 2007).

5. KDOC stopped Plaintiff's sentence in 2016-CR-000194 and elapsed any time to vest towards any sentence ( telling him it was dead time ) until the Prisoner Review Board decided to revoke Plaintiff's 2011-CR-002794 case. Then improperly applied the **365 days** jail time credit awarded in the 2016 case and applied it to his indeterminate postrelease supervision in the 2011 case. KDOC then made the Plaintiff unlawfully serve his entire 2011 case before allowing him to serve the 2016 case that was already susposed to be running until it was completed. The 2011 case and any sanction time for the life-time post release was supposed to be served after his 2016 case was completed. The defendant(s) lacked personal jurisdiction to modify the Plaintiff's sentence in the manner in which he was to serve it, once it was legally pronounced from the bench. " Once the district court pronounces a legal sentence from the bench, it does not have jurisdiction to modify that sentence

absent statutory language allowing a modification. " State v. McKnight, 292 Kan. 776, 779, 257 P.3d 339 (2011); State v. Guder, 293 Kan. 763, 766, 267 P.3d 751 (2012)( quoting State v. Reed, 50 Kan.App.2d 1133, 336 P.3d 912 (Kan. 2014)).

6. KDOC had arbitrarily extended its powers to subvert its legal authorities in how the Plaintiff served his legal sentence in Case No. 2016-CR-000194, which was contrary to existing law under White v. Bruce, 23 Kan.App.2d 449, 452 - 455, 932 P.2d 448, rev. denied 262 Kan. 969 (1997), and KDOC as an " administrative agency " under the guise of its own rules and regulations could not substitute the Kansas Sentencing Guidelines statutes and the Court's judgments for making its own judgments inconsitent with the legislature. The defendant(s) excercised its sublegislative powers to modify, alter or enlarge the manner in which the legal sentence in Case No. 2016-CR-000194 was pronounced from the bench in this instant case. Additionally, it also did the same by applying the awarded **365 days** to the 2016 case and applied it to the 2011 case instead, in which it was even awarded towards the 2011 case, and if it had been, the Court would have so Ordered. " The delegation of power to make rules and regulations cannot extend to the making of rules which subvert the statute reposing such power, or which are contrary to existing law, or which repeal or abrogate statute. " Kansas Com. Civil Rights v. Topeka Street Dep't., 212 Kan. 398, 401, 511 P.2d 253 (Kan. 1973). Plaintiff also contends that the KDOC had no authority to apply the award of jail time credit of **365 days** to the postrelease supervision in the 2011 case because it was an indeterminate sentence, which cannot vest any jail time credit. " In the absence of valid statutory authority, an administrative agancy may not, under the guise of a regulation, substitute it's judgment for that of the legislature. It may not exercise its sublegislative power to modify, alter or enlarge the provisions of the legislative act which is being administered...( Citations omitted ). " Topeka Street Dep't., 212 Kan. at 402. " An administrative rule and regulation which goes beyond that which the legislature has authorized, which is out of harmony with or violates the statute, or which alters, extends, limits or attempts to breath life into the source of it legislative power, is said to be void...( Citations omitted ). " Topeka Street Dep't., 212 Kan. at 402.

7. KDOC as a result lacked personal jurisdiction over the defendant in Case No. 2016-CR-000194 to modify the judgment of the sentencing Court to stop tolling the 2016 case, and then making the defendant wait until he was officially revoked to allow him to start serving his postrelease first, applying his jail time credit to his postrelease supervision in the 2011 case, then re-toll the 2016 case. This

was an " invited error " by the KDOC in which who is now shifting the blame on the Sedgwick County District Court of " shuffling " his awarded jail time credit, when it was clearly the defendant(s) fault by the invited error who caused the delay of jail time credit to be served, in which caused the action of the " overserving " of his prison sentence in the 2016 case. Additionally, they also caused both of his sentences to be served illegally. " Personal jurisdiction is the power over a defendant's person which is required before a court can enter a personal or in personam judgment. " Carrington v. Unseld, 22 Kan.App.2d 815, 817, 923 P.2d 1052 (1996). " Personal jurisdiction may only be acquired by issuance and service of process as prescribed by statute or by voluntary appearance. " Kansas Bd. of Regents v. Skinner, 267 Kan. 808, 812, 987 P.2d 1096 (1999); See also K.S.A.§ 60-212(b)(2) ( lack of personal jurisdiction ).

8. The KDOC sentence computation unit violated the plaintiff's "Substantive Due Process" under the fourteenth amendmentto the united states constitution to allow the plaintiff to serve his 2016 case until it's completion, And then make him serve any postrelease supervision sanction time. "Substantive Due Process" protects individuals from arbitrary state action. "While procedural due process" protects the opportunity to be heard in a meaningful time and manner" Creecy v. Kansas Dep't Of Revenue,310 Kan,454,462,447 P.3d 959(2019).

9.The plaintiff's Case No. 2016-CR-000194 was a period of imprisonment, And the 2011-CR-2794 case was a suspended postrelease supervision term and could not be satisfied at the same time, And any award of jail time credit could not vest towards the 2011 case. Indeed our court noted, To hold otherwise would be "Fundamentally Illogical" because by statue, Postrelease supervision "Means" the release of a prisoner to a community after having served a period of imprisonment "K.S.A. 21-4703(p)". Now (K.S.A. 2014 Supp. 21-6803[p]. White v. Bruce,23 Kan.App 2d 449,452,932 P2d 448,rev. denied 262 Kan.969(1997)". So [o]bviously an individual who has been incarcerated is no longer released to the community as contemplated by K.S.A. 21-4703(p)". 23 Kan.App.2d at 452. See State v. Jackson, 328 P.3d 585,2014 WL 3397172 (Kan.App.2014)(unpublished opinion)(Citng White,23 Kan.App.2d 449,932 P2d 448,syl,¶2, In recognizing "A defendant on postrelease supervision cannot recieve credit for [postrelese] supervision when incarcerated on another charge when that charge results in a conviction and sentence" [Emphasis Added]. Therefore,KDOC could not credit the 420 days served towards the 2016 case, To the postrelease supervision in the 2011 case.

10. Plaintiff contends that in accordance with the ruling in Case No. 2016-CR-194 was ordered by Special Rule #9 (K.S.A. 21-6606) and ordered to run consecutive to Case No. 2011-CR-2794 and it was impossible for the defendant to serve his 2011 postrelease because although K.S.A. 21-6606 authorized the sentence, The plaintiff's postrelease was still legally suspended until the 2016 case was completed, In this instance case, The "Rule of Lenity" would require this court to interpret the meaning in favor of the accused in accordance with the ruling in White v. Bruce,23 Kan.App.2d 449,452,932 P.3d 448,rev,denied,262 Kan,969 (1997). "As a general rule, Criminal statutes must be strictly construed in favor of the defendant". State v. Paul,285 Kan.658,662,175 P.3d 840 (2008). "Any reasonable doubt as to the meaning of the accused, Subject to the rule the judicial interpretation must be reasonable and sensible to effect legislative design and intent" State v. Jackson 291 Kan.34,40,238 P.3d 246 (2010)". If as here, There are two reasonable and sensible interpretations of a criminal statue, The Rule of Lenity requires the court to interpret it's meaning in favor of the accused, State v. Coleman,294 Kan,84,97,273 P.3d 701 (Kan.2012)(Emphasis Added). The Rule of Lenity applies to this case because of the conflict in the sentencing statute K.S.A. 21-6606 and the holding in White v. Bruce, Which allows for an alternative means on how the defendant was to serve his 2016 first, Then serve his 2011 postrelease case, And although the 365 days was corrected to apply to the 2016 case, It was impossible, Because the plaintiff had already served the entire case to it's completion, Which included the 15% good time credit, KDOC already made the admission that they could not apply the the 365 days because the plaintiff had already completed his sentence, This shows that the plaintiff is entitled to compensatory damages for "Overserving" his 2016-CR-194 sentence by 420 days in violation of the fourth amendment to the United States constitution provision to be free from unlawful seizure of his person.

11.That, Here, The Rule of Lenity works to overcome the ambiguity of the sentencing guidelines statute K.S.A. 2021 Supp. 21-6606 et.seq (Special Rule)#9 and casts the balance in favor of Mr. O'Quinn's contentions that the court's created an alternative means for an individual to continue serving the new sentence first and the postrelease supervision status will be suspended until the new sentence is completed, "When faced with ambiguity about whether the legislature intended to create alternative means, This court applies the Rule of Lenity. State v. Williams,303 Kan.750,760,368 P.3d 1065(Kan,2016). "The Rule of Lenity provides that "[a]ny reasonable doubt about the meaning [of a criminal

statute] is decided in favor of anyone subjected to the criminal statute, State v. Williams,303 Kan.750,760,368 P.3d 1065(2016). See(If...there are two reasonable and sensible interpretations of a criminal statute, The Rule of Lenity requires the court to interpret it's meaning in favor of the accused"). Even when the statutory language is clear, This court must construe statutes to avoid unreasonable or absurd results. Northern Natural Gas Co. v. ONEOK Field Services Co.,296, Kan.906,918,296 P.3d 1106,cert.denied U.S.,134 S.CT.162,187 L.Ed 2d 40(2013)."Our cort determined that once a person is reincarcerated, they are no longer considered "Released to the community" as described by the post release supervision statute, White v. Bruce,23 Kan.App,449,452,932 P.2d 48,rev denied 262 Kan.969(1999). We reasoned that incarceration and postrelease supervision are mutually exclusive sentencing concepts and cannot be satisfied at the same time. Thus, "An inmate cannot logically remain on postrelease supervision if that inmate is incarcerated". 23 Kan.App.2d at 453. "our court determined that even though the parole board had not yet revoked white's post release supervision, White was no longer serving his postrelease supervision term and the time spent in prison could not vest as credit against his post release supervision term. Finally our court found that an individual shall continue to serve the new sentence first and the postrelease supervision status will be suspended until the new sentence is completed". 23 Kan.App.2d at 455. Therefore in this case the Rule of Lenity would result in favor of the accused Mr.O'Quinn, And the court would be required to direct an order in favor of the defendant to the Kansas Department Of Corrections to run Case No.16CR194 until it's completion and to suspend the status of Case No.11CR2794 until 16CR194 is completed and to apply the 365 days from 02/02/2016 to 02/01/2017 to the 2016-CR-000194 Case.

Conclusion.
Plaintiff contends that pursuant to K.S.A.§ 22-3722(a) Only pertains to a fugitive that fled from justice while on postrelease supervision, And that time is established at sentencing, The award of jail time credit has nothing to do with any "Fugitive from justice or absconder status". This deals with an award of time already served and not applied by the defendants properly K.S.A.§ 22-3722 is inapplicable to these issues. Additionally, The Martinez Report makes an admission that the Mandate came out "After" his completion of Case No.16CR194 At fault of KDOC, At that point could not have legally applied the jail credit to begin with. The plaintiff is entitled to an award of compensatory damages

for the overserving of his 16CR194 sentence by 420 days, And a deprivation to his constitutional rights by all defendants in their individual capacities, Both jointly and severally as this court deems adequate.

Respectfully Submitted,
Date: 12/04, 2023.

/s/

Justin Tyler O'Quinn, #104815
Norton Correctional Facility
P.O. Box 546
Norton, Kansas 67654-0546