IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

    **Plaintiff,**

v.                                      CASE NO. 23-3117-JWL

LAURA KELLY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas ("NCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 11, 2023, the Court entered a Memorandum and Order (Doc. 16) ("M&O"), finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the KDOC officials to prepare and file a *Martinez* Report. The M&O provided that "[o]nce the Report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 16, at 5.) The Court screened the Complaint after the *Martinez* Report (Doc. 19) (the "Report") was filed, and entered a Memorandum and Order (Doc. 20) directing Plaintiff to show good cause why this matter should not be dismissed. This matter is before the Court on Plaintiff's response (Doc. 21).

Plaintiff's claim centers on a sentence computation issue that involves jail credit. Plaintiff alleges that the failure to properly credit his jail time resulted in him being held beyond

his proper release date. Plaintiff claims his wrongful incarceration violated his constitutional rights and seeks compensatory damages.

Plaintiff names as defendants:  Laura Kelly, Governor of Kansas; Derek Schmidt, Attorney General of Kansas; and Joel Hrabe, NCF Warden.  Plaintiff has not indicated any personal participation by the Governor or Attorney General, and his request for compensatory damages against these defendants is barred by the Eleventh Amendment.  The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Plaintiff's claims against the Governor and Attorney General are dismissed.

After considering the record, the Court finds that Plaintiff's Complaint survives the Court's screening under 28 U.S.C. § 1915A, and requires a responsive pleading.  The Court directs the Clerk to serve Defendant Hrabe with waiver of service.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against the Governor and Attorney General are **dismissed**.

2

**IT IS FURTHER ORDERED** that Plaintiff's Complaint survives screening under 28 U.S.C. § 1915A.  The Clerk is directed to serve Defendant Hrabe with waiver of service.

**IT IS SO ORDERED**.

**Dated January 25, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**