In the "Martinez v. Aaron" Investigation Civil Rights Complaint, KDOC clearly makes the admission that they have placed the plaintiff in the same situation in Case No. 22CR1985 that warrants this court to take action to correct an Illegal sentence imposed by KDOC at anytime pursuant to supplemental jurisdiction 28 U.S.C. § 1367 and K.S.A. 22-3504 et seq. to correct the intolerable conduct that seems to be a continuing action by KDOC sentence computation unit and Kansas prisoner review board,

On 07-12-2023 the plaintiff was given a hearing by the Kansas prisoner review board on the above date for violation(s) of post release supervision, The hearing was for the purpose of considering the alleged violations of parole, Including any uncontested facts, and to consider whether the facts are sufficient to warrant revocation of parole, The decision that was made by the Prisoner Review Board was to Revoke Parole and Re parole to determinate sentence on 11-12-2023.

On 03-05-2024 Plaintiff was notified that the Prisoner Review Board held a revocation hearing on 03-01-2024 at Norton Correctional Facility for the same alleged violations of parole that warranted

revocation on 07-12-2023. The Prisoner Review Board decision was to Revoke parole and Re parole to determinate sentence on 03-16-2024.

Plaintiff asks this court to take Judicial notice that KDOC and the Kansas Prisoner Review Board has stopped the plaintiff from serving his current sentence once it was pronounced from the bench on 05-03-2023 in Case no. 22CR1985 before the sentence was to be completed. And has tolled all of his time served in prison to the "suspended post release" which has constituted the intolerable conduct. This action is unlawful and inconsistent with the holding in White v. Bruce, 23 Kan. App. 2d 449, 452-455, 932 P.2d 48, rev. denied 262 Kan. 969 (1999).

Respectfully Submitted,
Date: 4-3, 2024.

/s/ _____
Justin Tyler O'Quinn #104815
Winfield Correctional Facility
1806 Pinecrest Circle
Winfield, Kansas 67156