Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN TYLER O'QUINN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOEL HRABE, )<br>)<br>Defendant. )<br>) | Case No. 23-3117-TC-BGS |

## DECLARATION OF MICHELLE SULLIVAN

I, Michelle Sullivan, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. I have served as the Corrections Manager for the Kansas Department of Corrections Sentence Computation Unit (KDOC-SCU) since 2011. Prior to 2011, I was a supervisor with the KDOC-SCU and had held that position since 2000. I have worked for the KDOC since July 1993.

2. My duties include ensuring that sentences imposed by the District Courts are computed in accordance with all applicable statutes and Kansas Administrative Regulations. I also serve as a subject-matter expert regarding sentence computation (including ensuring the accuracy of time spent in custody, good-time credits, and all technical aspects of the computation).

3. I report to the Classification Director and Deputy Secretary of Facilities Management.

4. I have worked for KDOC for 30 years.

## Sentence Calculations for Justin O'Quinn

5. On June 26, 2015, O'Quinn satisfied the prison portion of the sentence imposed in Sedgwick County case 11-CR-2794 and was released to serve a lifetime period of post-incarceration supervision.

6. On February 8, 2017, O'Quinn was returned to a KDOC facility as a violator with a new sentence (Sedgwick County case 16-CR-194, a 24-month determinate sentence imposed on February 1, 2017).

7. On March 21, 2017, the Kansas Prisoner Review Board (KPRB) revoked O'Quinn's post-incarceration supervision in case 11-CR-2794 and passed him to a new hearing date of April 2018 under K.S.A. 75-5217(c).

8. O'Quinn was held in the Sedgwick County Jail on a KDOC warrant following his sentencing for case 16-CR-194 on February 1, 2017, until his transport to a KDOC facility on that KDOC warrant on February 8, 2017. He remained held in custody on the KDOC warrant at either the Sedgwick County Jail or a KDOC facility for the 48 days between his sentencing for case 16-CR-194 on February 1, 2017, and the revocation of his post-release supervision for case 11-CR-2794 on March 21, 2017 (the "48-day period").

9. In accordance with 22-3716(c)(5) and the district court's sentencing order, the period of incarceration for case 16-CR-194 ran consecutively to the period of incarceration for case 11-CR-2794.

10. On March 6, 2018, the KPRB issued a decision indicating that parole was granted to O'Quinn's determinate sentence on or after October 1, 2018.

2

11. On October 1, 2018, O'Quinn's 24-month determinate sentence was computed.

12. The journal entry of judgement filed February 3, 2017, for case 16-CR-194 reflects incarceration credit of 365 days and includes the following language "From 02/02/16-02/01/17 defendant was held on 16CR194 and KDOC warrant. If defendant has received credit for these dates in 11CR2794 then he is not eligible for duplicate credit for these dates in 16CR194".

13. Following the direction of the court in reference to duplicate credit, no incarceration credit was applied to O'Quinn's 24-month sentence, as the time in question had been credited towards 11-CR-2794.

14. The sentence begins date for 2016-CR194 was established as October 1, 2018.

15. Factoring in both good time earned and/or withheld; and program credit earned, while serving the 24-month sentence, O'Quinn's release date was March 10, 2020. On that date, O'Quinn was returned to post-incarceration supervision.

16. On November 30, 2020, on remand from the Kansas Court of Appeals, the Norton County District Court ordered KDOC to set aside any jail time credit credited towards O'Quinn's sentence in case 11-CR-2794, and to apply it instead to O'Quinn's sentence in case 16-CR-194.

17. According to the Kansas Court of Appeal's reasoning, KDOC also needed to take into account the 48-day period. According to the Kansas Court of Appeal's reasoning, these 48 days were also served on case 16-CR-194.

18. As O'Quinn had already served the prison portion of the sentence associated with 2016-CR-194 and was in the community on supervision, no action was taken by the

KDOC or KPRB as there was no longer a sentence to apply the credit towards.

19. If O'Quinn had not satisfied the prison portion of the sentence imposed in 16-CR-194, and the KDOC had applied the credit towards said sentence, O'Quinn's March 6, 2018 KPRB decision granting parole on or after October 1, 2018 would have been rescinded; and, a new decision would have been issued granting parole on or after November 18, 2019 in reference to and in accordance with K.A.R. 44-6-134 (Jail Time Credit) to ensure that duplicate credit was not awarded.

20. On November 18, 2019, O'Quinn's determinate sentence would have been computed by subtracting the awarded 365 days of jail credit, along with the 48 days referenced in the Appellate Decision which accounts for the time served during the 48-day period from November 18, 2019, resulting in a sentence begins date of October 1, 2018.

21. The period of time that good time was awarded would not have changed as the sentence begins date remained October 1, 2018.  The award period for good time begins with the sentence begins date and ends four months prior to an individual's earliest release date.  In O'Quinn's case the good time award period was/would have been October 1, 2018 to February 13, 2020 regardless of where the credit was applied.

21. There would have been no change in the release dates associated with the 2016-CR-194 sentence.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April  22 , 2024.

*M. Sullivan*

Michelle Sullivan, Manager
Kansas Department of Corrections
Sentence Computation Unit