Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN TYLER O'QUINN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-3117-TC-BGS |
| JOEL HRABE, | ) |
| Defendant. | ) |

### DECLARATION OF MARK KEATING

I, Mark Keating, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. I have been a member of the Kansas Prisoner Review Board (KPRB) since 01/03/2016.

2. The KPRB is part of the Kansas Department of Corrections (KDOC).

3. The KPRB's duties include deliberating on and issuing orders to grant, revoke, or establish conditions for parole, conditional release, and post-release supervision, and sending reports and recommendations to the governor regarding applications for clemency.

4. As part of my job duties, I am familiar with former inmate Justin Tyler O'Quinn (#104815), his revocation of post-release supervision in case 11-CR-2794, and the

granting of serving his sentence in case 16-CR-194 upon his completion of serving the aforementioned revocation period.

5. The KPRB revoked O'Quinn's post-release supervision in case 11-CR-2794 on March 21, 2017, and he was remanded back to the custody of a KDOC facility. He was passed to his next Parole Eligibility to April 2018.

6. O'Quinn was held in the Sedgwick County Jail on the KDOC warrant following his sentencing for case 16-CR-194 on February 1, 2017, until his transport to a KDOC facility on that KDOC warrant on February 8, 2017. He remained held in custody on the KDOC warrant at either the Sedgwick County Jail or a KDOC facility for the 48 days between his sentencing for case 16-CR-194 on February 1, 2017, and the revocation of his post-release supervision for case 11-CR-2794 on March 21, 2017 (the "48-day period").

7. The KPRB's decision on March 21, 2017 regarding the revocation of O'Quinn's post-release supervision for case 11-CR-2794 was, "Parole or Post Release Revoked. Pass to April 2018." O'Quinn remained incarcerated in a KDOC facility until he met with the KPRB for his next parole hearing on March 6, 2018.

8. When setting the timeframe for that parole hearing, the KPRB was aware of and took into consideration the 365 days of jail time credit that KDOC had applied at that time to case 11-CR-2794.

9. The 365 days of jail time credit were based on the time O'Quinn spent in jail between his arrest on February 2, 2016, for violating his post-release supervision for 11-CR-2794 and his sentencing for case 16-CR-194 on February 1, 2017.

2

10. When setting the timeframe for the parole hearing, the KPRB was also aware of and took into consideration the 48-day period, which KDOC had applied at that time to case 11-CR-2794.

11. On March 6, 2018, the KPRB rendered the decision of "Parole Granted to determinate sentence on or after October 1, 2018", granting O'Quinn to begin to serve the sentence for case 16-CR-194.

12. As part of that parole decision, the KPRB was aware of and took into consideration 365 days of jail time credit that KDOC had applied at that time to case 11-CR-2794.

13. As part of that parole decision, the KPRB was also aware of and took into consideration the 48-day period, which KDOC had applied at that time to case 11-CR-2794.

14. Effective October 1, 2018, O'Quinn was released from incarceration to post release supervision to continue serving the term of Lifetime Post Release Supervision pursuant to the sentence in case 11-CR-2794.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2024.

_____
Mark Keating
Kansas Prisoner Review Board Member
Kansas Department of Corrections