**In the United States District Court
for the District of Kansas**

───────────

Case No. 23-cv-03117-TC-BGS

───────────

JUSTIN TYLER O'QUINN,

*Plaintiff*

v.

LAURA KELLY, ET AL.,

*Defendants*

───────────

# ORDER

Plaintiff Justin O'Quinn "is incarcerated at the Norton Correctional Facility in Norton, Kansas." Doc. 22 at 1. He filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that his Fifth, Eighth, and Ninth Amendment rights were violated. Doc. 1 at 1, 4. His complaint named three individuals as defendants: "Laura Kelly, Governor of Kansas; Derek Schmidt, Attorney General of Kansas; and Joel Hrabe, NCF Warden." Doc. 22 at 2; *see also* Doc. 1 at 1–2. O'Quinn's complaint was screened, and his claims against the Governor and Attorney General were dismissed. Doc. 22 at 2. His claims against Hrabe survived screening. *Id.* Hrabe has now filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, motion for summary judgment under Rule 56. Doc. 32. Two reasons justify denying Hrabe's motion without prejudice.

First, briefs in support of motions for summary judgment must not exceed 40 pages and those in support of other motions, including Rule 12 motions, must not exceed 15 pages. D. Kan. R. 7.1(d)(2), (3). Hrabe's brief is 30 pages of substance, complying with the letter of the former limitation. Doc. 32. And it includes elements required in a motion for summary judgment, like a statement of uncontested facts. *Id.* at 3–7. But most of the brief—seeking dismissal for failure to state a claim—does not match its invocation of summary judgment. The bulk of Hrabe's arguments implicate the Rule 12 framework: they assert that, based on the allegations in the complaint, he is entitled to judgment as a matter of law for nine reasons. *See* Doc. 32 at 12–25.

1

Second, the summary judgment motion itself is early. In the ordinary course, a defendant would file and litigate a single Rule 12 motion and then, after discovery closed, file a single Rule 56 motion that relies on the facts discovered. To be sure, Rule 56 permits filing a summary judgment motion "at any time until 30 days after" discovery has closed. Fed. R. Civ. P. 56(b). But early motions are frequently denied because the case has not yet developed, no discovery has occurred, and the parties' claims and defenses have not been formalized by way of a pretrial order. *See generally* Fed. R. Civ. P. 56(b), Advisory Committee Notes (2010) (recognizing that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had," because scheduling orders and other pretrial orders "can regulate timing" to fit the needs of the case). That concern is apt here: no discovery appears to have occurred to date and no discovery will occur until after the pending motion has been resolved. Doc. 34. Moreover, multiple summary judgment motions filed throughout the course of litigation are generally disfavored, especially when they appear designed to avoid page limitations. *See, e.g.*, *Power Equip. Co. v. Turner Bros. Constr., Inc.*, No. 21-0153, 2022 WL 5166631, at *2 (D.N.M. Aug. 30, 2022) (citing several cases, including from the District of Kansas). Thus, even without the potential page-limit issue, Hrabe's motion for summary judgment would be denied without prejudice because it is premature.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Hrabe's motion to dismiss or, in the alternative, for summary judgment, Doc. 32, is DENIED without prejudice. Hrabe may file an answer or other response on or before **May 31, 2024**.

It is so ordered.

Date:  May 9, 2024                                s/ Toby Crouse
                                                  Toby Crouse
                                                  United States District Judge