**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JUSTIN TYLER O'QUINN, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-3117-TC-BGS |
| | ) |
| JOEL HRABE, *et al.*, | ) |
| | ) |
|           Defendants. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Joel Hrabe submits this memorandum, through Assistant Attorney General Matthew L. Shoger, in support of his motion under Fed. R. Civ. P. 12(b)(1) and (b)(6). Hrabe respectfully requests that this motion be granted and this action be dismissed. Hrabe attaches two exhibits – Exhibit A (KASPER Information Sheet) and Exhibit B (Selected State Court Documents from Sedgwick County case 2022-CR-001985) – and states the following in support.

**NATURE OF THE CASE**

Plaintiff Justin Tyler O'Quinn alleges that the Kansas Department of Corrections improperly calculated his sentences of incarceration by applying jail time credit to the wrong sentence, resulting in him allegedly being wrongfully incarcerated past his release date. (Doc. 1 at 2, 4-5.)

O'Quinn filed this suit on May 4, 2023. (Doc. 1.) A *Martinez* Report was filed November 9, 2023 (Doc. 19), and O'Quinn filed his response on December 4, 2023 (Doc. 21). On screening under the Prison Litigation Reform Act (PLRA), the Court dismissed defendants Governor Laura Kelly and Attorney General Derek Schmidt on January 25, 2024. (Doc. 22 at 2.) Only claims against former Norton Correctional Facility warden Joel Hrabe remain. (Doc. 22 at 2-3.)

O'Quinn alleges that his rights under the Fifth, Eighth, and Ninth Amendments were

violated, including cruel and unusual punishment, and he also alleges "wrongful incarceration." (Doc. 1 at 4-5.) Because O'Quinn does not specify the legal basis for his "wrongful incarceration" claim, Hrabe addresses it in this motion as if it might bring claims under federal statutes (28 U.S.C. §§ 1495, 2513), state statutes (K.S.A. 60-5004), and state common-law false imprisonment. O'Quinn seeks $5 million dollars in compensation from Hrabe. (Doc. 1 at 6.)

The Court should dismiss O'Quinn's official-capacity claims against Hrabe for lack of subject-matter jurisdiction due to Eleventh Amendment immunity and lack of constitutional standing. Alternatively, the Court should dismiss any remaining claims against Hrabe for failure to state a claim due to the applicable statutes of limitations, lack of personal participation, qualified immunity, lack of the requisite federal criminal penalty for an unjust-imprisonment claim under federal statutes, lack of the requisite reversal of a conviction and the requisite factual innocence for a wrongful-imprisonment claim under Kansas statutes, Ninth-Amendment claims not being available under § 1983, failure to allege any action by the federal government under the Fifth Amendment, and failure to exhaust administrative remedies. Lastly, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims given the absence of a sufficient federal claim.

**ARGUMENTS AND AUTHORITIES**

*Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. O'Quinn, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in

which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the sufficiency of a complaint generally rests on its contents alone, the court may also consider: (1) documents that the complaint incorporates by reference, (2) documents that the complaint references if they are central to the plaintiff's claims, and (3) matters of which a court may take judicial notice, which includes court records in any related court proceedings. *Gee v. Pacheco*, 627 F.3d 1178, 1186, 1191 (10th Cir. 2010). At the motion to dismiss stage, documents of which the court takes judicial notice "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And a *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.*

*Qualified Immunity Standard*

Qualified immunity protects from civil liability government officials whose actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). When a defendant raises the qualified immunity defense, it creates a presumption that the defendant is immune from suit. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021). Qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (emphasis in original).

To overcome the presumption of immunity, the burden shifts to the plaintiff to show (1) the defendant's alleged conduct violated a federal statutory or constitutional right, and (2) that right was clearly established at the time of the alleged violation. *Janny*, 8 F.4th at 913. "The court has discretion to decide which of the two prongs of the qualified-immunity analysis to address first." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The clearly-established right must be clear from applicable case law, *Colbruno v. Kessler*, 928 F.3d 1155, 1161 (10th Cir. 2019), and must be defined with specificity, *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019).

**I. The Eleventh Amendment bars O'Quinn's federal claims against Hrabe in his official capacity.**

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). State officials such as KDOC employees share the state's immunity from suits against them in their official capacities. *See id.; White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). A narrow exception allows a

plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But claims for "retrospective declaratory relief" are barred. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

Here, O'Quinn requests only monetary damages in the form of compensatory damages (Doc. 1 at 6), which are barred by the Eleventh Amendment as asserted against Hrabe in his official capacity. O'Quinn does not request prospective relief. Therefore, O'Quinn's federal claims against Hrabe in his official capacity should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

## II. O'Quinn fails to establish constitutional standing for his claims against Hrabe due to lack of causation.

To establish federal subject-matter jurisdiction, plaintiffs must show that they have standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The "irreducible constitutional minimum of standing" contains a triad of requirements: injury in fact, causation, and redressability. *Id*. at 102-03. This triad "constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-04. For the second prong, causation, "there must be . . . a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id*. at 103. Here, aside from the Complaint naming Hrabe in the caption (Doc. 1 at 1) and describing him as the acting warden of Norton Correctional Facility (Doc. 1 at 3), Hrabe is not mentioned anywhere else in the Complaint. O'Quinn does not complain of any conduct by Hrabe, much less conduct that could be fairly traced and connected to O'Quinn's injuries.

5

Therefore, O'Quinn lacks constitutional standing to bring any claims against Hrabe because he has not plausibly alleged causation by Hrabe.

**III.   O'Quinn's § 1983 claims and any false-imprisonment claims are untimely and barred by the applicable statutes of limitations.**

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

Here, O'Quinn asserts that he was held in prison longer than he should have been. His Complaint refers to being in KDOC custody from 2017 to at least 2019. (Doc. 1 at 2.) The court can take judicial notice of the location history for O'Quinn in the Kansas Adult Supervised Population Electronic Repository (KASPER) report contained in Exhibit A. *United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (citing *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) and *United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008)); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (holding the court can properly consider under Rule 12(b)(6) "matters of which a court may take judicial notice"). According to that location history, O'Quinn was released from KDOC custody on March 10, 2020, for "In-State Post Release." (Exhibit A at 4.)

The Kansas Court of Appeals ruled on October 16, 2020, that O'Quinn's jail time credit should be applied differently. *O'Quinn v. State*, 473 P.3d 385 (table opinion), 2020 WL 6108419, at *4 (Kan. Ct. App. Oct. 16, 2020); *see also Gee*, 627 F.3d at 1191 (saying the court can take judicial notice of court records in any related court proceedings). Following that

6

decision, the state district court issued an order on November 30, 2020 for KDOC to apply O'Quinn's jail time credit in accordance with the Kansas Court of Appeal's decision. (Doc. 19-1 at 39); *see also Gee*, 627 F.3d at 1191. O'Quinn's Complaint was filed on May 4, 2023. (Doc. 1.)

### A. O'Quinn's § 1983 claims are untimely under the applicable two-year statute of limitations.

For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50). In Kansas, the two-year statute of limitations under K.S.A. 60-513(a)(4) applies to § 1983 claims. *M.A.C. v. Gildner*, 853 F. App'x 207, 209 (10th Cir. 2021) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (en banc)). Accrual of the federal action – and thus when the limitations period begins to run – is controlled by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

Here, O'Quinn brings § 1983 claims, so the two-year statute of limitations from K.S.A. 60-513(a)(4) applies. Although O'Quinn does not mention when or how Hrabe was involved in his alleged injuries, O'Quinn would have had knowledge or constructive knowledge of his injuries from the Kansas court decisions on October 16, 2020, and November 30, 2020, which directed KDOC to apply his jail time credit differently. So the latest the § 1983 claims would have accrued is November 30, 2020. Over two years passed from that date before O'Quinn filed his Complaint on May 4, 2023. Therefore, unless the statute of limitations was sufficiently tolled, O'Quinn's § 1983 claims are barred by the applicable two-year statute of limitations.

### B. Any false-imprisonment claim is untimely under the applicable one-year statute of limitations.

Under Kansas law, a one-year statute of limitations applies to false-imprisonment claims under K.S.A. 60-514(b). The statute of limitations for false imprisonment begins to run when the tortious conduct ends. *See EEOC v. Mico Oil Co.*, No. 87-2471-0, 1988 WL 139481, at *3 (D. Kan. Dec. 27, 1988). This statute of limitations "does not contain a discovery rule, and there is no authority that a cause of action governed by [the] statute does not accrue until discovered." *Cooper v. Home Depot*, No. 11-1006, 2011 WL 2470357, at *5 (D. Kan. June 20, 2011); *see also Kelly v. VinZant*, 287 Kan. 509, 528 (2008) (holding that a claim for battery, which is also governed by K.S.A. 60-514(b), accrues at the time of a touching even if fraud used to induce consent was not immediately discovered because "[t]he legislature has not provided an exception to or stated any circumstances extending the statute of limitations for battery based upon concealment of fraud or an inability to discover the battery").

Here, O'Quinn brings a "wrongful incarceration" claim. If this is interpreted as a false-imprisonment claim, the one-year statute of limitations from K.S.A. 60-514(b) applies. Although O'Quinn does not mention when or how Hrabe was involved in his alleged injuries, the latest day O'Quinn could have been falsely imprisoned would have been the day he was released from custody, which occurred on March 10, 2020. So that date would be when Hrabe, if involved, would have ended his tortious conduct. *See Mico Oil*, 1988 WL 139481, at *3. Over three years passed from that date before O'Quinn filed his Complaint on May 4, 2023. Therefore, unless the statute of limitations was sufficiently tolled, any state-law false-imprisonment claims are barred by the applicable statute of limitations.

### C. O'Quinn has not alleged a valid basis to toll sufficiently the statutes of limitations.

O'Quinn has not asserted any basis for tolling the statutes of limitations. Even if the court

considers any tolling due to the COVID-19 pandemic, any such tolling would be insufficient to make this action timely. The Kansas Supreme Court issued administrative orders during the COVID-19 pandemic under authority granted by K.S.A. 20-172 that tolled limitations periods and statutory deadlines between March 19, 2020 and April 15, 2021. *Centrinex, LLC v. Darkstar Grp., LTC*, No. 12-2300-EFM, 2022 WL 16833759, at *4 (D. Kan. Nov. 9, 2022). As stated above, the latest the § 1983 claims would have accrued is November 30, 2020. Because this was during the period of tolling for COVID-19, the two-year statute of limitations for the § 1983 claims would not have begun to run until April 15, 2021, when the period of tolling for COVID-19 ended. K.S.A. 20-172(d)(2). The statute of limitations would have finished running for the § 1983 claims on April 15, 2023. O'Quinn filed his Complaint after that date, on May 4, 2023.

And, as stated above, the latest a state-law false-imprisonment claim would have accrued is March 10, 2020. The one-year statute of limitations for the false-imprisonment claim would have begun to run on that day. Between then and March 19, 2020, when the tolling period for COVID-19 began, nine days would have passed. Then the statute of limitations would have resumed April 15, 2021. K.S.A. 20-172(d)(1). The statute of limitations would have finished running for the state-law false-imprisonment claim on April 6, 2022. O'Quinn filed his Complaint over a year after this date, on May 4, 2023.

Therefore, even considering any tolling due to the COVID-19 pandemic, O'Quinn's § 1983 claims and any false-imprisonment claims are untimely and barred by the applicable statutes of limitations.

**IV.     Hrabe is entitled to dismissal of O'Quinn's § 1983 claims because O'Quinn fails to state the requisite personal participation of Hrabe.**

"Liability under § 1983 requires personal participation in the unlawful acts." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005). "Section 1983 does not authorize liability under a

theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Rather, a plaintiff must show an "affirmative link" between a defendant's actions and their alleged constitutional injury. *Id.* To establish the affirmative link, a plaintiff must show: (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind. *Id.* Here, Hrabe cannot be liable under O'Quinn's claims because he was not personally involved in O'Quinn's injury. Aside from the Complaint naming Hrabe in the caption (Doc. 1 at 1) and describing him as the acting warden of Norton Correctional Facility (Doc. 1 at 3), Hrabe is not mentioned anywhere else in the Complaint. O'Quinn does not allege that Hrabe acted at all, much less acted in a way that made him personally involved in O'Quinn's injury, in a way that made him cause O'Quinn's injury, or with a culpable state of mind. Therefore, the claims against Hrabe should be dismissed because O'Quinn fails to state a claim against Hrabe due to lack of personal participation in O'Quinn's injury. Alternatively, it was not clearly established that any alleged actions constituted a violation, so qualified immunity requires dismissal.

**V.    O'Quinn is not entitled to compensatory damages under the PLRA when he cannot show physical injury.**

Under the PLRA, O'Quinn cannot receive damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Here, O'Quinn has not alleged a physical injury or the commission of a sexual act, so he cannot receive damages for mental or emotional injury in this case. So his claims, which seek only compensatory damages (Doc. 1 at 6; *see also* Doc. 20 at 2; Doc. 22 at 2), should be dismissed for failure to state a claim.

**VI.   Hrabe is entitled to dismissal of any unjust-imprisonment claim under 28 U.S.C. §§ 1495 and 2513 because it only applies to federal criminal penalties.**

Because O'Quinn does not specify the legal basis for his "wrongful incarceration" claim,

Hrabe addresses it in this motion as if it might bring claims under federal statutes (28 U.S.C. §§ 1495, 2513), state statutes (K.S.A. 60-5004), and state common-law false imprisonment. 28 U.S.C. § 1495 reads as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

This statute has a companion statute, 28 U.S.C. § 2513, which applies only to claims "under section 1495." 28 U.S.C. § 2513. As stated in § 1495, these statutes apply only to persons "convicted of an offense against the United States and imprisoned." That means these statutes only apply to imprisonment based on *federal* criminal offenses. *See Taylor v. Colburn*, No. 23-3155-JWL, 2023 WL 8697812, at *3 n.1 (D. Kan. Dec. 15, 2023) (holding that these federal statutes do not apply to claims based on "state court criminal proceedings").

Here, if O'Quinn's "wrongful incarceration" claim is interpreted as a claim under 28 U.S.C. §§ 1495 and 2513, then it fails to state a claim because O'Quinn does not allege that he was imprisoned based on a federal criminal offense. Therefore, Hrabe is entitled to dismissal of any unjust-imprisonment claim under 28 U.S.C. §§ 1495 and 2513 for failure to state a claim.

### VII. Hrabe is entitled to dismissal of any wrongful-imprisonment claim under K.S.A. 60-5004 because it only applies when a conviction is reversed or vacated and it requires factual innocence.

Because O'Quinn does not specify the legal basis for his "wrongful incarceration" claim, Hrabe addresses it in this motion as if it might bring claims under federal statutes (28 U.S.C. §§ 1495, 2513), state statutes (K.S.A. 60-5004), and state common-law false imprisonment. To bring a claim for wrongful imprisonment under K.S.A. 60-5004, a claimant must be "a person convicted and subsequently imprisoned for one or more crimes that such person did not commit." K.S.A. 60-5004(a). The claim has the following additional elements:

11

> (A) The claimant was convicted of a felony crime and subsequently imprisoned;
>
> (B) the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty;
>
> (C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and
>
> (D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction. Neither a confession nor admission later found to be false or a guilty plea shall constitute committing or suborning perjury, fabricating evidence or causing or bringing about the conviction under this subsection.

K.S.A. 60-5004(c)(1).

Here, O'Quinn does not allege element B because he does not allege that his judgment of conviction was reversed or vacated. Not only was his *conviction* not altered, his *sentence* was not even altered. The court only ordered a change to how his *sentence* was *calculated*. He also fails to allege the second part of element B, that the charges against him were dismissed or that on retrial he was found to be not guilty. *See In re Sims*, 318 Kan. 153, 159-61, Syl. ¶¶ 1-2 (Kan. 2024) (interpreting element B).

Additionally, O'Quinn does not qualify as a "claimant" to bring a claim under the statute because he does not allege that he did not commit the crimes for which he was convicted. K.S.A. 60-5004(a); *see also Hall v. Dahl*, No. 21-3086-SAC, 2021 WL 3144644, at *2 n.1 (D. Kan. July 26, 2021) (citing K.S.A. 60-5004(a)) (saying that a claim is not brought under K.S.A. 60-5004 unless the plaintiff alleges a wrongful conviction because they did not commit the crimes). This also means O'Quinn does not allege the first part of element C. Further, under the second part of element C, actual innocence must be the grounds that "resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial." And the

12

Kansas Supreme Court recently held that under element D "the claimant must show factual innocence from the charges giving rise to criminal liability before receiving compensation" under K.S.A. 60-5004. *In re Spangler*, 547 P.3d 516, 522 (Kan. 2024). O'Quinn has not. Therefore, because O'Quinn does not qualify as a claimant and because he cannot meet the elements of the claim, any wrongful-imprisonment claim under K.S.A. 60-5004 should be dismissed for failure to state a claim.

### VIII. Hrabe is entitled to dismissal of O'Quinn's Ninth-Amendment claim because Ninth-Amendment claims cannot be brought under § 1983.

"[T]he Ninth Amendment is not an independent source of individual rights; rather, it provides a rule of construction that [courts] apply in certain cases." *Holmes v. Town of Silver City*, 826 F. App'x 678, 681 (10th Cir. 2020) (quoting *Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007)). So a plaintiff "cannot pursue a claim for an alleged violation of the Ninth Amendment in a suit under § 1983." *Id.* at 682. Therefore, Hrabe is entitled to dismissal of O'Quinn's Ninth-Amendment claim for failure to state a claim.

### IX. Hrabe is entitled to dismissal of O'Quinn's Fifth-Amendment claim because the Fifth Amendment applies only to action by the federal government.

"The Fifth Amendment applies 'only to action by the federal government.'" *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1148 n.9 (D. Kan. 2019) (quoting *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013)). Here, O'Quinn does not allege any actions by the federal government, so the Fifth Amendment does not apply. Therefore, Hrabe is entitled to dismissal of O'Quinn's Fifth-Amendment claim for failure to state a claim.

### X. Hrabe is entitled to dismissal of O'Quinn's § 1983 claims because O'Quinn failed to exhaust his administrative remedies under the PLRA.

The PLRA requires an inmate to exhaust all available administrative remedies before bringing a § 1983 claim about prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534

U.S. 516, 520 (2002). "The Tenth Circuit has held that the time frame for determining whether a plaintiff is required to exhaust his administrative remedies under the PLRA is whether the plaintiff was incarcerated at the time he filed suit." *Watson v. Evans*, No. 13-3035-EFM, 2014 WL 7246800, at *4 (D. Kan. Dec. 17, 2014) (citing *Norton v. City of Martietta*, 432 F.3d 1145, 1150 (10th Cir. 2005)).

Here, the Complaint says plainly that at the time of filing the Complaint, O'Quinn "presently resides at Sedgwick County Detention Facility." (Doc. 1 at 1.) The court can take judicial notice under Federal Rule of Evidence 201(b)(2) that plaintiff's address listed on the Complaint, which is also the return address on the envelope, 141 W. Elm, Wichita, KS 67203 (Doc. 1 at 1; Doc. 1-2.), is the address of the Sedgwick County Detention Facility.[1] The court can take judicial notice of the state court records attached as Exhibit B, which come from a related court proceeding. *See Gee v. Pacheco*, 627 F.3d 1178, 1186, 1191 (10th Cir. 2010). The court can also take judicial notice of the location history for O'Quinn in the Kansas Adult Supervised Population Electronic Repository (KASPER) report contained in Exhibit A. *United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (citing *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) and *United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008)).

O'Quinn pled guilty to an offender registration violation (a felony) on March 3, 2023 (Exhibit B at 1), and he was sentenced on May 3, 2023, to incarceration for 28 months (Exhibit B at 2, 5). He continued to be detained at the Sedgwick County Detention Facility while he

---

[1] *Deffendall v. Stinson*, No. 21-cv-14201, 2023 WL 8170937, at *5 n.7 (S.D. Fla. Nov. 24, 2023) (citing Fed. R. Evid. 201(b)(2)); *see also Spivey v. Schiofman*, No. 4:22-CV-00018, 2022 WL 2541133, at *2 n.5 (N.D. Fla. Apr. 18, 2022); *Darowski v. Wojewoda*, No. 3:15-cv-00803, 2016 WL 4179840, at *8 n.3 (D. Conn. Aug. 7, 2016); *Jefferson v. Grondolsky*, No. 12-10030, 2013 WL 791855, at *2 n.2 (D. Mass. Mar. 1, 2013); *Valle v. 850 Bryant St. CJ2 7th Floor Med./Mental Health*, No. C 07-1333, 2007 WL 1690358, at *2 (N.D. Cal. June 11, 2007).

awaited transportation to a KDOC facility, which occurred on May 31, 2023. (Exhibit B at 7-8; Exhibit A at 3.) So, on or around May 4, 2023, at the time the Complaint was filed, O'Quinn fit the PLRA's definition of "prisoner," which includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 42 U.S.C. 1997e(h). Thus, the PLRA's exhaustion requirement applies here.

Although failure to exhaust is an affirmative defense under the PLRA, failure to exhaust can support a 12(b)(6) dismissal when clear from the face of the complaint. *Burnett v. Okla. Dep't of Corr.*, 737 F. App'x 368, 371 (10th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)). The applicable grievance procedure is set forth in K.A.R. § 44-15-101 *et seq*. See *Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021). Here, O'Quinn admits to not exhausting administrative remedies in the Complaint. (Doc. 1 at 6.) Therefore, it is clear from the face of the Complaint that O'Quinn failed to exhaust his administrative remedies regarding the allegations in his lawsuit. This Court should grant summary judgment to Hrabe on the § 1983 claims due to failure to exhaust.

## XI. The Court should decline to exercise supplemental jurisdiction over remaining state-law claims given the absence of a sufficient federal claim.

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, all federal claims should be dismissed for the reasons above, and the court should decline to exercise jurisdiction over any remaining state claims.

## CONCLUSION

For these reasons, Hrabe requests that the Court dismiss O'Quinn's claims against him for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim in light of qualified immunity. It was not clearly established that any alleged actions constituted a violation.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

<u>/s/ Matthew L. Shoger</u>
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Natasha.Carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

Robert E. Wasinger
Kansas Department of Corrections - Ellsworth
P.O. Box 107
Ellsworth, KS 67439
Bob.Wasinger@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above will be served on June 3, 2024, by means of first-class mail, postage prepaid, addressed to:

Justin Tyler O'Quinn, #104815
Winfield Correctional Facility
1806 Pinecrest Circle
Winfield, KS 67156
*Plaintiff, pro se*

> */s/ Matthew L. Shoger*
> Matthew L. Shoger
> Assistant Attorney General