IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Justin Tyler O'Quinn #104815                  )
                                              )
                              Plaintiff(s),   )
                                              )
v.                                            )    Case No. 23-3117-TC-BGS
                                              )
Laura Kelly, Et al                            )
                                              )
                              Defendant(s).   )
                                              )

7-31-2024

pg.1

Case No. 23-3117

This is an action brought by Justin T. O'Quinn #104815 while confined at Winfield Correctional Facility, Plaintiff Justin T. O'Quinn submits this Notice to show cause through self-representation Pro-se in response to the court's Notice and order to show cause. This is submitted in opposition to defendant's motion to dismiss which seeks dismissal of the complaint so this court will not determine this matter as an uncontested motion. The plaintiff states the following in support:

When plaintiff Justin T. O'Quinn recieved favorable termination from the District court, KDOC clearly elected to disregard the mandated order and makes the admission that they have placed him in the same situation in case no. 22CR1985. This seems to be a continuing violation of intolerable conduct imposed by KDOC sentence computation unit, As well as the admissions made by the defendant's in their declarations and attempting to re-direct the court to justify the reasons they had amittedly failed to follow the mandate which has caused constitutional injury and displays a clear contempt to intentionally deprive the plaintiff of his liberty interest and caused him to overserve a sentence that was consistant with Kansas State Law.

pg. 2                                                  Case No. 23-3117

Plaintiff was under the assumption that a response was not needed due to the straight forward admission in defendant's Michelle Sullivan and Mark Keating's declaration's. The plaintiff was also informed by the clerk of the court during a phone call that a response was not necessary. In addition with the order to show cause the court still has a duty to adjudicate the issues presented on the merits by law.

WHEREFORE, The defendants listed herein should be held accountable for their actions as well as the admissions made in their declarations. In regards to the defendant's motion to dismiss, Plaintiff request that the defendant's motion be denied for the same reasons that were adjudicated within the court's post orders and plaintiff request any other remedy the court's find just and equitable.

7-31-2024

pg. 3

Case No. 23-3117

On 5-9-2024 the court's determined two reasons justifying denying Hrabe's motion for summary judgement. Most of the brief that seeked dismissal for failure to state a claim - did not match it's invocation of summary judgement and was determined as premature. Also was not to exceed 40 pages and in support of other motions including Rule 12 must not exceed 15 pages D.Kan.R.7.1.(d)(2), (3).

On 5-29-2024 defendant Hrabe took no position on plaintiff's motion for permission to amend complaint. But in light of the motion to amend, Defendant requested to stay the deadline to file an answer until 14 days after the motion to amend is resolved by the court and that good cause existed for the motion to stay deadlines that was ordered as moot on 6-3-2024.

On 5-31-2024 defendant Hrabe submits another memorandum in support of his motion under Fed.R.Civ.P.12(b)(1) and (b)(6). This is a continuous effort by defendant Hrabe who requests this action be dismissed after multiple attempts to persuade the court's in presenting the same failed arguments / denied motions that have been determined as premature or moot.

7-31-2024

pg. 4

Case No. 23-3117

Michelle Sullivan declares under the penalty of perjury that the foregoing is true and correct and her duty is to ensure that sentences are imposed by the district court's are computed in accordance with applicable statutes and Kansas Administrative Regulations. Also serving as a subject matter expert in regards to sentence computation. In ¶13 of her declaration she indicates the time credited by the direction of the court had been applied towards case no. 11CR2794.

In ¶14 she says the sentence begins date was established as 10-1-2018. On 11-30-2020 the Kansas Court of Appeals remanded the Norton county district court decision and ordered KDOC to set aside any jail time credit towards case no. 11CR2794 and apply it towards case no. 16CR194.

Michelle Sullivan clearly made the admission she did not follow applicable statutes or Kansas administrative regulations when assuring the accuracy of time spent in custody, good time credits or technical aspects of the computation with sentences imposed by the District court. This displays a clear contempt to intentionally deprive the plaintiff of his liberty interest and caused him to overserve a sentence that was consistent with Kansas State Law.

7-31-2024

pg. 5                                                  Case No. 23-3117

Mark Keating declares under the penalty of perjury that the foregoing is true and correct and his duty is to deliberate and issue orders to grant, revoke or establish conditions for parole, conditional release, and post-release supervision. He claims that the Kansas prisoner review board revoked the post-release in case no. 11CR2794 until April 2018. The KPRB decision was to re-parole the plaintiff to his determinate sentence in case no. 16CR194 on 10-1-2018 as said in ¶14 of his declaration. In ¶8, He claims he was aware of the 365 days of jail time credit that KDOC had applied towards Case No. 11CR2794. In ¶10, ¶13, He was also aware of the 48 day period that KDOC had applied towards case no. 11CR2794. In ¶14 he claims the plaintiff was released from incarceration to post-release supervision. But in light of the Certificate Of Release that was issued to the plaintiff clearly reflected a release date of 3-10-2020, EXHIBIT K, pg 1 of 8. The KPRB did not have lawful jurisdiction over the plaintiff to stop the 16CR194 case until it was completed. This displays a clear contempt to intentionally deprive the plaintiff of his liberty interest and caused him to overserve a sentence consistant with Kansas State Law.

pg. 6

Case no. 23-3117

Respectfully Submitted;
7-31-2024
Justin T. O'Quinn # 104815

*[signature]*