UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

      Plaintiff,

      v.

JOEL HRABE, Warden, Norton Correctional Facility, individual and official capacity, *et al.*,

      Defendants.

Case No. 23-3117-TC-BGS

**MEMORANDUM & ORDER DENYING**
**MOTION FOR APOPINTMENT OF COUNSEL**

NOW BEFORE THE COURT is *pro se* Plaintiff's second motion requesting the appointment of counsel. (Doc. 53.) For the reasons set forth herein, that motion is **DENIED**.

**I.    Background.**

Plaintiff filed his federal court Complaint on May 4, 2023, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 1.) More specifically, as summarized by District Judge John Lungstrum, Plaintiff's claim "centers on a sentence computation issue that involves jail credit. Plaintiff alleges that the failure to properly credit his jail time resulted in him being held beyond his proper release date. Plaintiff claims his wrongful incarceration violated his constitutional rights and seeks compensatory damages." (Doc. 22, at 2-3.) The Complaint named the following Defendants: Laura Kelly, Governor of the State of Kansas; Derek Schmidt, Attorney General of the State of Kansas; and Joel Hrabe, Norton Correctional Facility Warden. Plaintiff seeks compensatory damages. (Doc. 5, at 2.)

In conjunction with his federal court Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit by a Prisoner. (Doc. 2, "*in forma pauperis* motion.") He

1

also filed a Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel. (Doc. 3.) On May 5, 2023, District Judge Lungstrum entered a Memorandum and Order to Show Cause addressing Plaintiff's Complaint and his two contemporaneously filed motions. (Doc. 5.) Judge Lungstrum found that Plaintiff's Complaint was insufficient and ordered him to show cause why it should not be dismissed. (*Id.*)

That same Order granted Plaintiff's *in forma pauperis* motion but denied, without prejudice to refiling, Plaintiff's Motion for Appointment of Counsel. (*See* Doc. 5.) In doing so, the District Court "evaluate[d] the merits of [Plaintiff prisoner's] claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.'" (*Id.*, at 6 (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citation omitted).) The Court held that "(1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." (*Id.*) The Court denied Plaintiff's request for counsel "without prejudice to refiling the motion if [his] Complaint survives screening." (*Id.*) Plaintiff was ultimately given until July 13, 2023, to respond and show cause why his Complaint should not be dismissed. (*Id.*; *see also* Doc. 6.)

Following additional filings by Plaintiff and determinations by the Court, the District Court held that Plaintiff failed to indicate "any personal participation by the Governor or Attorney General, and his request for compensatory damages against these defendants is barred by the Eleventh Amendment. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment." (Doc. 22, at 2.) The Court thus dismissed Plaintiff's claims against Governor Kelly and Attorney General Schmidt. (*Id.*) The Court found,

however, that Plaintiff's claim against Defendant Hrabe "survives the Court's screening under 28 U.S.C. § 1915A, and requires a responsive pleading."[1]  (*Id.*)

Plaintiff was allowed to amend his Complaint, without objection from Defendant, on June 3, 2024.  (Doc. 45, text Order.)  The Amended Complaint kept the same cause of action while adding Defendants Michelle Sullivan, manager of the Kansas Department of Corrections Sentence Computation Unit, and Mark Keating, member of Kansas Prisoner Review Board.  (*See generally* Doc. 46.)  This resulted in Defendants filing a Motion to Dismiss on June 18, 2024, which remains pending before the District Court.[2]  (Doc. 48.)

Plaintiff subsequently filed his second Motion for Appointment of Counsel (Doc. 53), which is the subject of the present Order.  Therein, Plaintiff lists four attorneys/legal offices he has contacted regarding potential representation.  (*Id.*)  The motion specifically indicates that Plaintiff must confer with "at least five attorneys regarding legal representation."  (*Id.*, at 2.)  Rather than deny Plaintiff's motion on this technical deficiency, the Court will address the motion on its substantive merits.

### II.       Legal Analysis as to Request for Counsel.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision

---

[1] Defendant Hrabe subsequently filed a Motion to Dismiss/Motion for Summary Judgment requesting that Plaintiff's claims be dismissed.  (Doc. 32.)  District Judge Toby Crouse, to whom the case had been reassigned, denied this dispositive motion without prejudice.  (Doc. 35.)

[2] Plaintiff initially failed to respond to this dispositive motion but did so after the District Court entered a Show Cause Order requiring Plaintiff to establish why the dispositive motion should not be granted as unopposed.  (*See* Docs. 49, 50, and 52.)

whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff is incarcerated and has been given leave to proceed *in forma pauperis* in this case. This weighs in favor of appointing counsel. The second factor relates to the Plaintiff's diligence in searching for counsel. Plaintiff must show that he "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). As mentioned above, the Court typically requires the movant to confer with at least five attorneys. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates he has contacted four attorneys. (*See* Doc. 53.) For purposes of this motion, however, the Court will not find that this factor weighs for or against Plaintiff.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiff has filed a *pro se* Amended Complaint alleging violations of his civil rights. (*See generally* Doc. 46.) As discussed above, the Amended

4

Complaint is currently the subject of Defendants' pending Motion to Dismiss. (Doc. 48.) Therein, Defendants argue that Plaintiff's claims are barred by Eleventh Amendment qualified immunity, Plaintiff is not entitled to compensatory damages under the Prison Litigation Reform Act because he has suffered no physical injury, his § 1983 claims are untimely, he has failed to allege the personal participation of any of the named Defendants as to his § 1983 claims, and his reliance on §§ 28 U.S.C. 1495 and 2513 and K.S.A. § 60-5004 is improper. (*See generally, id.*) Given that these issues are pending before the District Court, the undersigned Magistrate Judge will not state an opinion as whether there are concerns as to the viability of Plaintiff's claims in federal court. This factor does not weigh for or against Plaintiff's request for counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

The Court understands that Plaintiff feels like he has a meritorious claim and deserves an attorney to represent him. This, by itself, however, is not a basis for the Court to appoint an attorney. The Court is also sympathetic to Plaintiff's apparent concerns regarding defending the pending dispositive motion. That stated, as the District Court has previously determined, the factual and legal issues presented in this case are not overly complicated. (*See* Doc. 5, at 6.) Further, Plaintiff has already completed his briefing on the dispositive motion and has navigated other dispositive motions, the *Martinez* report, and show cause orders from the Court. (*See e.g.*, Docs. 5, 10, 16, 20, 21, 32, 36, 37, 39, 42, 46, 50, 51.)

While the Court does not doubt that a trained attorney would handle the prosecution of this case more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the

United States on any given day.  Although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 53) is **DENIED**.

**IT IS SO ORDERED**.

Dated August 28, 2024, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge